TRINA A. HIGGINS, United States Attorney (#7349)
MARK WOOLF, Assistant United States Attorney (WA #39399)
PETER J. ANTHONY, Special Assistant United States Attorney (NY #4940912)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 325-3243

FILED US District Court-UT
APR 19 '23 PM 01:29

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL KENNETH CROMAR,<br><br>Defendant.<br><br>Case: 2:23-cr-00159<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 4/18/2023 | **INDICTMENT**<br><br>VIOLATIONS:<br><br>COUNT 1: 26 U.S.C. § 7201, Attempt to Evade and Defeat the Assessment or Payment of Tax;<br><br>COUNT 2: 26 U.S.C. § 7212(a), Corruptly Obstructing the Due Administration of the Internal Revenue Code; and<br><br>COUNT 3: 26 U.S.C. § 7212(b), Forcible and Attempted Rescue of Seized Property. |

The Grand Jury charges:

At times material to this Indictment:

### Introductory Allegations

1. Defendant PAUL KENNETH CROMAR was a resident of Utah.

2. Defendant CROMAR owned and operated Blue Moon Productions, LLC

1

through which he did freelance film and media production work.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States of America ("United States") and collecting taxes owed to the United States.

4. The tax laws of the United States require every citizen and resident of the United States who received income in excess of the minimum filing amount established by law for a particular tax year to make and file annually an income tax return wherein a taxpayer report certain required items, including income, any deductions, and any tax due and owing.

5. A Notice of Lis Pendens is a notice to the public recorded in the chain of title to real property to notify all persons that the property is the subject matter of litigation.

6. Defendant CROMAR did not a federal income tax return and did not pay any federal income tax for each tax year from 1999 to 2005.

7. Beginning in or around 2005, IRS revenue agents conducted an audit of defendant CROMAR related to tax years 1999 through 2005.

8. As a result of the audit, in or around July 2007, the IRS assessed a total of $703,266.96 of additional tax, penalties, and interest against defendant CROMAR for tax years 1999 through 2005.

9. After receiving notice of the assessments, defendant CROMAR failed to make any payments.

10. Beginning in or around February 2008, an IRS revenue officer attempted to collect the unpaid taxes, penalties, and interest by initiating a collection enforcement action against defendant CROMAR. The revenue officer notified defendant CROMAR about their collection

efforts by, among other ways, meeting with defendant CROMAR at his home in or around September 2009.

11. In or around September 2009, the IRS filed a Notice of Federal Tax Lien against the title of real property located in Cedar Hills, Utah (the "Cedar Hills home"). The Cedar Hills home was owned by defendant CROMAR and his wife.

12. During the audit and collection enforcement action, defendant CROMAR provided numerous documents that falsely claimed that defendant CROMAR, among other things, was not a citizen to the United States and was not subject to federal income tax. In or around August 2007, an IRS revenue agent sent defendant CROMAR a letter warning him that the positions he was taking were frivolous and had been rejected by numerous courts.

13. In November 2017, as part of the IRS's collection enforcement action, the United States filed suit pursuant to Title 26, United States Code, Sections 7401 and 7403 against defendant CROMAR and others. The suit was filed in the United States District Court for the District of Utah and sought to reduce defendant CROMAR's outstanding tax liabilities to judgement and to foreclose on the Cedar Hills home.

14. During the pendency of the litigation, defendant CROMAR filed a number of frivolous motions and notices.

15. In or around March 2019, pursuant to Title 26, United States Code, Sections 7402 and 7403, the district court ordered the sale at auction of the Cedar Hills home. It also ordered that the United States Marshals Service preserve the property, including by evicting the residents and securing the property.

16. Around the same time, in an attempt to obstruct the sale of the Cedar Hills

home, defendant CROMAR filed a Notice of Lis Pendens on the title of the Cedar Hills home that stated he had a $120,000,000 claim against the property. The Notice related to a separate lawsuit that defendant CROMAR filed in Utah state court against, among others, then-Attorney General William P. Barr, an IRS revenue officer, an attorney at the Department of Justice, and Chief Judge Robert J. Shelby of the United States District Court for the District of Utah. The matter was removed to federal court and dismissed as frivolous in or around August 2019.

17. On or about June 25, 2019, the United States Marshals Service removed defendant CROMAR from the Cedar Hills home and secured the property by changing the locks. Defendant CROMAR sought a stay of the district court's order and a preliminary injunction that allowed him to return to the Cedar Hills home in the United States District Court for the District of Utah. The district court denied defendant CROMAR's request, which was affirmed on appeal on or around August 28, 2019.

18. The Cedar Hills home was sold at auction on or around September 13, 2019. Defendant CROMAR attended the auction with others, filmed it, and passed out copies of the Notice of Lis Pendens as a warning to and attempt to dissuade potential buyers.

19. When the initial purchaser had trouble securing financing, the purchaser sought additional investors. Defendant CROMAR attempted to intimidate those who came to view the property, filming them and then posting information, such as their car license plates, on social media.

20. Before the sale closed, in or around late December 2019, defendant CROMAR requested that the IRS inform him of the total amount of tax, penalties, and interest he owed as of that date. The IRS provided a letter that indicated he owed $1,174,201.91 to the IRS.

21. In or around January 2020, defendant CROMAR sent the IRS a "Notice of Final Payment" and a demand promissory note for $1,174,201.91. Defendant CROMAR knew that he did not have sufficient assets to satisfy the note.

22. Defendant CROMAR told an IRS revenue officer that by providing these documents, he had fully addressed his outstanding liabilities and defendant CROMAR ordered the IRS to stop or reverse any collection activity, including finalizing the sale of the Cedar Hills home.

23. After the IRS revenue officer did not respond to defendant CROMAR's "notice," defendant CROMAR mailed an "invoice" that was "billed to" the United States Treasury care of the IRS revenue officer, claiming the United States owed defendant CROMAR $21,000.

24. On or about February 28, 2020, defendant CROMAR filed suit in Utah state court against the IRS revenue officer demanding payment of the "invoice."

25. On or about April 23, 2020, shortly before the sale of the Cedar Hills home closed on or around April 29, 2020, defendant CROMAR unlawfully re-entered the Cedar Hills home, attempting to reclaim possession and ownership of it. With the assistance of others, defendant CROMAR fortified the house with weapons, sandbags, and wooden boards tactically placed throughout the house. Defendant CROMAR's occupation of the Cedar Hills home lasted until on or about September 24, 2020.

**COUNT ONE**
26 U.S.C. § 7201
(Attempt to Evade and Defeat the Assessment or Payment of Tax)

26. Paragraphs 1 through 25 are incorporated by reference and realleged as though fully set forth herein.

27. From in or about November 2017 through in or about September 2020, in

the District of Utah and elsewhere,

**PAUL KENNETH CROMAR,**

willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 1999 through 2005, by committing the following affirmative acts, among others: (a) submitting false documents with the IRS and (b) attempting to stop the IRS's seizure and sale of the Cedar Hills home.

All in violation of 26 U.S.C. § 7201.

### COUNT TWO
26 U.S.C. § 7212(a)
(Corruptly Obstructing the Due Administration of the Internal Revenue Code)

28. The allegations and counts in Paragraphs 1 through 27 of this Indictment are realleged and incorporated as though fully set out herein.

29. From in or about November 2017 through in or about September 2020, in the District of Utah and elsewhere,

**PAUL KENNETH CROMAR,**

knowing of and reasonably foreseeing IRS collection and enforcement actions, did corruptly obstruct and impede, and corruptly endeavored to obstruct and impede, the due administration of the internal revenue laws, that is, the IRS collection and enforcement actions, by committing and causing to be committed various acts, each such act having a nexus to IRS collection and enforcement, including but not limited to the following; (a) providing false documents to the IRS, (b) attempting to obstruct the IRS's seizure and sale of the Cedar Hills home, and (c) making baseless claims and filing frivolous lawsuits against IRS employees.

All in violation of 26 U.S.C. § 7212(a).

## COUNT THREE
26 U.S.C. § 7212(b)
(Forcible or Attempted Rescue of Seized Property)

30. The allegations and counts in Paragraphs 1 through 29 of this Indictment are realleged and incorporated as though fully set out herein.

31. From on or about April 23, 2020 through on or about September 24, 2020, in the District of Utah,

**PAUL KENNETH CROMAR,**

did forcibly rescue and cause to be rescued real property located in Cedar Hills, Utah after it had been seized by officials authorized under the Internal Revenue Code of 1986 to do so and with knowledge that it had been so seized.

All in violation of 26 U.S.C. § 7212(b).

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

*/s/ Mark Woolf*
_____
MARK WOOLF
Assistant United States Attorney