TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA # 39399)
PETER J. ANTHONY, Special Assistant United States Attorney (NY #4940912)
MEREDITH M. HAVEKOST, Special Assistant United States Attorney (IL #633289)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAUL KENNETH CROMAR, <br><br> Defendant. | Case No. 2:23-cr-0159-HCN-DBP <br><br> **Motion for Protective Order and Authorizing Disclosure of Tax Return Information** <br><br> Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

The United States of America ("United States"), through its attorneys of record, respectfully requests entry of an order authorizing the United States to provide the defendant in the above-captioned case with tax returns, return information, and taxpayer return information in discovery and for a protective order pursuant to Fed. R. Crim. P. 16(d)(1) and 26 U.S.C. § 6103(h)(4)(D). The request is supported as follows:

1. The indictment alleges that the defendant committed tax evasion in violation

of 26 U.S.C. § 7201, corruptly obstructed the due administration of the Internal Revenue Code in violation of 26 U.S.C. § 7212(a), and forcibly rescued or attempted to rescue lawfully seized property in violation of 26 U.S.C. § 7212(b).

2. During the course of its investigation, the United States obtained certain tax records that are protected under 26 U.S.C. § 6103(a). The United States also obtained personal identifying information and other sensitive non-public information of individuals and entities other than the defendant in this case. The United States intends to produce this information in discovery.

3. As a general rule, 26 U.S.C. § 6103(a) provides for the confidentiality of income tax returns, return information (i.e., information collected by or furnished to the Internal Revenue Service, as defined in 26 U.S.C. § 6103(b)(2)), and taxpayer return information (i.e., return information filed by or on behalf of a taxpayer, as defined in 26 U.S.C. § 6103(b)(3)).[1]

4. 26 U.S.C. § 6103(h)(4) sets forth exceptions to the general rule of tax information confidentiality, and provides in relevant part:

> A return or return information may be disclosed in a Federal or State

---

[1] "Return Information" is defined in 26 U.S.C. § 6103(b)(2), and includes "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." "Taxpayer Return Information" is defined in 26 U.S.C. § 6103(b)(3) to include any Return Information "which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates."

> judicial or administrative proceeding pertaining to tax administration, but only –
>
> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability ... in respect of any tax imposed under this title;
> (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
> (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
> (D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information . . . .

Here, provisions (A) and (D) regarding disclosure of tax returns, return information, and taxpayer return information are met. This case is a proceeding pertaining to tax administration to which the Defendant is a party and arises in connection with determining the Defendant's criminal liability. Furthermore, tax returns, return information, and taxpayer return information pertaining to the Defendant obtained during the course of the investigation must be provided to the Defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

Accordingly, the government respectfully moves this Court for an order authorizing disclosure of such tax returns, return information, and taxpayer return information to the Defendant.

5. Fed. R. Crim. P. 16(d)(1) gives the Court broad authority to restrict or defer discovery or grant "other appropriate relief" for good cause. To meet its discovery obligations, the government intends to produce documents that include, among other things, the tax information described above and evidence that contains a significant amount of sensitive non-public information. This includes personal identifying information, telephone numbers, residential addresses, email addresses, and license plates of third parties who may be potential government or defense witnesses.

6. A protective order with respect to discovery in this criminal tax proceeding, where information gathered during the investigation falls within the expansive definition of "return information" in § 6103(b)(2), is an appropriate way to vindicate the Congressional policy of confidentiality of tax returns, return information, and taxpayer return information. There is also good cause for a protective order to safeguard personal identifying information and other sensitive non-public information of individuals and entities other than the defendant in this case. Unrestricted dissemination of such information—such as on the Defendant's website—could adversely affect the privacy interests of third parties.

7. Accordingly, the government respectfully submits that good cause exists for the entry of the proposed protective order in this case because there is no legitimate public interest in the dissemination of discovery materials to non-litigant third parties that outweighs the statutory and Congressional mandate of confidentiality of

tax information and the privacy concerns of non-litigants.

8. WHEREFORE, the government respectfully moves this Court to enter the proposed order authorizing disclosure of such tax returns, return information, and taxpayer return information to the Defendant and providing protection of the government's discovery to be produced in this case.

Respectfully submitted this 20th day of September, 2023.

                                          TRINA A. HIGGINS
                                        UNITED STATES ATTORNEY

                                        */s/ Mark E. Woolf*_____
                                        MARK E. WOOLF
                                        Assistant United States Attorney