# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR,<br><br>Defendant. | Case No. 2:23-cr-0159-HCN-DBP<br><br>**Order Authorizing Disclosure of Tax Return Information and Protective Order** |

Upon the motion of the United States, pursuant to 26 U.S.C. § 6103(h)(4) and Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1.  The United States is authorized to disclose to the defendant tax returns, return information, and taxpayer return information as defined in 26 U.S.C. § 6103(b) pertaining to the defendant and any other tax returns or return information to be provided by the government pursuant to its discovery obligations.

2.  All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the defendant solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. Defendant shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court. Public dissemination of the materials received in discovery, such as by posting the materials or contents of the materials online, is not an authorized use of the materials. Posting personal identifying information of potential government or defense witnesses online or in any other public forum, including but not limited to telephone numbers, residential addresses, email addresses, and license plates, is also not an authorized use of the materials and is prohibited.

4. Defendant shall not copy or reproduce the materials except to provide copies of the materials for use in connection with this case by the defendant or authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. To the extent any material is produced by the United States to defendant by mistake, the United States shall have the right to request the return of the material

and shall do so in writing. The defendant shall return all such material if in hard copy.

6. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the defendant's use of discovery materials in judicial proceedings in this case.

7. A knowing and willful violation of this Order by the defendant or others may result in contempt of court proceeding or other civil or criminal sanctions.

8. The restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

BY THE COURT:

_____
Dustin B. Pead
Chief United States Magistrate Judge

Dated: _____