FILED US District Court-UT
OCT 03 '23 ᴀᴍ08:33

1  Paul-Kenneth: Cromar –#655950
2  C/o: Sheriff Ryan Arbon
   1400 Depot Drive
3  Ogden, Utah 84404
   801-778-6700
4  ~~Pro Se~~ Sui Juris

5

6                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF _____

7

8  United States of America[1], Plaintiff in Error,        §   Case No. 2:23-cr-00159
   Plaintiff,                                              §
9                                                          §   **DEFENDANT**
                                                           §   **EMERGENCYMOTION TO**
10 v.                                                      §   **COMPELDISCLOSABLE AND**
                                                           §   **DISCOVERABLE EXCULPATORY**
11                                                         §   **EVIDENCE**
   "PAULKENNETH ", the Defendant in error,                §
12     CROMAR "                                            §   *(Court Order [ADC Doc. 5] FRCrP §*
   Defendant.                                              §   *Rule 5(f); FRCrP § Rule 16(a)(1)(E));*
13                                                         §   *Fifth Amendment, Brady; Giglio; Utah*
                                                           §   *Criminal Rule 16)*
14                                                         §
                                                           §   Trial : _____.
15                                                         §   Time:_____
                                                           §
16                                                         §   Judge: Honorable Howard C. Neilson

   The Defendant, Paul-Kenneth: Cromar ~~Pro Se~~ Sui Juris, respectfully moves the Court for an order

17 compelling the Plaintiff to pursuant to (but not limited to) the authority of Court Order, I,

18 Paul-Kenneth: Cromar, who is of the House of  Cromar , through a coroner's

19 inquest wherein it was determined by a jury of my peers that I am "found to be living", of sound

20

21 _____
22 [1]**UNITED STATES OF AMERICA.** The nation occupying the territory between British America [Canada] on the
   north, Mexico on the south, the Atlantic Ocean and Gulf of Mexico on the east, and the Pacific Ocean on the west;
23 being the republic whose organic law is the constitution adopted by the people of the thirteen states which declared
   their independence of the government of Great Britain on the fourth day of July, 1776. (A LAW DICTIONARY,
   ADAPTED TO THE CONSTITUTION AND LAWS OF THE UNITED STATES OF AMERICA AND OF THE
24 Ꞩeveral States of the American Union: with reference to the Civil and other systems of Foreign Law, By John
   Bouvier, 14th Ed. Revised and Greatly Enlarged. Vol. II, pg. 622. Col. 1) [Ꞩeveral and old English font in original]

25 **UNITED STATES OF AMERICA.** The republic whose organic law is the constitution adopted by the people of
   the thirteen states which declared their independence of the government of Great Britain on the fourth day July,
26 1776. (BOUVIER'S LAW DICTIONARY AND CONCISE ENCYCLOPEDIA 8th Ed. (1914) Vol. III, pg. 3370,
   col. 2)

27 **UNITED STATES OF AMERICA.** The United States of America are a corporation endowed **with the capacity to
   sue and be sued, to convey and receive property.** 1 Marsh. Dec. 177, 181 [1811]. (Bouvier's Law Dictionary,
28 (1856) Vol. II, pg. 613, col. 1)

1  mind, and competent to administer his own estate of the same name within the protective law of

2  Original Jurisdiction, being of majority in age [25 years or older], competent to testify, a self-

3  realized entity, a free, living and breathing Man upon the free soil, an American citizen of the

4  American Republic, a son anointed to be king to God, an heir with Divine inheritance, my yea

5  being yea, my nay being nay, do hereby state that the truths and facts herein are of first hand

6  personal research, true, correct, complete, certain, and not misleading, so help me GOD.

8       #

10      #

12  The defendant in error hereby moves this court
13  to compel the plaintiff government to immediately
14  provide to following deficiencies from their indictment and
                                                        pleadings:
15  [ADC Doc. 5] FRCrP § Rule 5(f); FRCrP § Rule 16(a)(1)(E)); Utah Criminal Rule 16,

16  and the Due Process Clause of the Fifth Amendment, of the United States Constitution, Brady;

17  Giglio, for an order to compel the Government to disclose and permit the Defendant *in-error* to

18  inspect and copy and/or subject the below-described tangible (original) documents objects which

19  are in the possession (or reasonably available) to the prosecutor (s) for the United States of

20  America.

21       The Government prosecutor(s) *in-error* have a duty to provide exculpatory information

22  the show or tend to show the Defendant is innocent or not guilty of the charges against him and

23  includes the duty to disclose any evidence that would exonerate[2] or excuse the Defendant *in-*

24  *error* of all charges.

---

[2]**Exonerate.** To show or state that someone or something is not guilty of something:
exonerate someone from something; The report exonerated the crew from all responsibility for the collision.
(https://dictionary.cambridge.org/dictionary/english/exonerate)

- 2 -

Under Rule 16 of the Utah Rules of Criminal Procedure, both the prosecution and defense teams are entitled to certain types of evidence from each other.

\#

\#

\#

1. **Prosecution to Defense Discovery** The prosecutor, upon written request, must provide the defense with details about the offense, any prior criminal record of the defendant, documents, and tangible objects related to the case, reports of examinations or tests, and a list of potential witnesses.

**Defense to Prosecution Discovery:** The defense must provide the prosecution, upon a written request or court order, with documents and tangible items that they plan to use in their defense, results from any tests or examinations conducted, and a list of witnesses detailing their expected testimony.

Court cases often clarify the interpretation and application of discovery rules. They might limit or extend the right of parties to access certain information.

\#

\#

\#

\#

- 3 -

1   #

2   #

3   #

4   #

5

6

7

8          The prosecution has a duty to provide "exculpatory evidence" to the defense – i.e.,

9   evidence that might exonerate the defendant or reduce their punishment. In Brady, the United

10   States Supreme Court held "that the suppression by the prosecution of evidence favorable to an

11   accused upon request violates due process where the evidence is material either to guilt or

12   punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87, 83 S.Ct.

13   1194. The Supreme Court later expanded this principle by placing a duty on the prosecution to

14   disclose material evidence favorable to a defendant even in the absence of a request by the

15   accused. United States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The

16   duty to disclose applies to substantive as well as impeachment evidence. United States v. Bagley,

17   473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

18          The federal court is a court of special or limited jurisdiction. Thus, the facts have to be

19   alleged that establish the specific venue and jurisdiction of the federal court in the state of Utah.

20   These facts determine exactly where the locus *delecti*[3] determines the *vicinage*[4] or *venue*[5] for

21   trial by jury of your peers.

22   _____

23   [3]**Locus delicti.**(loh-kəs də-lik-tI) [Latin "place of the wrong"] (18c) The place where an offense was committed; the place where the last event necessary to make the actor liable occurred. Cf. lex loci delicti under LEX LOCI.

24   "When a statute does not indicate where Congress considered the place of committing the crime to be, the site or locus delicti must be determined from the nature of the crime and the location of the acts or omissions constituting the offense." U.S. v. Clinton, 574 F.2d 464, 465 (9th Cir. 1978).

25   (LOCUS DELICTI, Black's Law Dictionary (11th ed. 2019))

26   [4]**Vicinage.** Neighborhood; near dwelling; vicinity. **In modern usage, it means the county** or particular area where a trial is had, a crime committed, etc. At common law, accused had the right to be tried by, jury of the neighborhood

27   or "vicinage," which was interpreted to mean the county where the crime was committed. People v. Goldswer, 39 N.Y.2d 656, 385 N.Y.S.2d 274, 350 N .E.2d 604, 606. (Black's Law Dictionary, 6th ed., (1990) pg. 1567, col. 2)

28   [Emphasis added]

#

#

#

#

For instance, (1) if the arrest warrant does not exist or is materially defective, the arrest was illegal, and the evidence seized must be suppressed, and the Defendant *in-error* must be released forth-with, (2) if the complaint, information, or indictment against the Defendant *in-error* fails to meet the mandates by the Peoples' legislature the Defendant must be released forthwith.

For instance, **if** the items seized at the time of arrest and in the subsequent search were seized without a search warrant, or the search warrant was fraudulently obtained or materially defective, the evidence taken was illegal and must be suppressed.

For instance,**if** the Grand Jury was not drawn in the proper vicinage or venue, the INDICTMENT fails, and the Defendant in error must be released forthwith.

---

[5]**Venue.** (ven-yoo) [Law French "coming"] (16c) Procedure. 1. The proper or a possible place for a lawsuit to proceed, usu. because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant. 2. The territory, such as a country or other political subdivision, over which a trial court has jurisdiction. — Also termed (in senses 1 & 2) proper venue. Cf. JURISDICTION. (VENUE, Black's Law Dictionary (11th ed. 2019))

For purposes of the rule that venue lies **in the county** or place where the cause of action arose or accrued, that location is determined by the presence of the requisite elements of the cause of action or the place where a substantial part of the events giving rise to the claim occurred.

For purposes of the rule that venue lies in the county or place where the cause of action arose or accrued,[1] that location is determined by the presence of the requisite elements of the cause of action,[2] and the place where a substantial part of the events giving rise to the claim occurred,[3] excluding events or omissions that might only have some tangential connection with the dispute in litigation.[4] A claim may be deemed to have accrued where the last event necessary to make the defendant liable took place,[5] the place where the plaintiff first suffered injury.[6] or the place where damages where inflicted[7] or sustained.[8]

A cause of action may be said to accrue, within the meaning of a statute fixing the venue of actions, when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.[9]

(92A C.J.S. Venue § 77)

\#

\#

\#

\#

For instance,**if** the Grand Jury was not actually sworn and drawn or there never was a Gand with witnesses sworn before the Grand Jury, the INDICTMENT is a fraud on the Court.

An indictment can be dismissed on multiple grounds including but not limited to:

(a) Pleadings. The pleadings in a criminal proceeding are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere.

(b) Pretrial Motions.

(1) In General. A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

(2) Motions That May Be Made at Any Time. A motion that the court lacks jurisdiction may be made at any time while the case is pending.

(3) Motions That Must Be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

**(A) a defect in instituting the prosecution, including:**

(i) **improper venue**[5];

(ii) pre indictment delay;

(iii) a violation of the constitutional right to a speedy trial;

(iv) **selective or vindictive prosecution**; and

(v) **an error in the grand-jury proceeding or preliminary hearing**;

**(B) a defect in the indictment or information, including:**

(i) joining two or more offenses in the same count (duplicity);

(ii) charging the same offense in more than one count (multiplicity);

(iii) **lack of specificity**;

(iv) improper joinder; and

(v) **failure to state an offense**;

(C) **suppression of evidence**;

(D) **severance of charges or defendants under Rule 14**; and

(E) discovery under Rule 16.

(4) Notice of the Government's Intent to Use Evidence.

(A) At the Government's Discretion. At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).

(B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

**(c) Deadline for a Pretrial Motion; Consequences of Not Making a Timely Motion.**

(1) Setting the Deadline. The court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing. If the court does not set one, the deadline is the start of trial.

(2) Extending or Resetting the Deadline. At any time before trial, the court may extend or reset the deadline for pretrial motions.

(3) Consequences of Not Making a Timely Motion Under Rule 12(b)(3). <u>If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.</u> But a court may consider the defense, objection, or request if the party shows good cause.

(d) Ruling on a Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. **<u>When factual issues are involved in deciding a motion, the court must state its essential findings on the record</u>**.

(e) [Reserved]

(f) Recording the Proceedings. All proceedings at a motion hearing, including any findings of fact and conclusions of law made orally by the court, must be recorded by a court reporter or a suitable recording device.

(g) Defendant's Continued Custody or Release Status. If the court grants a motion to dismiss based on a defect in instituting the prosecution, in the indictment, or in the information, it may order the defendant to be released or detained under 18

U.S.C. § 3142 for a specified time until a new indictment or information is filed. This rule does not affect any federal statutory period of limitations.

(h) Producing Statements at a Suppression Hearing. Rule 26.2 applies at a suppression hearing under Rule 12(b)(3)(C). At a suppression hearing, a law enforcement officer is considered a government witness.

(Fed. R. Crim. P. 12)

Further, the prosecutor is reminded of the FRCrP § 5(f):

(f) Reminder of Prosecutorial Obligation.

(1) In General. In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

(2) Formation of Order. Each judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate.

**** *NOTICE* ****

*This Court and the prosecution are acting in excess of, or want of jurisdiction, absent a pre-existing warrant and a finding of probable cause, in with FRCrP, Rule 4(b)(D) and or Rule 4.1(b)(1)BEFORE obtaining the arrest warrant. Further, there appears to be no fact*

*competent injured party with standing and under oath. Absent a lawful warrant and injured party natural person complainant; all subsequent acts to the arrest are the Fruit of the Poisonous Tree[6].Additionally, it appears there was no Grand Jury drawn from the proper vicinage[4] or venue[5].*

**\*\*\*\* *ETHICAL STANDARDS FOR ATTORNEYS FOR THE GOVERNMENT* \*\*\*\***

*(a) **An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State** where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.*

*(b) The Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.*

*(c) As used in this section, the term "attorney for the Government" includes any attorney described in section 77.2(a) of part 77 of title 28 of the Code of Federal Regulations and also includes any independent counsel, or employee of such a counsel, appointed under chapter 40.*

*28 U.S.C.A. § 530B (West)*

Therefore, as per Utah Rule 25(b) you are required to attend to the following:

The court shall dismiss the information or indictment when:

(1) There is unreasonable or unconstitutional delay in bringing defendant to trial;

---

[6]**Fruit-of-the-poisonous-tree doctrine.** (1948) Criminal procedure. The rule that evidence derived from an illegal search, arrest, or interrogation is inadmissible because the evidence (the "fruit") was tainted by the illegality (the "poisonous tree"). • Under this doctrine, for example, a murder weapon is inadmissible if the map showing its location and used to find it was seized during an illegal search. — Also termed fruits doctrine. See EXCLUSIONARY RULE; ATTENUATION DOCTRINE; INDEPENDENT-SOURCE RULE; INEVITABLE-ISCOVERY RULE. (FRUIT-OF-THE-POISONOUS-TREE DOCTRINE, Black's Law Dictionary (11th ed. 2019))

1    (2) The allegations of the information or indictment, together with any bill of particulars
2    furnished in support thereof, do not constitute the offense intended to be charged in the pleading
3    so filed;

4    (3) It appears that there was a substantial and prejudicial defect in the impaneling or in
5    the proceedings relating to the grand jury;

6    (4) The court is without jurisdiction; or

7    (5) The prosecution is barred by the statute of limitations.

8
9    #

10
11   #
12

13

14    The material discovery items requested are material to the Defendant's defense in that the
15   requested discovery may disclose pretrial evidence (or lead to discoverable pre-trial evidence)
16   that would show defects in the prosecutor in error's case. The requested discovery may identify
17   potential failures of the prosecutor to properly follow procedural safeguards, that were set into
18   place to protect the defendant's due process rights. Further, procedural safeguards are intended to
19   ferret out a false or vindictive prosecution or prosecution with those who have ulterior and
20   corrupt motives.

21
22   #
23

24
25   #
26

27   #
28

Also, to avoid the de facto officer doctrine[7]as well as protection from an officer that has exceeded or acts without any delegation of authority[8].

---

**Officer de facto.** (di fak-toh) (18c) 1. An officer who exercises the duties of an office under color of an appointment or election, but who has failed to qualify for office for any one of various reasons, as by being under the required age, having failed to take the oath, having not furnished a required bond, or having taken office under a statute later declared unconstitutional. 2. Corporations. Someone who is acting under color of right and with apparent authority, but who is not legally a corporate officer. • The corporation is bound by all acts and contracts of an officer de facto in the same way as it is with those of an officer de jure. — Also termed de facto officer.

**Officer de jure.** (di joor-ee) (18c) 1. An officer who exercises the duties of an office for which the holder has fulfilled all the qualifications. (OFFICER, Black's Law Dictionary (11th ed. 2019))

**De facto officer.** One who, while in actual possession of the office, is not holding such in a manner prescribed by law. Trost v. Tynatishon, 12 Ill.App.3d 406, 299 N.E.2d 14.

Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. Federal Crop Insurance Corp. v. Merrill, 322 U.S. 380, at 384; 68 S. Ct. 1; 92 L.Ed.10, (1947).

See also Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)("Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority").

Persons dealing with the government are charged with knowing government statutes and regulations and they assume the risk that government agents may exceed their authority and provide misinformation. Lavin v. Marsh, 9th Cir., 1981, 644 F. 2d 1378, 1383.

All persons in the United States are chargeable with the knowledge of the **Statutes at Large** and it is well established that anyone who deals with the government assumes the risk that the agent acting in the governments behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 9th Cir, 1981, 650 F.2d 1093. [Emphasis added]

**[8]DELEGATION OF AUTHORITY**

The necessity for a federal employee to have delegated authority to act manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees if so committed within the scope of their employment. If the act in question was not committed in the scope of employment, the employee is liable and the United States is not.

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof." In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938)

IMMUNITY DEPENDS UPON DELEGATED AUTHORITY!

When a citizen challenges the acts of a federal or state official as being illegal, that official cannot just simply avoid liability based upon the fact that he is a public official. In United States v. Lee, 106 U.S. 196, 220, 221, 1 S.Ct. 240, 261 (1882), the United States claimed title to Arlington, Lee's estate, via a tax sale some years earlier, held to be void by the Court. In so voiding the title of the United States, the Court declared:

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office

- 11 -

participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

"Shall it be said... that the courts cannot give remedy when the citizen has been deprived of his property by force, his estate seized and converted to the use of the government without any lawful authority, without any process of law, and without any compensation, because the president has ordered it and his officers are in possession? If such be the law of this country, it sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other government which has a just claim to well-regulated liberty and the protection of personal rights."

In Pierce v. United States ("The Floyd Acceptances"), 7 Wall. (74 U.S.) 666, 677 (1869)("We have no officers in this government from the President down to the most subordinate agent, who does not hold office under the law, with prescribed duties and limited authority")

Cunningham v. Macon, 109 U.S. 446, 452, 456, 3 S.Ct. 292, 297 (1883)("In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the court is not ousted of jurisdiction because he asserts authority as such officer. To make out his defense he must show that his authority was sufficient in law to protect him... It is no answer for the defendant to say I am an officer of the government and acted under its authority unless he shows the sufficiency of that authority"); and Poindexter v. Greenhow, 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885)., 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885).

Officer outside of their Jurisdiction personally liable! ✱

The necessity for a federal employee to have delegated authority to act not only is shown in the above cases, it also manifests itself in cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by its employees if so committed within the scope of their employment. If the act in question was not committed in the scope of employment, the employee is liable and the United States is not.

In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted, acquitted and then brought suit for malicious prosecution against the agents who caused his indictment. Regarding the rule that agents acting outside the scope of their authority are personally liable for their torts, the court stated:

"There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof."

In Reagan v. Farmers Loan & Trust Co., 154 U.S. 362, 390, 14 S.Ct. 1047, 1051, 1052 (1894), the Court declared:

"A tax law, as it leaves the legislative hands, may not be obnoxious to any challenge; and yet the officers charged with the administration of that valid tax law may so act under it, in the matter of assessment or collection, as to work an illegal trespass upon the property rights of the individual. They may go beyond the powers thereby conferred, and when they do so the fact that they are assuming to act under a valid law will not oust the courts of jurisdiction to restrain their excessive and illegal acts." See also Estrada v. Hills, 401 F.Supp. 429, 434 (N.D.Ill. 1975).

This rule that agents are personally liable for their acts outside the scope of their authority has not been modified or changed in any way over the years. In Barr v. Matteo, 360 U.S. 564, 572, 79 S.Ct. 1335, 1340 (1959), the Court stated that the immunity rules have always been subject to the "limitation upon that immunity that the official's act must have been within the scope of his powers." In Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028 (1973), it was held that the "scope of immunity has always been tied to the scope of... authority."

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority". Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)

"Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law" Phillips v. Fidalgo Island Packing Co., 238 F.2d 234 (9th Cir. 1956)

1

2

3

4

5

6

7

8      The necessity for a federal employee to have delegated authority to act manifests itself in

9   cases under the Federal Torts Claims Act (herein "FTCA"), 28 U.S.C. §1346(b). Under this law,

10   the United States is liable for torts committed by its employees if so committed within the scope

11   of their employment. If the act in question was not committed in the scope of employment, **the**

12   **employee is liable and the United States is not**. ✱

13

14

15

16   "Acting without statutory power at all, or misapplying one's statutory power, will result in a finding that such action
     was ultra vires"  Outboard Marine Corp. v. Thomas, 610 F.Supp. 1234, 1242 (N.D. Ill. 1985)

17   "[A]n unlawful or unauthorized exercise of power does not become legitimated or authorized by reason of habitude"
     In re Benny, 29 B.R. 754, 762 (N.D. Cal. 1983)

18   "[W]hen an officer acts wholly outside the scope of the powers granted to him by statute or constitutional provision,
     the official's actions have been considered to be unauthorized"  Ramirez de Arellano v. Weinberger, 745 F.2d 1500,
19   1523 (D.C. Cir. 1984)

20   If, however, the court determines that the conduct did violate a constitutional right, the second prong under Saucier
     requires the court to determine whether the violated right was "clearly established." A right is clearly established if
21   the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing
     violates that right." Id. (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

22   "The extent of the authority of the people's public agents is measured by the statute from which they derive their
     authority, not by their own acts and assumption of authority".  Sittler v. Board of Control of Michigan College of
23   Mining and Technology, 333 Mich. 681, 53 N.W.2d 681, 684 (1952)

24   Express authority. Authority delegated to agent by words which expressly authorize him to do a delegable act.
     Authority which is directly granted to or conferred upon agent in express terms. That authority which principal
25   intentionally confers upon his agent by manifestations to him. Epstein v. Corporacion Peruana de Vapores,
     D.C.N.Y., 325 F.Supp. 535, 537.

26   That which confers power to do a particular identical thing set forth and declared exactly, plainly, and directly with
     well-defined limits. An authority given in direct terms, definitely and explicitly, and not left to inference or
27   implication, as distinguished from authority which is general, implied, or not directly stated or given. (Black's Law
     Dictionary, 6th ed., (1990) at pg. 581, col. 1)

28

1   " There is also a general rule that if any officer- ministerial or otherwise- acts outside the

2   scope of his jurisdiction and without authorization of law, he is liable in an action for damages

3   for injuries suffered by a citizen as a result thereof." In Cooper v. O'Connor, 99 F.2d 135, 137,

4   138 (D.C. Cir. 1938)

5   **IMMUNITY DEPENDS UPON DELEGATED AUTHORITY!**

6   When a citizen challenges the acts of a federal or state official as being illegal, that

7   official cannot just simply avoid liability based upon the fact that he is a public official. In

8   United States v. Lee, 106 U.S. 196, 220, 221, 1 S.Ct. 240, 261 (1882), the United States claimed

9   title to Arlington, Lee's estate, via a tax sale some years earlier, held to be void by the Court. In

10  so voiding the title of the United States, the Court declared:

11  "No man in this country is so high that he is above the law. No officer of the law may set

12  that law at defiance with impunity. All the officers of the government, from the highest to the

13  lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our

14  system of government, and every man who by accepting office participates in its functions is

15  only the more strongly bound to submit to that supremacy, and to observe the limitations which

16  it imposes upon the exercise of the authority which it gives.

17  "Shall it be said... that the courts cannot give remedy when the citizen has been deprived

18  of his property by force, his estate seized and converted to the use of the government without any

19  lawful authority, without any process of law, and without any compensation, because the

20  president has ordered it and his officers are in possession? If such be the law of this country, it

21  sanctions a tyranny which has no existence in the monarchies of Europe, nor in any other

22  government which has a just claim to well-regulated liberty and the protection of personal

23  rights."In Pierce v. United States ("The Floyd Acceptances"), 7 Wall. (74 U.S.) 666, 677

24  (1869)("**We have no officers in this government from the President down to the most**

25  **subordinate agent, who does not hold office under the law, with prescribed duties and**

26  **limited authority**") [Emphasis added]

27

28  #

- 14 -

1    #

2    #

3    #

4    #

5

6    Cunningham v. Macon, 109 U.S. 446, 452, 456, 3 S.Ct. 292, 297 (1883)("In these cases

7    he is not sued as, or because he is, the officer of the government, but as an individual, and the

8    court is not ousted of jurisdiction because he asserts authority as such officer. To make out his

9    defense he must show that his authority was sufficient in law to protect him... It is no answer for

10   the defendant to say I am an officer of the government and acted under its authority unless he

11   shows the sufficiency of that authority"); and Poindexter v. Greenhow, 114 U.S. 270, 287, 5

12   S.Ct. 903, 912 (1885)., 114 U.S. 270, 287, 5 S.Ct. 903, 912 (1885).

13         Thus, an Officer outside of their Jurisdiction may be personally liable!

14         The necessity for a federal employee to have delegated authority to act is not only shown

15   in the above cases, it also manifests itself in cases under the Federal Torts Claims Act (herein

16   "FTCA"), 28 U.S.C. §1346(b). Under this law, the United States is liable for torts committed by

17   its employees if so committed **within** the scope of their employment. **If the act in question was**

18   **not committed in the scope of employment, the employee is liable and the United States is not**.

19         In Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted,

20   acquitted and then brought suit for malicious prosecution against the agents who caused his

21   indictment. Regarding the rule that agents acting outside the scope of their authority are

22   personally liable for their torts, the court stated:

23         "There is also a general rule that if any officer- ministerial or otherwise- acts outside the

24   scope of his jurisdiction and without authorization of law, he is liable in an action for damages

25   for injuries suffered by a citizen as a result thereof."

26         In Reagan v. Farmers Loan & Trust Co., 154 U.S. 362, 390, 14 S.Ct. 1047, 1051, 1052

27   (1894), the Court declared:

28

"A tax law, as it leaves the legislative hands, may not be obnoxious to any challenge; and **yet the officers charged with the administration of that valid tax law may so act under it, in the matter of assessment or collection, as to work an illegal trespass upon the property rights of the individual**. They may go beyond the powers thereby conferred, and when they do so the fact that they are assuming to act under a valid law will not oust the courts of jurisdiction to restrain their excessive and illegal acts." See also Estrada v. Hills, 401 F.Supp. 429, 434 (N.D.Ill. 1975). [Emphasis added]

**This rule that agents are personally liable for their acts outside the scope of their authority has not been modified or changed in any way over the years**. In Barr v. Matteo, 360 U.S. 564, 572, 79 S.Ct. 1335, 1340 (1959), the Court stated that the immunity rules have always been subject to the "limitation upon that immunity that the official's act must have been within the scope of his powers." In Doe v. McMillan, 412 U.S. 306, 320, 93 S.Ct. 2018, 2028 (1973), it was held that the "scope of immunity has always been tied to the scope of... authority."

"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority".  Continental Casualty Co. v. United States, 113 F.2d 284, 286 (5th Cir. 1940)

"Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law" Phillips v. Fidalgo Island Packing Co., 238 F.2d 234 (9th Cir. 1956)

\#

\#

\#

1        **"Acting without statutory power at all, or misapplying one's statutory power, will**

2    **result in a finding that such action was ultra vires"** Outboard Marine Corp. v. Thomas, 610

3    F.Supp. 1234, 1242 (N.D. Ill. 1985)

4        "[A]n unlawful or unauthorized exercise of power does not become legitimated or

5    authorized by reason of habitude" In re Benny, 29 B.R. 754, 762 (N.D. Cal. 1983)

6        "[W]hen an officer acts wholly outside the scope of the powers granted to him by statute

7    or constitutional provision, the official's actions have been considered to be unauthorized"

8    Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1523 (D.C. Cir. 1984)

9        If, however, the court determines that the conduct did violate a constitutional right, the

10   second prong under Saucier requires the court to determine whether the violated right was

11   "clearly established." A right is clearly established if the "contours of the right [are] sufficiently

12   clear that a reasonable official would understand that what he is doing violates that right." Id.

13   (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

14       <u>"The extent of the authority of the people's public agents **is measured by the statute**</u>

15   **<u>from which they derive their authority, not by their own acts and assumption of authority</u>"**.

16   Sittler v. Board of Control of Michigan College of Mining and Technology, 333 Mich. 681, 53

17   N.W.2d 681, 684 (1952)

18       Express authority. Authority delegated to agent by words which expressly authorize him

19   to do a delegable act. Authority which is directly granted to or conferred upon agent in express

20   terms. That authority which principal intentionally confers upon his agent by manifestations to

21   him. Epstein v. Corporacion Peruana de Vapores, D.C.N.Y., 325 F.Supp. 535, 537.

22   **REQUESTED ITEMS**

23       The following discovery and exculpatory evidence must be provided to Defendant in

24   error, [_PAUL KENNETH CROMAR_ ~~CROMAR~~ ]. This request also includes the Freedom of

25   Information Act.(5 U.S.C. § 552 et seq. and § 552(a))

26   1. Certified copy of the original complaint as presented to the Grand Jury in the instant action.

27       (FRCrP § 3)

28

2. Copy of the original (before the return, Doc. 12) arrest warrant used to arrest Defendant _Paul-Kenneth: Cromar_ ~~[illegible]~~ peacefully sojourning[9] in ~~[illegible]~~ _Wyoming_ .(FRCrP § 4(c)(3)(A); United States Constitution, Amendment IV; Brady; Giglio)

3. Copy of the search warrant used to search and seize any and ALL evidence the United States Federal Bureau of Investigation used to search and seize items taken from _defendant's car and other undisclosed sources_ ~~[illegible]~~ (FRCrP § 4(c)(3)(A);United States Constitution, Amendment IV.

4. Copy of the Complaint by a **fact competent** (natural person[10] as distinguished from an artificial person[11]) **injured party** "victim" **sworn to and subscribed by an officer with** **authority to take the oath** as required by Federal Rule of Procedure § 3, Rule § 4, Rule 4.1.

5. Copy of the Pre-Trial services report, including all field notes, audio, or video that was takenduring the Pre-Trial service investigators.(ADC, Doc. 6, "SEALED" Pretrial Service Report)

6. Certified copy of the arrest warrant and all related phone logs, phone or video recordings on body, dash, surveillance cameras, all investigation reports, and all officers' reports as considered by the Magistrate under oath before being subscribed by the Magistrate. (FRCrP § 4, & 4.1)

7. Certified copy of the Arrest Warrant, signed by a Judge and witnessed and attested to and sealed by the Court Clerk.(FRCrP § 4(b)(1)(D))

---

[9]**Sojourn.** (soh-jərn) n. (14c) A temporary stay by someone who is not just passing through a place but is also not a permanent resident <she set up a three-month sojourn in France>. — sojourn (soh-jərn or soh-jərn), vb. — sojourner (soh-jər-nər or soh-jər-nər), n. (SOJOURN, Black's Law Dictionary (11th ed. 2019))

[10]**Natural Person.** "Persons also are divided by the law into either natural persons or artificial. Natural persons are such as the God of Nature formed us. Artificial are such as are created and devised by human laws, for the purposes of society and government, which are called corporations, [public officers] or bodies politic." (1 Blackstone Commentaries, 123.) [Emphasis added]

[11]**Artificial Persons.** Persons created and devised by human laws for the purposes of society and government, as distinguished from natural persons. Corporations [and public officers] are examples of artificial persons. 1 Bl. Comm. 123. Chapman v. Brewer, 43 Neb. 890, 62 N.W. 320, 47 Am. St. Rep. 779; (Black's Law Dictionary, 4th ed., (1968) at pg. 145, Col 1) [Emphasis added]

- 18 -

8. Copy of the search warrant used to seize the items seized from ~~claim~~ ~~against~~ Paul-Kenneth; Cromar.

9. Copy of the arresting officer(s) ~~detective~~ "Brandon"/FBI ,Oath, of office. (Title 5 U.S. Code § 3331)

10. Copy of arresting officers "Brandon"/FBI (would not disclose last name upon request) and the other 10 arresting officers. Fidelity Bond. (Title 28 U.S. § 1737)

11. Copy of the warrant authorized by telephonic means and recorded in compliance with Federal Rule of Criminal Procedure, Rule 4.1[12].

---

[12]**FRCrP § 4.1. (a) In General.** A magistrate judge may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons.

(b) Procedures. If a magistrate judge decides to proceed under this rule, the following procedures apply:

(1) **Taking Testimony Under Oath.** The judge must place under oath--and may examine--the applicant and any person on whose testimony the application is based.

(2) **Creating a Record of the Testimony and Exhibits.**

(A) **Testimony Limited to Attestation.** If the applicant does no more than attest to the contents of a written affidavit submitted by reliable electronic means, **the judge must acknowledge the attestation in writing on the affidavit.**

(B) Additional Testimony or Exhibits. If the judge considers additional testimony or exhibits, the judge must:

(i) have the testimony recorded verbatim by an electronic recording device, by a court reporter, or in writing;

(ii) have any recording or reporter's notes transcribed, have the transcription certified as accurate, and file it;

(iii) sign any other written record, certify its accuracy, and file it; and

(iv) make sure that the exhibits are filed.

(3) **Preparing a Proposed Duplicate Original of a Complaint, Warrant, or Summons.** The applicant must prepare a proposed duplicate original of a complaint, warrant, or summons, and **must read or otherwise transmit its contents verbatim to the judge.**

(4) **Preparing an Original Complaint, Warrant, or Summons.** If the applicant reads the contents of the proposed duplicate original, the judge must enter those contents into an original complaint, warrant, or summons. If the applicant transmits the contents by reliable electronic means, the transmission received by the judge may serve as the original.

(5) Modification. The judge may modify the complaint, warrant, or summons. The judge must then:

(A) transmit the modified version to the applicant by reliable electronic means; or

(B) file the modified original and direct the applicant to modify the proposed duplicate original accordingly.

(6) Issuance. To issue the warrant or summons, the judge must:

(A) sign the original documents;

(B) enter the date and time of issuance on the warrant or summons; and

(C) transmit the warrant or summons by reliable electronic means to the applicant or direct the applicant to sign the judge's name and **enter the date and time on the duplicate original**.

(c) Suppression Limited. Absent a finding of bad faith, evidence obtained from a warrant issued under this rule is not subject to suppression on the ground that issuing the warrant in this manner was unreasonable under the circumstances.

(Fed. R. Crim. P. 4.1)

12. Copy of the testimony recorded verbatim by an electronic recording device, or a court reporter, or in writing: as required under FRCrP § 4.1(b), et seq.

13. Copy of ALL, evidence, field notes, faxes, memos, audio, video, and missives or documents of any kind to be used by the <u>witness</u> for the GOVERNMENT.

14. Copy of the delegation of authority assigning " _"Brandon"/FBI_ " to be the Investigating officer, regarding PAUL KENNETH CROMAR (defendant in error).

15. Certified copy of the true and correct completed return of the arrest warrant signed by a "judge" (FRCrP § 4(b)(1)(B))

16. Provide a certified copy of the RETURN of the warrant **completed** and **signed** by the arresting officer. (FRCrP§ Rule 4(c)(3)(1-3))

| Bail fixed | | by | |
|---|---|---|---|
| | | | Name of Judicial Officer |
| **RETURN** | | | |
| This warrant was received and executed with the arrest of the above-named defendant at | | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER | |
| DATE OF ARREST | | | |

17. Please provide any rules or authority for the return of the warrant to be filed (blank) without being completed by the arresting officer and the Clerk's attestation and seal.

18. Certified copy of the Indictment as filed in open court **with the typed name and wet ink signature of the Grand Jury Foreperson**.(FRCrP § 6(c))

19. Provide a witness list of all witness(s) (<u>names, and exact address **redacted**</u>) called and sworn to testify before the Grand Jury.

20. Provide the complete transcript of the Grand Jury Hearing.

21. Provide a copy of the date the Grand Jury was sworn in.

22. Provide a copy of the (*names [redacted], addresses [redacted]*), and **county** and **state** [unredacted] for the empaneled Grand Jury.

23. Copy of the Audio recording as required by FRCrP § 6(e).

24. Disclose all under-cover informant(s) that have been used or involved with this case.

- 20 -

25. Disclose any jailhouse informant(s) or snitch(s) used to develop the charges in this case.

26. Copy of any audio or video involving the Defendant's calls from jail to family, friends and assistants while in jail.

27. Disclose all reports, field notes, emails, faxes, statements taken, or audio or video recordingsmade during the "audit of defendant CROMAR related to tax years 1999 through 2005. (Indictment, Doc. 1, pg. 2, ¶7)

28. Disclose any and all "notice of assessments" that have been provided to Defendant. (Indictment 1, Doc. 1, pg. 2, ¶9)

29. Disclose all documents that "*falsely claimed that defendant CROMAR, among other things, was a citizen to the United States and was not subject to federal income tax.*"(Indictment 1, Doc. 1, pg. 3, ¶12)

30. Disclose a true and complete Bill of Particulars, as per Utah Criminal Rule of Procedure 25 (b)(1) cited previously.

31. Disclose the Prosecution's failure to adhere to Fed. Rule of Criminal Procedure 16.1, -by not seeking "Discovery Conference"

32. Disclose that the Discovery promised in open court to Defendant in Weber County Jail by Sept 19. did not occur. To date, the promised tablet containing said Discovery has not been served and the jail personnel remain hostile to Defendant (in error) to recieve "Legal Mail" marked USPS mail. and to visit Law Library for research, etc. (see Exhibit "A" - email exchanges with Kris Angelos regarding Discovery not provided for 13 days — and Exhibit "B" - "Inmate Grievance Form" writtened Sept. 20, 2023 - listing Civil Rights + Due Process abuse of power with REMEDY. provided.)

- 21 -

1

2

3

Dated: _October 2nd_ , 2023.

4

5                                          Respectfully submitted,

6

7          PETER ANDERSON

8          NOTARY PUBLIC ● STATE of UTAH          /s/ _Paul Kenneth Cromer_, ™
           COMMISSION NO. 732918                  Pro se  All rights reserved.
9          COMM. EXP. 08-28-2027                   Sui Juris

10

11

12                **State of Utah County of Weber.**

13          The foregoing instrument was acknowledged before me

14          this ___2___ day of October, 2023

15          by _____ Notary Public.

16          My Commission Expires _8/28/27_ .

17

18

19                    **CERTIFICATE OF SERVICE**

20          I hereby certify that on the 3rd day of October, 2023 I personally placed in the
            United States Mail to the individuals named below a true and correct copy of
21          **MOTION TO COMPEL.**

22          TRINA A. HIGGINS
            MARK WOOLF
23          PETER J. ANTHONY
            Attorneys of the United States of America
24          111 South Main Street, Suite 1800
            Salt Lake City, Utah 84111
25

26          Raland Brunson

27

28