TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
PETER J. ANTHONY, Special Assistant United States Attorney (NY #4940912)
MEREDITH M. HAVEKOST, Special Assistant United States Attorney (IL #6332789)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL KENNETH CROMAR,<br><br>    Defendant. | Case No. 2:23-cr-00159-HCN-DBP<br><br>RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSABLE AND DISCOVERABLE EXCULPATORY EVIDENCE<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSABLE AND DISCOVERABLE EXCULPATORY EVIDENCE**

The United States, by and through undersigned counsel, hereby responds to the Defendant's Motion to Compel Disclosable and Discoverable Exculpatory Evidence ("the Defendant's Motion" or "the Motion"), R. Doc. No. 26. For the reasons stated below, the United States moves to dismiss the Motion in part, deny the Motion in part, and set a status conference with the Court.

I. **The Discovery Plan**

On September 13, 2023, the Court determined that the Defendant voluntarily, intelligently, and knowingly waived his right to counsel and would proceed *pro se*. R. Doc. No. 15. On the same date, upon the government's motion, the Court held a detention hearing and ordered the Defendant

detained pending resolution of this matter. R. Doc. No. 16. The Defendant is housed at Weber County Correctional Facility ("the Correctional Facility"). At the conclusion of the hearing, the Court requested that the Federal Public Defender ("FPD") assist in providing discovery to the Defendant and ordered the United States to produce discovery to FPD by September 19, 2023. *Id*.

Following the hearing, the Court, after consulting with the FPD and United States, determined that the United States should provide FPD with discovery for FPD to load onto a tablet the Defendant could use in the Correctional Facility. R. Doc. No. 23. The Court further ordered that, because discovery production needs to occur on a rolling basis, the Defendant should communicate directly with government counsel via email to request the next production when he is ready. *Id*.

## II. Defendant's Motion

On October 3, 2023, the Defendant's Motion, signed and dated October 2, 2023, was docketed. R. Doc. No. 26. The Defendant moves to compel discovery and states that he has yet to receive discovery as ordered by the Court. *Id*. The Defendant also requests a number of other items, each of which the United States will address in turn. *Id*.

### A. The First Discovery Production

On September 19, 2023, the first discovery production, as well as a cover letter explaining the contents of the first production, departed the Tax Division's facilities in Washington D.C. and arrived at FPD the next day.[1] On September 26, 2023, FPD informed the Court and the United States that the Defendant had not received the first discovery production yet because it was having difficulties loading the discovery onto its network, which was necessary to then load onto its tablet.

---

[1] The FPD provided its mailing address and preferred method of production (USB device) on Friday, September 15, 2023.

Later the same day, FPD informed the Court and the United States that the issues loading the discovery had been resolved and that the tablet would be delivered to the Defendant on Friday, September 29, 2023.

After the Defendant's Motion was docketed on October 3, 2023, the United States contacted FPD about the status of the first discovery production. FPD confirmed that the tablet loaded with the first discovery production was delivered to the Correctional Facility on Monday, October 2, 2023 by an investigator with FPD. FPD stated that it believes tablets are left with the Correctional Facility's front office to then be delivered to the inmate by jail personnel.

The Defendant's Motion is signed and dated October 2, 2023. R. Doc. No. 26. Therefore, the Defendant—if jail personnel promptly delivered the tablet to him—should have the first discovery production in his possession.

### B. Defendant's Other Requests

The Defendant's Motion requests several items in addition to discovery, numbered 1 through 32. R. Doc. No. 23, at 17-21. The Court should dismiss items 6, 8, 11-13, 19-21, 23-29, and 32 without prejudice because these requests will be satisfied after all discovery is produced. If the Defendant does not think these requests are satisfied after reviewing discovery he can move again for the requested items. The Court should deny items 1-4, 7, 9-10, 14, 17-18, 22, and 30-31 for the reasons stated below. The government defers to the Court as to items 5 and 15-16, as explained below.

1) <u>Certified copy of the original complaint as presented to the Grand Jury</u>

The Defendant was provided a copy of the Indictment during his initial appearance before the Court on September 13, 2023. The Court also read the Indictment to him. R. Doc. No. 16. The Court should deny this request.

2) <u>Copy of the original arrest warrant</u>

The Defendant was provided a color-copy of the arrest warrant, per his request, at his appearance in front of Magistrate Judge Daphne A. Oberg on August 31, 2023. The Court should deny this request.

3) <u>Copy of the search warrant used by the FBI to search and seize evidence taken from Defendant's car "and other undisclosed sources"</u>

The United States did not execute a search warrant on the Defendant's car. The United States did execute search warrants for the Defendant's cell phone location data, which will be disclosed in the second discovery production. The Court should deny this request.

4) <u>Copy of the Complaint by a "fact competent . . . injured party 'victim' sworn to and subscribed by an officer with authority to take the oath"</u>

As noted in response to the first item, the Defendant has already received a copy of the Indictment. The Court should deny this request.

5) <u>Copy of the Pretrial Services Report</u>

The United States defers to the Court on whether to order Pretrial Services to provide a copy of its report to the Defendant.

6) <u>Certified copy of the arrest warrant and all related phone logs, phone or video recordings on body, dash, surveillance cameras, all investigation reports, and all officers' reports</u>

The Defendant has already received a copy of the arrest warrant, as noted in response to the second item. All reports and surveillance video related to the Defendant's arrest and transport will be disclosed in the second discovery production. The Court should dismiss this request.

7) <u>Certified copy of the Arrest Warrant, "signed by a Judge and witnesses and attested to and sealed by the Court Clerk"</u>

The Defendant has already received a copy of the arrest warrant, as noted in response to the second item. The Court should deny this request.

8) <u>Copy of the search warrant used to seize items from the Defendant</u>

As noted in response to the third item, the Defendant will receive copies of search warrants for his cell phone location data in the second discovery production. The Court should dismiss this request.

9) <u>Copy of the "arresting officer(s) 'Brandon'/FBI, Oath of office"</u>

The Court should deny this request as frivolous.

10) <u>Copy of the "arresting officers 'Brandon'/FBI (would not disclose name upon request) and the other 10 arresting officers Fidelity Bond"</u>

The Court should deny this request as frivolous.

11) <u>Copy of the warrant authorized by telephonic means and recorded in compliance with Federal Rule of Criminal Procedure, Rule 4.1</u>

As noted in response to the third item, the Defendant will receive copies of search warrants for his cell phone location data in the second discovery production. The Court should dismiss this request.

12) <u>Copy of the testimony recorded verbatim by an electronic recording device, or a court reporter, or in writing</u>

The United States interprets this item as a request for grand jury transcripts or a request for transcripts of the Defendant's first three court appearances. As to grand jury transcripts, the United States will disclose them pursuant to 18 U.S.C. § 3500(e) and Federal Rules of Criminal Procedure 16 and 26.2 in accordance with the timing set forth in Rule 26.2, or at an earlier time as ordered by the Court. The Court should dismiss this request.

If the Defendant requests transcripts of prior court proceedings, the United States defers to the Court.

13) <u>Copy of all evidence, field notes, memos, audio, video, and missives or documents of any kind to be used by a government witness</u>

All evidence the government intends to use in its case-in-chief will be produced to the Defendant. Because the tablet being used for discovery has data storage limitations, production must occur on a rolling basis and the Defendant has not received the full scope of the government's evidence yet. The Court should dismiss this request.

14) <u>Copy of the delegation of authority assigning "Brandon/FBI" to be the investigating officer of Defendant</u>

The Court should deny this request as frivolous.

15) <u>Certified copy of the true and correct completed return of the arrest warrant signed by a "judge"</u>

One of the transport officers believes he signed the arrest warrant in the presence of the U.S. Marshals when the Defendant was brought to the courthouse. The United States can contact the U.S. Marshals and attempt to get a copy of the arrest warrant with the return section completed to the Defendant if the Court so orders. The government thus defers to the Court.

16) <u>Provide a certified copy of the return of the warrant completed and signed by the arresting officer</u>

This request appears to be identical to item number 15 and thus the same response applies.

17) <u>"Please provide any rules or authority for the return of the warrant to be filed (blank) without being completed by the arresting officer and the Clerk's attestation and seal."</u>

To the government's knowledge and belief, the arrest warrant was signed and returned to the Court. The Court should deny this request.

18) <u>"Certified copy of the Indictment as filed in open court with the typed name and wet ink signature of the Grand Jury Foreperson"</u>

The United States will not provide the name or "wet ink signature" of the grand jury foreperson. The line for the grand jury foreperson's signature on the Indictment contains "*/s/*",

denoting a signature. It does not contain the foreperson's full signature or name. R. Doc. No. 1. The Court should deny this request because Federal Rule of Criminal Procedure 6(c) "does not require the foreperson's signature or identity to appear in the public file" and even "the lack of the foreperson's signature is not fatal" to the Indictment. *United States v. Reed*, 195 F. App'x 815, 820 (10th Cir. 2006) (citations omitted). "Nor does the fact the grand jury foreperson's identity is not made public violate the Sixth Amendment right to a public trial." *Id*.

19) <u>A list of all witnesses called and sworn to testify before the grand jury</u>

The same response applies here as to item number 12. The Court should dismiss this request.

20) <u>Grand jury transcripts</u>

The same response applies here as to item number 12. The Court should dismiss this request.

21) <u>The date the grand jury was sworn in</u>

The same response applies here as to item number 12. The Court should dismiss this request.

22) <u>"A copy of the (names [redacted], addresses [redacted]), and county and state [unredacted] for the empaneled Grand Jury"</u>

The grand jury sat in Salt Lake City, Utah.

The United States does not have a duty to disclose the grand jurors' identifying information. *See, e.g.*, *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) (holding that defendants "are not normally entitled to the names of the members of the grand juries that indicted them" because "[o]bviously, the disclosure of the names and addresses of the grand jurors could facilitate intimidation of or retaliation against those grand jurors"). The Court should deny this request.

23) <u>Copy of the audio recordings as required by Federal Rule of Criminal Procedure 6(e)</u>

The same response applies here as to item number 12. The Court should dismiss this request.

24) <u>"All under-cover informant(s) that have been used or involved with this case."</u>

All evidence the government intends to use in its case-in-chief, including witnesses it intends to call at trial, will be produced to the Defendant. Because the tablet being used for discovery has data storage limitations, production must occur on a rolling basis and the Defendant has not received the full scope of the government's evidence yet. The Court should dismiss this request.

25) <u>"Any jailhouse informant(s) or snitch(s) [sic] used to develop the charges in this case"</u>

The same response applies here as to item number 24. The Court should dismiss this request.

26) <u>"Copy of any audio or video involving the Defendant's calls from jail to family, friends and assistants while in jail"</u>

The United States does not currently have in its possession any audio or video from the Defendant's calls from the Correctional Facility. If the government obtains such material, it will be disclosed to the Defendant. The Court should dismiss this request.

27) <u>All reports, field notes, emails, faxes, statements taken, or audio or video recordings made during the audit related to the Defendant's taxes for calendar years 1999 through 2005</u>

This information is contained within the first discovery production. Any related items will be produced in subsequent discovery productions. The Court should dismiss this request.

28) <u>Notice of assessments that were provided to the Defendant</u>

The same response applies here as to item number 27. The Court should dismiss this request.

29) <u>All documents that falsely claimed the Defendant was a citizen to the United States and was not subject to federal income tax</u>

The same response applies here as to item number 27. The Court should dismiss this request.

30) <u>"A true and complete Bill of Particulars, as per Utah Criminal Rule of Procedure 25(b)(2)"</u>

The Utah Criminal Rules of Procedure do not apply in this federal criminal case. Even construing this request under Federal Rule of Criminal Procedure 7(f), a bill of particulars is intended to inform a defendant of the charges against him "with sufficient precision to allow him to prepare his defense" and "minimize surprise at trial." *United States v. Carmona,* No. 18-10064-JWB, 2018 WL 4620804, at *1 (D. Kan. Sept. 26, 2018) (citing *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (internal citations omitted)). A simple demand for a bill of particulars—without specifying what additional information the Defendant seeks or how the Indictment is lacking—is insufficient. The Court should deny this request.

31) <u>"Disclose the Prosecution's failure to adhere to Federal Rule of Criminal Procedure 16.1 by not seeking 'Discovery Conference'"</u>

The United States is not required to confer with defendants who are not represented by counsel. Fed. R. Crim. P. 16.1 (Committee Note—2019). The Court should deny this request.

32) <u>"Disclose that the Discovery promised in open court to Defendant in Weber County Jail by Sept. 19 did not occur . . . the jail personnel remain hostile to Defendant (in error) to receive 'Legal Mail' marked USPS mail and to visit Law Library for research, etc." (citing to Exhibits A and B of the Motion)</u>

The response detailed in part II.A. applies here. The Court should dismiss this request.

### III. The United States Requests a Status Conference

In light of the Defendant's Motion and the government's pending Motion for a Protective Order, R. Doc. No. 20, the government respectfully requests that the Court set this matter for a

status hearing on October 10, 2023, or soon thereafter. It is unclear to the government whether the Defendant is receiving the filings and notices entered on the docket. The government would request that the Court confirm with the Defendant that he is aware of the government's pending Motion for a Protective Order and that if he opposes such motion, he must respond.

A status conference would also allow the Court to confirm that the Defendant is aware of the discovery plan and how to request additional discovery when he is ready. Relatedly, the Court can remind the Defendant that the FPD has been instructed not to provide discovery to anyone but him, R. Doc. No. 23, and that the "Assistants of Counsel", R. Doc. No. 25, may not receive discovery or act on his behalf. The Defendant's filing does not indicate that any of the listed individuals are licensed attorneys and thus qualified to represent him in this matter.

DATED this 6th day of October, 2023.

TRINA A. HIGGINS
United States Attorney


/s/ *Meredith M. Havekost*
Meredith M. Havekost
Trial Attorney
U.S. Department of Justice Tax Division
150 M Street NE, Room 2.211
Washington, D.C. 20002
(202) 353-0542
Email: meredith.m.havekost@usdoj.gov