TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
PETER J. ANTHONY, Special Assistant United States Attorney (NY #4940912)
MEREDITH M. HAVEKOST, Special Assistant United States Attorney (IL #6332789)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111-2176
Telephone:  (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. PAUL KENNETH CROMAR, Defendant. | Case No. 2:23-cr-00159-HCN-DBP  RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL  District Judge Howard C. Nielson, Jr. Magistrate Judge Dustin B. Pead |
|---|---|

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States, by and through undersigned counsel, hereby responds to Defendant's Motion for Continuance, R. Doc. No. 29. The United States concurs with Defendant and moves to continue the trial date currently set for November 7, 2023.

An Indictment was returned on April 19, 2023 and remained under seal until Defendant's first appearance before a judicial officer of the Court on August 31, 2023. Neither party has previously moved for a continuance.

Defendant seeks a continuance under the Speedy Trial Act. R. Doc. No. 29. The United States concurs that a continuance is necessary pursuant to 18 U.S.C. § 3161(h)(7)(A). The district court shall exclude "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Defendant alleges that the continuance is necessary because the government has not yet produced all discovery, and he needs additional time to prepare for trial. R. Doc. No. 29.

The following factual assertions support Defendant's request:

The failure to grant Defendant's requested continuance would likely "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). Due to delays and complications in producing discovery to Defendant, who is detained and proceeding pro se, through no fault of the government Defendant has not received all the government's discovery. Because of data storage limitations on the tablet being used for Defendant's discovery review, he will need time to review the first discovery production before requesting the next discovery production. *See* R. Doc. No. 23; R. Doc. No. 28. Failing to grant the requested continuance would force Defendant to proceed to trial without having a fair opportunity to evaluate the government's evidence against him and effectively prepare a defense, which would likely result in a miscarriage of justice.

Defendant requests a continuance of 27 days, from November 7, 2023 to December 4, 2023. This continuance will allow Defendant additional time to review discovery and prepare a defense. The pretrial deadlines, including proposed jury instructions and voir dire questions; motions; and plea agreement will need to be continued as well.

DATED this 10th day of October, 2023.


[signature page follows]

TRINA A. HIGGINS
United States Attorney


/s/ *Meredith M. Havekost*
Meredith M. Havekost
Trial Attorney
U.S. Department of Justice Tax Division
150 M Street NE, Room 2.211
Washington, D.C. 20002
(202) 353-0542
Email: meredith.m.havekost@usdoj.gov