IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>PAUL KENNETH CROMAR,<br><br>   Defendant. | ORDER TO CONTINUE JURY TRIAL<br><br>Case No. 2:23-cr-00159-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Based on the defendant's Motion to Continue Jury Trial, in the above-entitled case, under DUCrimR 12-1(I) and for good cause appearing, the court makes the following findings:

1. An Indictment was issued on April 19, 2023. Defendant first appeared before a judicial officer of the court on August 31, 2023. Trial was initially set for November 7, 2023.

2. Defendant seeks a continuance under the Speedy Trial Act. The United States concurs and moves for a continuance under 18 U.S.C. § 3161(h)(7)(A). This is the first request to continue trial in this matter.

3. Defendant has alleged that the continuance is necessary because he has not received all discovery and needs additional time to prepare a defense for trial.

4. The facts that support this allegation, including the length of the delay, include the following: Due to delays and complications in producing discovery to Defendant, who is detained and proceeding pro se, through no fault of the government Defendant has not received all the government's discovery. Because of data storage limitations on the tablet being used for Defendant's discovery review, he will need time to review the first discovery production before requesting the next discovery production. *See* R. Doc. No. 23; R. Doc. No. 28.

  5.  The length of delay requested is 27 days.

  6.  Counsel for the United States does not object to the continuance.

Based on the foregoing findings, the court grants the motion and will exclude the period of delay under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i). Failing to grant the continuance would force Defendant to proceed to trial without having a fair opportunity to evaluate the government's evidence against him and effectively prepare a defense, which would likely result in a miscarriage of justice. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

THEREFORE, the 7 day jury trial previously scheduled to begin on November 7, 2023 is hereby continued to the ____ day of _____, 20__, at 8:30 a.m. Accordingly, the time between the filing of the Motion, October 10, 2023, and the new trial date set forth above, _____, is excluded from computation under the Speedy Trial Act. Proposed Jury Instructions along with proposed voir dire questions are due _____. Motions due by _____. Plea Agreement due by _____.

DATED this ___ day of _____, 20__.

_____
UNITED STATES MAGISTRATE JUDGE