TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
MEREDITH M. HAVEKOST, Special Assistant United States Attorney (IL #6332789)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. PAUL KENNETH CROMAR, Defendant. | Case No. 2:23-cr-00159-HCN-DBP  STIPULATD MOTION TO CONTINUE JURY TRIAL  District Judge Howard C. Nielson, Jr.  Chief Magistrate Judge Dustin B. Pead |
|---|---|

This matter came before Chief Magistrate Judge Dustin B. Pead for a status hearing on November 15, 2023, wherein the "Defendant moved to continue the existing trial date of December 12, 2023, with no objections by the United States." Dkt. No. 59. The parties agreed "that a continuance of 60 days is appropriate." *Id*. The Court granted the Defendant's request and ordered the United States to submit an order. The proposed order continuing the trial is attached and is supported as follows:

1. The Defendant seeks a continuance of the trial date in this matter, which is currently set for **December 12, 2023**. The parties stipulate and agree to a continuance of 60 days pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

2. This is the second request to continue the trial date. The Defendant's first request, unopposed by the United States, was filed on October 10, 2023. This Court granted the

      first request to continue trial on October 19, 2023, specifically finding that the time period between the filing of the motion and trial date were excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i).

3. The length of delay requested here is agreed between the parties.

4. The continuance is sought pursuant to 18 U.S.C. 3161(h)(7)(A), which excludes "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

5. In its prior order continuing the trial, this Court found that "[d]ue to delays and complications in producing discovery to Defendant, who is detained and proceeding pro se, through no fault of the government Defendant has not received all the government's discovery. Because of data storage limitations on the tablet being used for Defendant's discovery review, he will need time to review the first discovery production before requesting the next discovery production." Dkt. No. 39 at ¶ 4.

6. Since that time, the United States, upon request of the Court, has provided a government-issued laptop to the Defendant preloaded with discovery and with software programs that allow the Defendant to draft and review documents electronically. The preloaded laptop was delivered by the United States to the United States Marshal's Service on October 30, 2023, which in turn ensured delivery of the laptop to the Defendant on approximately November 6, 2023. Thus, the Defendant has been in possession of the government-issued laptop for approximately two weeks. Given the unforeseen delay, the Defendant will need additional time to review the voluminous discovery. Failure to grant the requested continuance would force Defendant to proceed to trial without having a fair opportunity to

evaluate the government's evidence against him and effectively prepare a defense, which would likely result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i).

7. So too, much of the evidence and discovery dates back several years. Potential witnesses are spread across the country. The discovery is voluminous. The Defendant's time to review that voluminous discovery is, at times, limited by facility rules and procedures at his place of confinement. The Defendant is also evaluating a plea offer extended to him by the United States. The Defendant has additionally sought and obtained court approval for additional resources to investigate and prepare his defense. It is unreasonable to expect the Defendant to be adequately prepared for trial in light of the complexity of this matter pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

8. Failure to grant the continuance sought by the Defendant would deny the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with the Court's orders, the Defendant was only recently provided with the government-issued laptop, and he was only recently provided additional investigative resources after the filing of his financial affidavit. Given the nature of this case, the amount of discovery, and the Defendant's need to fully evaluate the allegations with the newly provided resources from the Court, the parties agreed continuance of sixty (60) days is appropriate.

For the foregoing reasons, the parties agree and stipulate that the period of delay contemplated by this motion is necessary in the interests of justice. The length of delay is reasonable under the circumstances, and the interests of justice served by the delay outweigh the interests of the public and the defendant in a speedy trial under the Speedy Trial Act. Therefore, it is respectfully requested that the trial in this matter, currently set for **December**

**12, 2023**, be continued for a period of not less than sixty (60) days, or as soon thereafter as possible pursuant to 18 U.S.C. §§ 3161(h)(7)(B(i), (ii), and (iv)

DATED this 16th day of November 2023.

                TRINA A. HIGGINS
                United States Attorney

                /s/ *Mark E. Woolf*
                MARK E. WOOLF
                Assistant United States Attorney
                Meredith M. Havekost
                Trial Attorney
                U.S. Department of Justice Tax Division