IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>PAUL KENNETH CROMAR,<br><br>    Defendant. | Case No. 2:23-cr-00159-HCN-DBP<br><br>ORDER ON STIPULATED MOTION TO CONTINUE JURY TRIAL<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Based on Defendant's Motion to Continue Jury Trial, in the above-entitled case, under

DUCrimR 12-1(I) and for good cause appearing, the court makes the following findings:

1. The Defendant seeks a continuance of the trial date in this matter, which is currently set

   for **December 12, 2023**. The parties stipulate and agree to a continuance of 60 days

   pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

2. This is the second request to continue the trial date. The Defendant's first request,

   unopposed by the United States, was filed on October 10, 2023. This Court granted the

   first request to continue trial on October 19, 2023, specifically finding that the time period

   between the filing of the motion and trial date were excluded under the Speedy Trial Act

   pursuant to 18 U.S.C. § 3161(h)(7)(B)(i).

3. The length of delay requested here is agreed between the parties.

4. The continuance is sought pursuant to 18 U.S.C. 3161(h)(7)(A), which excludes "[a]ny

   period of delay resulting from a continuance . . . if the judge granted such continuance on

the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

5.  In its prior order continuing the trial, this Court found that "[d]ue to delays and complications in producing discovery to Defendant, who is detained and proceeding pro se, through no fault of the government Defendant has not received all the government's discovery. Because of data storage limitations on the tablet being used for Defendant's discovery review, he will need time to review the first discovery production before requesting the next discovery production." Dkt. No. 39 at ¶ 4.

6.  Since that time, the United States, upon request of the Court, has provided a government-issued laptop to the Defendant preloaded with discovery and with software programs that allow the Defendant to draft and review documents electronically. The preloaded laptop was delivered by the United States to the United States Marshal's Service on October 30, 2023, which in turn ensured delivery of the laptop to the Defendant on approximately November 6, 2023. Thus, the Defendant has been in possession of the government-issued laptop for approximately two weeks. Given the unforeseen delay, the Defendant will need additional time to review the voluminous discovery. Failure to grant the requested continuance would force Defendant to proceed to trial without having a fair opportunity to evaluate the government's evidence against him and effectively prepare a defense, which would likely result in a miscarriage of justice pursuant to 18 U.S.C. § 3161(h)(7)(B)(i).

7.  So too, much of the evidence and discovery dates back several years. Potential witnesses are spread across the country. The discovery is voluminous. The Defendant's time to review that voluminous discovery is, at times, limited by facility rules and procedures at his place of confinement. The Defendant is also evaluating a plea offer extended to him by

the United States. The Defendant has additionally sought and obtained court approval for additional resources to investigate and prepare his defense. It is unreasonable to expect the Defendant to be adequately prepared for trial in light of the complexity of this matter pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

8. Failure to grant the continuance sought by the Defendant would deny the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). Consistent with the Court's orders, the Defendant was only recently provided with the government-issued laptop, and he was only recently provided additional investigative resources after the filing of his financial affidavit. Given the nature of this case, the amount of discovery, and the Defendant's need to fully evaluate the allegations with the newly provided resources from the Court, the parties agreed continuance of sixty (60) days is appropriate.

Based on the foregoing findings, the court grants the motion and will exclude the period of delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii), and (iv). Failing to grant the continuance would force Defendant to proceed to trial without having a fair opportunity to evaluate the government's evidence against him and effectively prepare a defense, which would likely result in a miscarriage of justice. So too, it would be unreasonable to expect the Defendant to be adequately prepared for trial in light of the complexity of this matter, and would deny him the reasonable time necessary for effective preparation taking into account the exercise of due diligence. Therefore, the ends of justice served by such a continuance outweigh the bests interests of the public and the defendant in a speedy trial.

THEREFORE, the 7 day jury trial previously scheduled to begin on December 12, 2023 is hereby continued to the _____ day of _____, 20__, at 8:30 a.m. Accordingly,

the time between the filing of the Motion, November 15, 2023, and the new trial date set forth

above is excluded from computation under the Speedy Trial Act. Proposed Jury Instructions

along with proposed voir dire questions are due _____. Motions are due 30

days prior to trial. Plea Agreement due by _____.


DATED this ___ day of _____, 20__.


_____
Howard C. Nielson, Jr.
UNITED STATES DISTRICT JUDGE