IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PAUL KENNETH CROMAR, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cr-00159-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Paul Kenneth Cromar's Motion for Protective Order for Unmonitored Correspondence, Phone Calls, Email, Hand Delivered Legal Research and Meetings.[1] In essence, Mr. Cromar who is proceeding pro se, seeks unlimited, unmonitored, and unrecorded correspondence for phone calls, emails, meetings, and hand delivered legal research, which he needs for his legal defense. The court will deny the motion.

Mr. Cromar has been indicted on charges stemming from his alleged failure to pay taxes. On November 15, 2023, the court appointed Mr. Cromar standby counsel and granted his request for a paralegal and investigator.[2] The court directed Mr. Cromar to work with standby counsel to make specific requests regarding his defense. Mr. Cromar also expressed his concerns regarding documents from friends and family not being delivered to him in the correctional facility where he is located.

Presumably related to these concerns, Mr. Cromar filed the current motion in which he seeks a protective order allowing him unmonitored access to legal materials, phone calls, emails,

---

[1] ECF No. 64.

[2] ECF No. 59.

and meetings all in pursuit of his legal defense. Mr. Cromar argues denying him such accommodations violates his Constitutional rights including the First, Fourth and Sixth Amendments. In support he cites to a variety of cases and raises a variety of arguments. According to Defendant, the correctional facility should be prohibited from recording his telephone conversations, monitoring his mail, withholding documents that are "Assistance of Counsel teams research", and be provided with unlimited communication access. These arguments have been rejected by Federal Courts and the court finds no reason to depart from long standing precedent.

First, multiple courts have rejected Plaintiff's argument that a prisoner has a First Amendment right to unmonitored communications including unlimited telephone access. For example, in *Busby v. Dretke*,[3] the court noted that an inmates' correspondence with certain individuals could properly be subjected to much greater control than correspondence with an attorney. The court went on to hold that the jail officials could "legitimately read" mail and the First Amendment did not bar them from turning it over to a prosecutor when needed. Other courts have made similar holdings.[4] Mr. Cromar cannot circumvent legitimate review of his communications by claiming certain individuals are his legal assistants or "advisors of his choosing" and providing legal advice. An individual who is not a licensed attorney cannot practice law and such an individual cannot qualify for any increased privilege of correspondence. Mr. Cromar has been appointed standby counsel and is welcome to communicate with them as needed. Additionally, incarcerated persons maintain no right in the First Amendment to physical

---

[3] 359 F.3d 708 (5th Cir. 2004).

[4] *Israel v. Cohn*, 6 F. App'x 348, 350 (7th Cir. 2001) ("Regulations limiting telephone use by inmates, … have been sustained routinely as reasonable."); *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (noting that a "prisoner has no right to unlimited telephone use.")

association with their family or anyone else.[5] Such restrictions are related to security interests and Mr. Cromar offers no persuasive authority against such restrictions.

Next any putative arguments regarding violations of the Fourth Amendment also fail. Mr. Cromar avers that privileged calls are being captured and being made available to the Government via a third-party vendor. As noted previously, courts have found legitimate reasons for recording phone calls and that such recordings did not violate the First Amendment. In similar fashion, such recordings do not constitute a seizure or implicate the Fourth Amendment.[6]

Finally, Mr. Cromar argues the Sixth Amendment requires the accommodations he seeks. The court disagrees. There is no Sixth Amendment right that a defendant may "insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation."[7] Further, "'while prisoners ... have a right to adequate, effective and meaningful access to the courts, [there are] many constitutionally acceptable methods used to assure meaningful access to the courts.'"[8] This includes appointing standby counsel, who may be the equivalent of allowing access to the hand delivered legal research materials Defendant seeks.[9] In sum there is no violation of the Sixth Amendment here.

Accordingly, for the reasons set forth above, Defendant's Motion is DENIED.

---

[5] *Thorne v. Jones,* 765 F.2d 1270, 1274 (5th Cir. 1985) ("incarcerated persons … maintain no right to simple physical association—with their parents or with anyone else—grounded in the first amendment").

[6] *United States v. Gangi,* 57 F. App'x 809, 815 (10th Cir. 2003) ("We agree with the Ninth Circuit that 'any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls.'") (citation omitted); *see also Gandy v. Ortiz,* 122 F. App'x 421, 422–23 (10th Cir. 2005) (rejecting arguments that due process was violated by the reading of mail); *Romo v. Champion,* 46 F.3d 1013, 1018 (10th Cir.1995) (noting Tenth Circuit precedent that expectations of privacy are "diminished by the exigencies of prison security").

[7] *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S. Ct. 2557, 2565 (2006).

[8] *United States v. Stanley*, 385 F. App'x 805, 807 (10th Cir. 2010) (quoting *United States v. Cooper*, 375 F.3d 1041, 1051 (10th Cir.2004)).

[9] *See id.* (noting that providing standby legal counsel is the equivalent of allowing library access).

IT IS SO ORDERED.

DATED this 4 December 2023.

_____
Dustin B. Pead
United States Magistrate Judge