TRINA A. HIGGINS, United States Attorney (#7349)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
MEREDITH M. HAVEKOST, Trial Attorney (IL #6332789)
PATRICK BURNS, Trial Attorney (NV #11779)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL KENNETH CROMAR, <br><br> Defendant. | Case No. 2:23-cr-00159-HCN-DBP <br><br> GOVERNMENT'S NOTICE OF INEXTRICABLY INTERTWINED EVIDENCE, OR, IN THE ALTERNATIVE, NOTICE OF INTENT TO PRESENT RULE 404(B) EVIDENCE <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

**GOVERNMENT'S NOTICE OF INEXTRICABLY INTERTWINED EVIDENCE, OR, IN THE ALTERNATIVE, NOTICE OF INTENT TO PRESENT RULE 404(B) EVIDENCE**

The United States, by and through undersigned counsel, hereby respectfully submits this notice of its intent to present inextricably intertwined evidence, or, in the alternative, its notice of intent to present Rule 404(b) evidence.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Paul Kenneth Cromar has been violating federal and state tax laws for several decades. Defendant has been a non-filer of individual income tax returns, both

federal and in the State of Utah, since at least 1995 to present. The indictment's three substantive counts are based on taxes that Defendant owes for tax years 1999-2005 and his subsequent efforts, from November 2017 through September 2020, to evade the payment of those taxes and obstruct IRS collection efforts related to those taxes. Those delinquent 1999-2005 taxes arose because Defendant willfully failed to file tax returns or pay tax on any of the income he earned from his video production business. In doing so, he criminally violated the federal tax laws, specifically 26 U.S.C. § 7203.[1] When the IRS audited Defendant, it discovered that he ran his income through a tax avoidance scheme consisting of an unreported business entity, his video production business, and trusts in which he placed real and personal property. This conduct arguably constituted a violation of 26 U.S.C. § 7201 because Defendant organized his receipt of income in a way that evaded the assessment of federal income tax.[2]

---

[1] ("Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.")

[2] The individuals who promoted this tax evasion scheme and helped Defendant to execute it were themselves indicted, convicted, and imprisoned for various fraud and criminal tax violations related to their fraudulent tax scheme promotion. *See United States v. Orr, et al.*, Case No. 2:03-cr-265 (D. Utah). Defendant has at other times involved himself with other notorious tax evasion scheme promoters, including during the audit and assessment of the 1999-2005 taxes. He brought Robert Wray with him to several meetings with the IRS and a court hearing. Wray was a promoter of sovereign citizen tax protester schemes and himself convicted of federal fraud and tax offenses relating to his promotion of these schemes. *See United States v. Wray*, 664 F. App'x 160 (3d Cir. 2016).

Alongside that substantively charged conduct, the Indictment alleges and speaks to earlier obstructive and evasive conduct that Defendant engaged in throughout 2007-2009. Defendant engaged in that 2007-2009 conduct in relation to the 1999-2005 tax debt, which was first assessed against him in 2007 and is the underlying basis for Counts 1-3. *See* ECF No. 1 at 2 ¶¶ 8-12 (2007-2009 conduct relating to the 2007 assessment of 1999-2005 delinquent taxes); 13-25 (November 2017-September 2020 conduct relating to Defendant's evasion and obstruction of IRS collection activity and the foreclosure proceedings). That evasive and obstructive conduct in 2007-2009 would itself be a violation of Section 7201 because it constitutes the evasion of payment. Throughout the period of 2010-2017, Defendant continued to obstruct and evade IRS collection efforts, such as by vexatiously resisting IRS summonses and submitting frivolous tax protester materials to the IRS.

The government believes the foregoing conduct is alleged in the indictment or otherwise constitutes conduct inextricably intertwined with the conduct charged in the indictment. It nevertheless provides this notice as a precaution should any of these other acts be deemed extrinsic to the conduct underlying the Indictment's Counts 1-3. This notice is therefore submitted to comply with Federal Rule of Evidence 404(b)(3)'s notice requirement.[3]

/ / /

---

[3] ("In a criminal case, the prosecutor must: (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.").

I.  **Defendant's Uncharged Criminal Conduct is Admissible as Inextricably Intertwined Evidence with the Proof of the Indictment's Counts 1-3**

The Tenth Circuit has recognized that "[o]ther act evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citations and internal quotation marks omitted). "[I]ntrinsic evidence is that which is 'directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *Id.* The court has emphasized that intrinsic other act evidence need not establish an element of the charged crime. *Id.* Finally, the Tenth Circuit has noted that, "evidence essential to the context of the crime" is intrinsic and "does not fall under the other crimes limitation of Rule 404(b)." *Id.*

Here, evidence that Defendant willfully failed to file income tax returns and pay income tax for the years 1999-2005–conduct that amounted to criminal violations of 26 U.S.C. § 7203–is not subject to Rule 404(b)'s strictures. The evidence is inextricably intertwined with the audit and assessment of Defendant's delinquent income taxes for tax years 1999-2005, which underlies Defendant's evasion of payment and obstruction of the IRS charged in Counts 1-3. The records and witness testimony cannot describe these charged events without referring to the fact that the Defendant was a willful non-filer for tax years 1999-2005. Similarly, Defendant attempted to evade the assessment of the 1999-2005

4

income taxes by running his income through an unreported business entity and placing his assets in unreported trusts. That conduct is inextricably intertwined with the IRS's discovery of the unreported income through an audit and ultimate assessment of the tax that Defendant sought to evade through the conduct charged in Counts 1-3. Finally, the obstructive and evasive conduct that Defendant engaged in throughout 2007-2009, and thereafter in relation to the delinquent 1999-2005 taxes, *see* ECF No. 1 at ¶¶ 8-12, is part of and essential context to Defendant's payment evasion and obstruction of the IRS.[4]

## II.  The Government's Notice of Arguable Rule 404(b) Material

As the Court is aware, Federal Rule of Evidence 404(b) permits the use of other crimes evidence for the limited purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." As the Tenth Circuit recognizes, "The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir.2001) (emphasis in original) (quotations omitted). In weighing the admissibility of evidence under Rule 404(b), trial courts consider four factors: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of

---

[4] The government does not intend to present evidence that the individuals who assisted Defendant with his efforts to evade the assessment of tax were themselves charged or convicted of federal fraud and tax violations. Those convictions do not appear to be based specifically on Defendant's evasion of assessment and involve other taxpayers. Any discussion in IRS records of those individuals' criminal charges will be redacted from the government's trial exhibits.

the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

Courts frequently admit Rule 404(b) evidence of tax crimes committed prior to and following the tax years charged in an indictment, including willful failures to file returns or pay taxes in uncharged years. *See, e.g.*, *United States v. Tolley*, 749 F. App'x 865, 869–70 (11th Cir. 2018) (affirming district court's admission of uncharged failure to file tax returns in other tax years since evidence was probative of defendant's intent and lack of mistake); *United States v. Ellett*, 278 F. App'x 82, 85 (2d Cir. 2008) ("Evidence of Ellett's failure to pay federal income tax in uncharged years was undoubtedly relevant because it tended to show that his failure to pay tax in the charged years was willful—that is, that he 'knew of [his] duty, and that he voluntarily and intentionally violated that duty.'" (citation omitted)); *United States v. Andujar*, 209 F. App'x 162, 170–71 (3d Cir. 2006);[5]  *United States v. Zizzo*, 120 F.3d 1338, 1355 (7th Cir. 1997); *United States v. Ausmus*, 774 F.2d 722, 727–28 (6th Cir.

---

[5] ("Andujar was charged with 22 counts of failure to file tax returns under 26 U.S.C. § 7203, which includes willfulness as an element of the crime. In [*United States v. Daraio*, 445 F.3d 253 (3d Cir.2006)] we held that '[i]n cases involving violations of federal tax laws such as tax evasion, "[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially."' 445 F.3d at 264 (quoting *United States v. Ringwalt*, 213 F. Supp. 2d 499, 506 (E.D. Pa. 2002)). Accordingly, the government's introduction of Andujar's tax filing history to prove willfulness was admitted for a proper purpose and was relevant to establishing an element of the crime charged. This is especially true in light of Andujar's asserted defense at trial that he did not willfully, maliciously, or intentionally fail to file his tax returns.").

1985).[6] Similarly, a defendant's submission of tax protestor materials to the IRS in years subsequent to the charged tax year is relevant, non-propensity evidence under Rule 404(b). *See, e.g.*, *United States v. Farber*, 630 F.2d 569, 571–72 (8th Cir. 1980) (affirming district court's admission of evidence that defendant submitted tax protestor materials for years following the tax year charged in the indictment). These courts have also recognized the Rule 404(b) admissibility of a defendant's failure to file state income tax returns. *See, e.g.*, *Ellet*, *supra*; *United States v. Millegan*, No. 3:19-CR-00528-IM, 2022 WL 1913289, at *2 (D. Or. June 2, 2022).[7]

---

[6] ("Finally, defendant argues that the District Court improperly admitted evidence that the defendant failed to pay his income taxes for years prior to and following the years charged in the information. The District Court ruled the evidence was admissible under Fed.R.Evid. 404(b)5 to show intent, plan, scheme, or absence of mistake or accident. Defendant contends that Fed.R.Evid. 403 required exclusion of the evidence because the prejudicial effects far outweighed any probative value…We hold that the District Court did not abuse its discretion in allowing introduction of the evidence. The defendant's failure to pay taxes, both prior to and following the years in question, demonstrates a pattern, plan, and scheme indicating that his failure to pay his taxes in 1978, 1979, and 1980 was not the result of an accident, negligence, or inadvertence. The pattern demonstrates willfulness, which was part of the government's prima facie case." (citation omitted)).

[7] ("Evidence related to Defendant's state tax debt is relevant and probative of willfulness and knowledge of a legal duty to pay, particularly because the years for which Defendant owed state taxes overlap with the years he owed federal taxes and the alleged evasion period. *See United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998) (explaining that 'a defendant's past taxpaying record is admissible to prove willfulness circumstantially' in a § 7201 case); *United States v. Oliver*, 850 F.2d 693 (6th Cir. 1988) ("[T]he case law is clear that the failure to pay state income taxes is relevant evidence in a federal income tax prosecution on the issue of willfulness."); *United States v. Greenlee*, 517 F.2d 899, 905 (3d Cir. 1975) (finding that the filing of a city tax return "provided an indication of the defendant's attitude toward reporting and paying taxes generally, and was thus probative on the question of whether he acted willfully in his failure to file federal returns").

Here, the government is providing notice that it intends to present evidence of: (1) Defendant's willful failure to file federal income tax returns for tax years 1995-1998 and 2006-2020; (2) Defendant's practice of willfully failing to file Utah state income tax returns; and (3) all instances of Defendant submitting frivolous tax protestor materials to the IRS, federal and state courts, and any other governmental authorities/agencies.

As to categories (1) and (2), the evidence of Defendant failing to file federal and state tax returns is highly probative of his willfulness, knowledge, and intent to violate the federal tax laws by obstructing the IRS and evading the payment of income taxes. Defendant's decades-long practice of failing to file or pay income taxes with either federal or state taxing authorities demonstrates that his evasive and obstructive conduct relating to his delinquent 1999-2005 federal income taxes was not the result of some specific dispute as to those particular taxes or some procedural unfairness with the audit and assessment of those particular income taxes. Defendant's common plan and scheme to not file or pay income tax in *any year* to *any taxing authority* belies the idea that he had some principled or specific good faith belief or objection to the 1999-2005 taxes he is charged with evading. This evidence also supports the non-propensity purpose of showing that Defendant did not act based on a mistake or inadvertence about whether he was required to pay income taxes.

The evidence is also relevant to belie specious claims that Defendant is expected to make at trial about being a lawful "taxpayer." As he did during his state criminal trial, Defendant is fond of claiming that he obeys the tax laws and "pays every lawful tax" that he owes. He has made this claim in public speeches and in writing, such as in this copy of a speech he passed out to neighbors:

8

> First, let me begin by saying that my wife Barbara and I are taxpaying, America-loving citizens. Our Founding Fathers gave us a form of government that has made this the greatest nation in the history of the world. We believe that people should
>
> pay every tax they legally and lawfully owe. We pay every tax we know that we legally owe. But, we decided a long time ago that we wouldn't pay taxes we didn't legally owe.

He made the same false claim in a video posted online. Evidence that Defendant has essentially never paid *any* tax to *any* one is therefore relevant to belying the frivolous arguments Defendant has made in public and during trial. The evidence clearly shows that Defendant did not simply choose to not pay his 1999-2005 federal income taxes due to a defect in the process of their assessment or the federal court ordered foreclosure of his residence.

The evidence also belies another of Defendant's common justifications for flouting the federal tax laws. As part of his sovereign citizen/tax protester ideology, Defendant denies the federal government's ability to impose an income tax, calling the federal income tax, among other things, an illegal, non-apportioned, indirect tax. He also at various times declares himself a citizen of Utah, but not the "corporation" of the United States. Defendant's decades-long practice of failing to file state income tax returns or pay state income taxes demonstrates that, rather than having some principled opposition to the collection of federal income tax, Defendant simply does not pay any income tax to any government. The evidence therefore undermines the idea that Defendant possessed some mistaken but good faith belief in the United States' inability to lawfully tax his income.

As to the third category of evidence–any instances of the Defendant submitting tax protestor or sovereign citizen materials to the IRS or government agencies at any time or in relation to any tax year–that evidence is clearly admissible for the non-propensity purpose of showing Defendant's knowledge and willfulness in violating the tax laws. Defendant's submission of these materials rebuts any claim that he was not aware of, or did not receive proper notice of, his outstanding tax debt and the court-ordered foreclosure of his home to satisfy this debt. And his continuing adherence to theories or beliefs premised on the rejection of federal taxing authority using frivolous, long-rejected legal theories is evidence that Defendant does not care what the law says and is willing to intentionally violate it. The evidence further belies the idea that Defendant could have a good faith belief that the law accepts or supports his fringe anti-tax theories. His repetitious failures throughout several decades to persuade government agencies or state and federal courts of his fringe views demonstrate that Defendant has been on notice that his conduct is illegal.

Based on the foregoing facts and law, the government hereby notifies Defendant that it intends to present this evidence at trial in this matter.

DATED this 7th day of February, 2024.

> TRINA A. HIGGINS
> United States Attorney
>
> */s/ Meredith M. Havekost*
> */s/ Patrick Burns*
> _____
> MEREDITH M. HAVEKOST
> PATRICK BURNS
> Trial Attorneys
> U.S. Department of Justice Tax Division