Paul-Kenneth: Cromar, ID #567164
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

Sui Juris [Pro Se]

RECEIVED US Dist Court-UT
MAR 05 '24 PM 02:10

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL KENNETH CROMAR, <br><br> Defendant *in error*. | Case No. <u>2:23-cr-00159-HCN-DBP</u> <br><br> DEFENDANT'S VERIFIED OBJECTION AND EMERGENCY MOTION FOR A WRITTEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW—REGARDING THE COURTS ORAL DECISION <br><br> District Judge Howard C. Nielson, Jr. <br> Magistrate Judge Dustin B. Pead |

    Comes now, Paul-Kenneth: Cromar[1] (hereinafter "Defendant" or "Cromar") sui juris' who respectfully brings to this court his "EMERGENCY MOTION FOR A WRITTEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW—REGARDING THE COURTS ORAL DECISION"

    The denial of Defendant's in errors, Motion to Dismiss (hereinafter MTD, Doc 70)

    The MTD raised multiple factual issues that go to the sufficiency of the Indictment, and also the venue (vicinage) and subject-matter jurisdiction, most of which were ignored and not even mentioned by the Court in the MTD hearing.

---

[1] For jurisdictional claims and stipulations, including but not limited to: See Motion to Dismiss Dkt. 70, Footnotes #1-4, 7,8; As of the yet unrebutted Affidavit Dkt. 71, Footnotes #1-14.(An unrebutted affidavit stands as fact.)

1

## INTRODUCTION

Defendant files this OBJECTION to the February 8, 2024 oral denial, and motion for a written of Facts, Findings and Conclusions of Law. The Courts decision memorialized only by transcript (Dkt. #137) for the oral commentary of the Honorable Judge Howard C. Nielson, Jr. ("Judge Nielson") falls <u>short</u> of a *Findings of Facts and Conclusions of Law* sufficient to preserve an option for an interlocutory appeal, as his comments apply to those facts and issues of law raised in the MTD, necessary to preserve defendant in error's right to appeal.

The transcript of the short hearing does not reflect the substantive points raised in the defendant's MTD and REPLY. The court failed to consider the facts or even reference clear authorities that apply to the court's opinions as presented in a court hearing.

## QUESTIONS PRESENTED

The Defendant in error found many issues of judicial insufficiency with the Court's oral decision for a detailed objection, however, the key objections include but are not limited to these three questions:

1) Was the arbitrary and capricious dismissal of Defendant's reasonable request for a continuance to prepare and have witnesses sworn under oath that could testify regarding jurisdictional defects in the Indictment that would provide evidence regarding lack of subject matter jurisdiction; and,

2) Is the failure of the Court to provide a written Findings of Facts and Conclusions a denial of due process; and,

3) Can the Court enter an oral only decision regarding a fully briefed Motion to Dismiss, unsupported by a written Findings of Facts and Conclusions of Law?

## STATEMENT OF CASE

The Defendant has been charged by way of Indictment, COUNT **1**: 26U.S.C.§7201, Attempt to Evade and Defeat the Assessment or Payment of Tax; COUNT 2: 26

U.S.C.§7212(a),Corruptly Obstructing the Due Administration of the Internal Revenue Code; and COUNT3: 26U.S.C.§7212(b),Forcible and Attempted Rescue of Seized Property.

Defendant had raised multiple causes, in a jurisdictional ("FRcP§12(b) et seq. and The Ends of Justice")challenge to the court's jurisdiction by way of a timely Motion to Dismiss ("MTD").

On December 4, 2023, Defendant filed a **VERIFIED** sworn and **NOTARIZED** Motion to Dismiss, MTD. (Doc. 70) On the same day, Defendant filed a **VERIFIED** sworn and **NOTARIZED** Affidavit in support of the MTD. (Doc. 71) The government responded to the Defendant's MTD. (Doc. 77) Defendant timely Replied to Prosecution's response to Defendant's MTD. (Doc. 100)

Notice: the Defendant did not receive service of the Feb 1, 2024 (court filing Doc. 112) Notice of oral hearing on Motion until <u>after</u> the Feb 8 hearing, that same evening at 5:50 pm delivered by Deputy Skagg.

On February 6, 2024, Defendant also filed "*Defendant's Motion to Continue Hearing on Motion to Dismiss*" and a "*NOTICE OF EVIDENCIARY HEARING REQUIRED*" The Motion to continue the MTD (Doc. 119) hearing listed five (5) witnesses that Defendant wanted to subpoena for the evidentiary hearing, and each witness had relevant testimony to prove a lack of subject matter jurisdiction directly related to the Defendant's MTD. This witness list contained but is not limited to Brett Belliston and Gary Chapman. (Doc. 119)

On February 7, 2024, Plaintiff *in error*, USA also filed their witness list (Doc. 122) which contained five witnesses including but not limited to the same Brett Belliston and Gary Chapman that Defendant wanted to include in his evidentiary hearing. (Doc. 122)

On February 08, 2024, a hearing regarding the MTD and the transcript of said hearing is the focal point of the instant motion. (Doc. 137)

3

## ARGUMENT

Defendant objects to the order on several grounds including, but not limited to, the fact that the Court ruled in the matter without the plaintiff's attorney (Prosecutor) having the opportunity to even object to the continuance, by way of written response.

Our American courts are based on an Adversarial System in both civil and criminal actions. It is common knowledge that the American legal system is an adversarial system and for a judge to make a ruling without a response from the adversary is a denial of due process; and puts the judge in a place he is responding for the prosecutor, thus practicing law from the bench.

> In a common law system, an adversarial approach is used to investigate and adjudicate guilt or innocence. The adversarial system assumes that truth—that is, an accurate verdict—is most likely to result from the open competition between the prosecution and the defense. Primary responsibility for the presentation of evidence and **legal arguments lies with the opposing parties, not with a judge**. **Each side, acting in its self-interest, is expected to present facts and interpretations of the law in a way most favorable to its interests**. The approach presumes that the accused is innocent, and the burden of proving guilt rests with the prosecution [**not the judge!**] Through counterargument and cross-examination, each side is expected to test the truthfulness, relevancy, and sufficiency of the opponent's evidence and arguments.
>
> The adversarial system places decision-making authority in the hands of neutral decision makers. The judge ascertains the applicable law and the jury determines the facts. **The system emphasizes procedural rules designed to ensure that the contest between the parties is a fair fight**. Critics of the adversarial approach argue that the pursuit of winning often overshadows the search for truth. Furthermore, inequalities between the parties in resources and in the abilities of the attorneys may distort the outcome of the adversarial contest.
>
> (Microsoft® Encarta® Reference Library 2003. © 1993-2002 Microsoft Corporation. All rights reserved.) [Bolding and underling added]

A full written Findings of Facts, and Conclusions of Law is necessary to determine the facts that could sanction the Court for not holding the prosecutor accountable to file a written response to the Defendant's motion for a continuance - a denial of due process.

A full written Findings of Facts and Conclusions of Law is necessary to determine if the Court's denial of the continuance was an *abuse of discretion*. A full decision providing a written Facts, Findings, and Conclusions of Law is also necessary to ferret out the facts and the law the

Court used to override the requirement that the prosecutor oppose creating a controversy that the Court could make a decision.

### Can The Court Enter An "Oral Only" Decision Regarding A Fully Briefed (Multiple Pleadings) Motion to Dismiss, Unsupported By A Written Finding of Facts and Conclusions of Law?

While upon a diligent search by Defendant and his legal team, they could find no statutory authority for the Court to avoid a written findings of facts, and conclusions of law in the federal rules of criminal procedure in a court (judge only) hearing. On the other hand, there are multiple authorities that support the necessity for a written *finding of facts and conclusions of law*.

---

*(1) In General. In an action tried on the facts without a jury or with an advisory jury, **the court must find the facts specially and state its conclusions of law separately**. (Fed. R. Civ. P. 52(a)(1))*

---

In Federal Rule of Civil Procedure 52(a)(1), courts are mandated to explicitly articulate findings of fact and conclusions of law in non-jury trials, a requirement underlined by precedent for ensuring judicial transparency and accountability (Kweskin v. Finkelstein, 223 F.2d 677; U.S. v. Aluminum Co. of America, 2 F.R.D. 224; Lee v. Walworth Co., 1 F.R.D. 569). This procedural mandate aligns with the constitutional guarantee of due process as articulated within both the Fifth and Fourteenth Amendments, which safeguard against deprivation of life, liberty, or property without lawful procedure, applicable to federal action and state governance, respectively (Cornell Law School's Legal Information Institute, https://www.law.cornell.edu/). Due process encompasses procedural safeguards such as the right to a fair trial and counsel, extending protection to matters of substantive law affecting fundamental rights, as seen in Lochner v. New York, 198 U.S. 45, 53–54.

A complete and accurate record is necessary to preserve Defendant's right of appeal. **This hearing was before the Judge only** and not before a jury; thus a complete written statement of Facts, Findings, and Conclusions of Law is required.

> The language of Rule 52(a) is similar to the Federal Rules of Civil Procedure. Federal case law has defined the standard of review in the federal rule and Wright & *193 Miller summarizes that standard as follows: [I]t is not accurate to say that the appellate court takes that view of the evidence that is most favorable to the appellee, that it assumes that all conflicts in the evidence were resolved in his favor, and that he must be given the benefit of all favorable inferences. *All of this is true in reviewing a jury verdict*. **It is not true when it is findings of the court that are being reviewed**. *Instead, the appellate court may examine all of the evidence in the record*. It will presume that the trial court relied only on evidence properly admissible in making its finding in the absence of a clear showing to the contrary. It must give great weight to the findings made and the inferences drawn by the trial judge, but it must reject his findings if it considers them to be clearly erroneous.
>
> On January 1, 1987, however, new Utah Rule of Civil Procedure 52(a) took effect, providing:
>
> > In all actions tried upon the facts without a jury or with an advisory jury, **the court shall find the facts specially and state separately its conclusions of law** thereon, and judgment shall be entered pursuant to Rule 58A; **in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law** which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. (Emphasis added.) Rule 52(a) applies in criminal cases by virtue of Utah Code Ann. § 77–35–26(g) (1982), which provides: "The rules of civil procedure relating to appeals shall govern criminal appeals to the Supreme Court except as otherwise provided." See also Utah R.Civ.P. 81(e) (civil procedure rules apply in the absence of contradictory rule of criminal procedure).

State v. Walker, 743 P.2d 191, 192–93 (**Utah 1987**)

Thus, it is clear that a written Facts, Findings, and Conclusions of Law is required to meet a critical element in due process of law. Pursuant to Rules 52 and 58 of the Federal Rules of Civil Procedure, Due Process and the Ends of Justice require written decisions, are indispensable to ensure an accurate and complete record of court proceedings, and they aid in understanding the court's application of law to the given facts. In this case, having a written decision <u>and</u> a transcript of the oral decision will facilitate comprehension and future references to the court's findings.

The transcript is insufficient, for an appeal record, lacking specificity in referencing the factual findings to what the court opined to be the law as applied to the facts.

Defendant in error points to why the transcript (Transcript, Pg. 4, ln. 6-14) is substantially and materially incomplete for a record on appeal as it ignores the Defendant's MTD as referenced under FRCrP §12(b) et. seq. and the Ends of Justice. In pertinent part §12(b) provides:

(A) a defect in instituting the prosecution, including:

(i) **improper venue**;

(ii) preindictment delay;

(iii) a violation of the constitutional right to a speedy trial;

(iv) selective or vindictive prosecution; and

(v) <u>**an error in the grand-jury proceeding or preliminary hearing**</u>;

(B) <u>**a defect in the indictment or information**</u>, including:

(i) joining two or more offenses in the same count (duplicity);

(ii) charging the same offense in more than one count (multiplicity);

(iii) lack of specificity;

(iv) improper joinder; and

(v) <u>**failure to state an offense**</u>;

(Fed. R. Crim. P. 12)

Each of these provisions, if proved factually apply, would mean the Court lost or never had subject matter jurisdiction. To determine if these legal arguments apply they must first address facts which the Court appears to imply can be only determined at trial.

"Out of the Facts, the Issue Arises"
"Without Facts, There is no Issue"

(Flemings's Fundamentals of Law, pg. 1)

7

*MAXIM.* **When the proofs of facts are present, what need is there of words.** *Cum adsunt testimonia rerum, quid opus estverbis.*

*MAXIM.* **Give me the facts, I will give you the law**. *Da mihi factum, dabotibiius.*

*MAXIM.* **Deeds (or facts) are more powerful than words**. *Facta sunt potentioraverbis.*

The presumptions contended for by appellants are mixed of law and fact, except, may be, those which we shall presently consider. <u>If either element is dominant in such presumptions, it must be that of fact.</u> **<u>In other words, the fact must be ascertained before the law draws its inference</u>**. (Illinois Cent. R. Co. v. Interstate Com. Comm'n, 206 U.S. 441, 460 (1907))

Thus, the Court's transcript of the oral opinion is insufficient to determine the FACTUAL basis for the Court's lack of Jurisdiction. The factual basis regarding venue and subject-matter-jurisdiction averments, in Defendant's MTD were not addressed in the denial. A written statement of Facts, Findings, and Conclusions is required to ferret out how the Court made its determination that it had subject-matter jurisdiction.

**The Transcript Is Insufficient To Provide The Factual Detail For The Defendant Or A Reviewing Tribunal To Determine The Conclusion Of Law.**

The Defendant in error stipulates that the court erroneously found Article I, Clause 8 gave IRS authority to lay and collect taxes.

[COURT:] *This means that the United States Congress can enact laws pursuant to its enumerated powers set forth in Article I, Section 8, including its power to "lay and collect taxes" and to "make all laws which shall be necessary and proper for carrying into execution" that power.*

*Mr. Cromar has not argued, and I do not think he plausibly could argue, that the criminal laws that he has been charged with violating fall outside the scope of these enumerated powers.*

(Transcript, Pg. 8-9)

This opinion flies in face of the government's legal brief, citing United States v. Collins as stated in the "Appellees [United States of America] Opposition to Appellant's Motion For A Stay Pending Appeal" at page 8, filed in the public record "In The United States Court of Appeals for the Tenth Circuit," Case Number 19-4035, in the U.S. 10th Circuit Court of Appeals,

2019. This ORDER was filed in case 2:17-cv-01223-RJS at Doc. 116, as the original nexus case, which directly relates to this instant case. There the "United States of America" opined:

> "But this court has held that an "**argument** that the sixteenth does not authorize a direct, <u>non-apportioned tax on United States citizen</u> ... **is devoid of any arguable basis on law**." (United States v. Collins, 920 F2d 619, 629) (10th Cir. 1990) (affirming revocation of counsel pro hac vice admission for advancing this and similar arguments.)" (USCA, 10 Cir., USA Opposition, Pg. 8)

Additionally, Defendant's filing of March 1, 2024 Doc. 152, 153, Paragraphs 9-11 also addresses this court's defective oral order as follows:

> "While Mr. Cromar has **not** made the *implausible* argument referred to by the court in its "*minute order*", the **plaintiff United States <u>did argue exactly that</u>** in the now *controlling* previous litigation with this same defendant in the U.S. 10th Circuit Court of Appeals. And the U.S. 10th Circuit Court **accepted** the argument and held **exactly that**, *i.e.*: that the jurisdiction of the federal courts to enforce the tax claims brought against this defendant-in-error Cromar, is based on a grant of an *alleged* <u>newly</u> created *taxing power* made by the 16th Amendment alone, *i.e.*: to tax income **directly** and **without** any constitutional *limitation* being made applicable to the *taxing power* alleged granted thereunder, as the federal courts have been doing for 50 years of *operational practice*.
>
> "This district court seems to be completely oblivious to, and *erroneously* **overlooking,** the **fact** that this issue, of the specific constitutional, jurisdictional foundation at law claimed over these tax enforcement actions in these federal courts against defendant Cromar, was **already settled** by the 10th Circuit Court, and its decision **cannot be** *lawfully* **reversed now** by this lower district court, as it is *wrongfully* and *erroneously* attempting to do with its **erroneous** "minute order". It was in fact, the **plaintiff United States** itself that previously **vehemently** argued in the 10th Circuit **against the position** now taken by this court in its "minute order", arguing in that **previously litigated** action hat the *constitutional authority* **relied upon** in the federal courts to prosecute defendant Cromar for tax crimes <u>arises **under the 16th Amendment**</u> alone, and **not under** Article I.
>
> "Why the plaintiff United States did not call this <u>obvious</u> **error** and **contradiction** of the 10th Circuit Court's *controlling* decision of record in this matter to the attention of this district court at the hearing is unknown…"

The arguments above are made to show the Court transcript of the Oral decision is void of findings of facts and conclusions of law which is again necessary for the Defendant and/or an

appellant tribunal to ferret out the discrepancy in these two positions regarding the source of authority for the Income Tax. A written Findings of Facts and Conclusions of Law is required in order for the defendant to proceed to appellant review.

### The Transcript Is Insufficient To Justify The Court's Denial Of Defendants Averments In The MTD Regarding an Article III Court v. an Article IV Court Authorities to Prosecute a Criminal Action.

In a final example, the transcript is void of any facts and law that make the Defendant's averments the United States District Court, for the District of Utah is an administrative article IV court without authority WITHIN the state of Utah and WITHOUT the "United States" and its territories. (Transcript, Pg. 10, ln. 1)

The argument WAS disputed in Defendant's MTD, and cited two United States Supreme Court rulings, Balzac v. People of Puerto Rico, 258 U.S. 298, 312 (1922) and Mookini v. United States were cited in his MTD, and the transcript is without any facts to dispute the averment the United State District and the District Court are not the same court with the same powers. (See MTD Doc. 70 Pg. 6-7)

The Transcript does not make clear why the facts and law, including the distinction of the United States District Court and the United State District Court and the powers and territory were not addressed.

"United States of America" and the "United States" are NOT one and the same entity. Each has plenary legislative powers within their territorial jurisdiction as defined by statute.

### CONCLUSION

It is clear that a written Facts, Findings, and Conclusions of Law is required to meet a critical element in due process of law.

1. Defendant concludes that the Court glossed over or ignored completely; many issues dispositive of the case; and,

2. Defendant concludes that had he been allowed a reasonable continuance and allowed witnesses to be called under oath to testify, the evidence would have shown that the Cedar Hills home was no longer seized by the IRS, *See* MTD, Doc. 70, Exhibit 03, at pg. 60; and,

3. Defendant concludes this was not just a matter for the Jury, it was also necessary to make factual findings that would have proved "lack of specificity" (FRCrP, §12(b)(A)(iii))and a failure to state a claim (FRCrP, §12(b)(A)(iii)), thus, the Court lacked subject matter jurisdiction; and,

4. Defendant concludes based in the above-described facts and law presented in Defendant's MTD, that the Due Process and Ends of Justice and procedural fairness in pre-trial hearing that involves a dispositive matter that is decided by the judge, requires a complete written Findings of Facts and Conclusions of Law addressing each factual and legal issue.

PRAYER FOR RELIEF

Therefore, Defendant *in-error* humbly requests this court to issue a written statement of Factual Findings, and Conclusions of Law that satisfy Due Process of Law, so the Defendant can preserve appellant remedy for a clearly erroneous and admittedly[2] incomplete oral opinion.

Respectfully presented, in honor, on this the 5th day of March, in the year of our Lord Jesus Christ, anno domini 2024.

*[signature]*
Paul-Kenneth: Cromar, *sui juris [pro se]*
Sui juris, executor of the trust by the same name

---

[2] See Transcript, Feb 8, 2024, Pg. 20, ln. 17-23

## VERIFICATION

STATE OF UTAH

DAVIS COUNTY

My name is Paul-Kenneth: Cromar. I have read "DEFENDANT'S VERIFIED OBJECTION AND EMERGENCY MOTION FOR A WRITTEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW—REGARDING THE COURTS ORAL DECISION; NOTICE OF INTENT TO APPEAL" and know from my personal knowledge the things stated therein.

The facts stated in it are within my personal knowledge and are true and correct; as to those things stated on information and belief, including legal citations contained thereon, and as to those citations I believe them to be correct also.

Dated this 5th, day of March 2024.

Respectfully presented,

by: *[signature]* ™

Paul-Kenneth: Cromar, Sui Juris, [Pro Se]

STATE OF UTAH DAVIS COUNTY

NOTARY JURAT

The foregoing instrument was acknowledged before me this 5 day of March, 2024

By Paul Cromar . Notary:

My commission expires 4/10/2027



ZACHARY JOLLEY
Notary Public - State of Utah
Comm. No. 730538
My Commission Expires on
Apr 10, 2027

*[notary signature]*

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **DEFENDANT'S VERIFIED OBJECTION AND EMERGENCY MOTION FOR A WRITTEN FINDINGS OF FACTS AND CONCLUSIONS OF LAW—REGARDING THE COURTS ORAL DECISION; NOTICE OF INTENT TO APPEAL**

TRINA A. HIGGINS
PATRICK BURNS
MEREDITH M. HAVEKOST
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

_/s/ Raland Brunson_
Raland Brunson