UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR<br><br>Defendant. | ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 2:23-cr-159<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Mr. Cromar's motion to continue jury trial, the court hereby finds as follows:

Mr. Cromar was arraigned on September 13, 2023, and trial was scheduled for November 7, 2023, which was within the 70 days allowed under the Speedy Trial Act. *See* Dkt. No. 16. Mr. Cromar sought a continuance of trial on October 10, 2023, which this court granted and continued trial to December 12, 2023. *See* Dkt. No. 39. At a status conference before Chief Magistrate Judge Dustin B. Pead on November 15, 2023, the United States and Mr. Cromar agreed that a 60-day continuance was necessary for Mr. Cromar's effective preparation, given the voluminous discovery, limitations on Mr. Cromar's time to review that discovery while confined, and the approval of Mr. Cromar's requests for additional resources to investigate and prepare his defense. *See* Dkt. No. 88. This court continued the trial to February 6, 2024, excluding time between the motion and the new trial date from computation under the Speedy trial Act. *See* Dkt. No. 65.

On December 4, 2024, Mr. Cromar filed a motion to dismiss the indictment. *See* Dkt. No. 70. This court denied that motion during a hearing on February 8, 2024. *See* Dkt. No. 134. The time to commence trial under the Speedy Trial Act was tolled between the filing of Mr. Cromar's

motion and this court's decision. At a status conference on January 25, 2024, Mr. Cromar stated that he needed additional time to prepare his defense. *See* Dkt. Nos. 106, 120. The United States indicated that although it was prepared to proceed to trial as scheduled, it did not oppose a continuance to accommodate Mr. Cromar. Based the parties' representations, this court ordered the government to submit a motion to continue and proposed order *See id.* This court granted the motion, continuing trial to March 6, 2024, and excluding time under the Speedy Trial Act until the new trial date. *See* Dkt. No. 124.

On February 21, 2024, Mr. Cromar filed what he styled a "Motion to Continue Trial Date from March 6th Conditionally to May 7, 2024." Dkt. No. 141. Mr. Cromar represents that he needs access to certain documents that he does not have with him in jail in order to prepare his defense for trial. Mr. Cromar also needs additional time to review and respond to the proposed exhibits, witness list, jury instructions, verdict forms, and motions in limine filed by the United States. Counsel for the government filed a response to Defendant's motion on February 22, 2024, stating that the government was prepared to proceed to trial as scheduled but did not object to a continuance. *See* Dkt. No. 143.

Based on these representations, the court finds that failure to grant a continuance would result in a miscarriage of justice and deny the Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The court finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for excluding time under the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued to May 21, 2024.

2. The time period from February 20, 2023, to May 21, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Any subpoenas previously served on witnesses for the March 6, 2024 trial date are hereby continued and those witnesses remain under subpoena for personal appearance on the first day of trial set to commence on May 21, 2024.

IT IS SO ORDERED.

Dated this 6th day of March, 2024.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge