# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAR 13 2024

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff *in-error*,<br><br>v.<br><br>**Paul-Kenneth: Cromar**<br>Defendant *in-error*. | CASE NO.: 2:23-cr-00159-HCN<br><br>**DEFENDANT'S<br>MOTION TO RECUSE** |

## DEFENDANT'S MOTION TO RECUSE

1)   Comes now, Paul-Kenneth: Cromar[1], "Ken Cromar", Defendant *in error, sui juris* [*pro se*], the living man, a son and heir of God, who hereby respectfully *moves* this court to recuse Judge Howard C. Nielson, Jr. from the above entitled criminal prosecution of the defendant under authority of Title 28 U.S.C. § 455 and Title 28 U.S.C. § 144, for the legal cause of showing ***prejudicial favoritism*** for the plaintiff United States in this litigation by acting as an attorney for the plaintiff United States from the bench during the recent hearing, and by making improper and ***erroneous*** arguments for the plaintiff, instead of making the plaintiff speak for themselves on the record on the issue of the *subject matter jurisdiction* of the court that can be lawfully taken by the court over the action – which plaintiff still refuses to do. *Recusal* is further warranted by the court's blatant and *prejudicial* violations of *due process* in these matters as well.

2) Title 28 U.S.C. § 455, plainly and clearly states:

> **§ 455. Disqualification of justice, judge, or magistrate judge**

---

[1] *See* MOTION TO DISMISS Dkt. 70, Footnotes #1-4,7,8; and the as of yet an unrebutted AFFIDAVIT Dkt. 71, Footnotes #1-14. (An rebutted affidavit stands as fact.)

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

3) And Title 28 U.S.C. § 144, states

> **§ 144. Bias or prejudice of judge.**
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. ... (*See attached Affidavit*)

4) In *Marshall v Jerrico Inc.*, 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed.2d 182 (1980), the Supreme Court of the United States held that:

> "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process. See *Carey v. Piphus*, 435 U.S. 247, 259-262, 266-267 (1978). The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. See *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976). At the same time, it preserves both the appearance and reality of fairness, "generating the feeling, so important to a popular government, that justice has been done," *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring), by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.
>
> The requirement of neutrality has been jealously guarded by this Court. In *Tumey v. Ohio*, supra, the Court reversed convictions rendered by the mayor of a town when the mayor's salary was paid in part by fees and costs levied by him acting in a judicial capacity. The Court stated that the Due Process Clause would not permit any "procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not

>   to hold the balance nice, clear and true between the State and the accused." 273 U.S., at 532." *Marshall v Jerrico Inc., supra.*

5) Additionally, the Fourteenth Amendment guarantees the right to an impartial and disinterested tribunal. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980). This right applies not only at the trial level, but also to the fairness of the appellate panel to which a defendant may appeal as a matter of right. Cf. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985).

6) A fair tribunal requires not only "an absence of actual bias ... [b]ut to perform its high function in the best way 'justice must satisfy the appearance of justice.' " In re *Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955), quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954); *Rapp v. Van Dusen*, 350 F.2d 806, 812 (3d Cir.1965). A defendant's right to an impartial tribunal is **violated** when a judge deciding his case may have a direct interest against him. See *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927). This is of course also true when the judge demonstrates an **irrational,** *prejudicial* **favoritism** for a litigant like the United States of America, or against a particular type of litigant, like a "*pro se*", as in this case with the Defendant.

7) *Recusal* of Judge Nielson is now warranted and required in this criminal prosecutorial action:

   a) For the failure of the court to compel or *order* the plaintiff to properly identify and fully establish its **specific** claim of a subject-matter jurisdiction that can be taken by the court over this criminal prosecution of this Defendant.
   b) For improperly intervening and prejudicially attempting to argue for, and on behalf of, the Plaintiff on the issue of *subject matter jurisdiction*, rather than making the plaintiff speak to its own beliefs and argument(s).
   c) For trying to establish *subject matter jurisdiction* off the record in a "minute order" instead of by a proper and formal declaration of such on the record of the action in the court as required by *due process*

d) For *prejudicially* attempting to change the plaintiff's previously made *claims* to *subject matter jurisdiction* under the 16th Amendment (in previous litigation with the same defendant), to a *claim* that is instead *nakedly* alleged by the court to exist under Article I, Section 8, - where there <u>is an applicable *enabling enforcement clause* to authorize the court</u> to act to enforce claims for tax; - instead of consistently declaring that it exists under the 16th Amendment, as previously argued by the DOJ and determined by the 10th Circuit Court (Dkt. #153 & 152), **but under which** Amendment the court **knows full well** that there is <u>**no**</u> *enabling enforcement clause* in the Amendment to *constitutionally* **authorize** the U.S. Congress to write law to enable the court to take a *subject matter jurisdiction* to enforce **criminal** charges under authority of the 16th Amendment alone, instead of under Article I (where there is an *enabling enforcement power* that is authorized to provide the court with a demonstrable, fully-granted subject matter jurisdiction that can be taken).   This district court bench appears to be aware that there is a *fatal error* in the plaintiff's claim that *subject matter jurisdiction* exists under the 16th Amendment alone, - in that it **cannot** be shown that the U.S. Congress was *constitutionally* <u>authorized</u> to <u>write law</u> by an *enabling enforcement clause* within that Amendment – to enforce any allegedly new *taxing power, alleged* to have been created thereunder, independent of the article I, Section 8 authorities.  Thus, in order to *prejudicially* try to avoid that *fatal defect* being exposed on the record by the criminal defendant, the court *prejudicially* attempted to alter the plaintiff's arguments and tried to **substitute** a **different** *subject matter jurisdictional* claim in the "minute order", than had been argued by the plaintiff in a previous related action - with this same defendant on this same identical issue, instead of remaining *impartial* and **without** *prejudicial favoritism.*

e) For *prejudicially* trying to hide, and keep secret and secreted, the **absence** of a proper and fully granted *subject matter jurisdiction* of the court that can lawfully be taken over the criminal prosecution of the defendant, by summarily "declaring" it in an informal "minute order", instead of declaring the **specific** *subject-matter jurisdiction* of the court taken in a formal *Order* of the court, properly issued on the formal record of the action in the court – in proper *due process of law* and pursuit of justice.

f) For Violating the doctrine of *collateral estoppel* by *ordering* that *subject matter jurisdiction* exists over this action under Article I, and **not** under the 16th Amendment, - as previously argued by the DOJ in a previous action with this same defendant on this same issue. (See Case 2:17-cv-01223-RJS and Dkt 153 & 152 of this instant case)

g) For Violating the doctrine of *judicial estoppel* by *ordering* that *subject matter jurisdiction* exists over this action under Article I, and **not** under the 16th Amendment as previously determined by the U.S. 10th Circuit Court of Appeals in a previous action with this same defendant on this same issue.

h) For violating the doctrine of *estoppel by judgment* by *ordering* that *subject matter jurisdiction* exists over this action under Article I, and **not** the 16th Amendment as previously determined by judgement entered in the U.S. 10th Circuit Court of Appeals in a previous action with this same defendant on this same issue. (Ibid.)

8) The above named district court Judge Nielson in this action, has deliberately and blatantly exceeded and violated both the statutory legal authority of the court to act, as well as the Defendant's *due process* rights and personal liberties, and has wantonly refused to provide the statutorily required *due process* of law and equal protection of the rights of the Defendant, and has further behaved in a manner **inconsistent** with that which is necessary and required by the statutes, the regulations, the rules of the court, and the federal rules of criminal procedure, for full, fair, hearings conducted by an ***impartial*** judge.

9) The United States Constitution guarantees all Defendants in the United States courts an **unbiased** judge who will provide litigants, and specifically criminal defendants, with the full protection of **ALL** of their rights as provided for under the U.S. Constitution, the statutes of the United States Code (U.S.C.), the rules of the court, and the Federal Rules of Criminal Procedure in criminal prosecutions. The written record of the district court in this matter, in the form of its own "minute order", plainly and clearly shows that the district court has completely refused to do any of these required things or provide any of those required protections.

10) Therefore, by the behavior and conduct of the judge expounded herein above, Defendant has good reason to believe, and to argue, that the above named Judge has already *factually demonstrated* that is **unable** to hear the subject case in both a *fair* and *impartial* manner, and Defendant therefore respectfully *moves* that the above named judge in this matter *recuse* himself immediately from further involvement in this criminal prosecution of the defendant-in-error, Ken Cromar.

11) Judgement is a "void judgment" if court that rendered judgment *lacked* jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, *Klugh v. U.S.*, D.C.S.C., 620 F.Supp. 892, 901. Defendant is further aware that pursuant to the Federal Rules of **Civil** Procedure, Rule 60(b), the district court "may relieve a party or its legal representative from a final judgment, **Order, or proceeding**" if, inter alia, "the judgment is void." Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is **void** under Rule 60(b)(4) if the court that rendered it *lacked* jurisdiction of the subject matter, or of the parties, or **if it acted in a manner inconsistent with due process of law**." Burke, 252 F.3d at 1263.

12) The incarcerated *sui juris* Defendant in error Cromar of course has no formal legal education, however he now respectfully asks this court: "*Does not this same jurisdictional requirement and limiting doctrine apply to, and within, all **criminal proceeding**s occurring in the federal courts, as well?*"

13) Embodied in the *due process of law* concept are the basic rights of a defendant in criminal proceedings and the requisites for a fair trial. These rights and requirements have been expanded by Supreme Court decisions and include, timely notice of a hearing or trial which informs the accused of the charges against him or her; the opportunity to confront accusers and to present evidence on one's own behalf before an **impartial** jury or judge; the presumption of innocence under which guilt must be proven by legally obtained evidence and the verdict must be supported by the evidence presented; the right of an accused to be warned of constitutional rights at the earliest stage of the criminal process; protection against self incrimination; assistance of counsel at every critical stage of the criminal process; and the guarantee that an individual will not be tried more than once for the same offense (double jeopardy). *Blacks's Law Dictionary, Sixth Edition*

14) The above-named district court judge Howard C. Nielson, Jr. **inexplicably** and *prejudicially* ignores these controlling standards of conduct, doing detrimental and *prejudicial* harm to Defendant and his rights.

15) The required *Due process* of law has been *prejudicially* and blatantly **violated** by the court in this matter, who also failed the *due process* duty to honour the previous holdings of the U.S. 10th Circuit Court of Appeals in previous litigation, with the same defendant, on the same issue. (See Case 2:17-cv-01223-RJS and Dkt 153 & 152 of this instant case)

16) These cumulative and repetitive *prejudicial* acts and operations of the court; its *arbitrary* and *capricious* rulings; its blatant **disregard** for the written law and the previous decisions under it; and its replacement of the law with *mere* **unsupported** *summary* assertions in the "minute order"; can now all be easily and clearly seen to be **entirely removed** from both basis at law and the Rules of the court as well, - and that documented history in this action certainly now warrants Defendant's filing of this Moti*on To Recuse* at this time in the proceedings, against the named jurist.

## Summary & Conclusion

17) Therefore, under Title 28 U.S.C. § 455, Defendant respectfully *moves* this court to recuse Judge Howard C. Nielson, Jr., for legal cause, from further participation in proceedings in the above titled criminal prosecution of Defendant-in-error, Ken Cromar.

## Prayer For Relief

18) Defendant *in-error* Paul-Kenneth: Cromar now prays this court to recuse Judge Howard C. Nielson, Jr., for legal cause, from further participation in proceedings in the above captioned action.

Presented in honor in the year of our Lord Jesus Christ and in His name the 12th day of March, anno domini 2024.

by: _____
Paul-Kenneth: Cromar

As per docket #25 of September 27, 2023 "I elect to proceed under Constitutional Common Law."

Paul-Kenneth: Cromar, ID #567164
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

[Pro Se] *sui juris*

# SWORN AFFIDAVIT OF PAUL-KENNETH: CROMAR

1.  I, Paul-Kenneth: Cromar, "Ken Cromar" do hereby solemnly swear that I believe that the district court Judge, Howard C. Nielson, Jr., assigned to this case, Case Number 2:23-cr-159, has plainly demonstrated an improper and *prejudicial* **favoritism** for the plaintiff United States in this criminal prosecution of me, and he should therefore be recused from further proceedings in this matter.

2.  The documented facts in this matter establishing the prejudicial favoritism of the Court, **for** the United States, are:

    a.  The judge has refused to compel the plaintiff to establish the *subject matter jurisdiction* of the court on the record of the action in the court as required by *due process*; (See Case 2:17-cv-01223-RJS and Dkt 153 & 152 of this instant case)

    b.  The judge improperly intervened and prejudicially attempted to argue for, and on behalf of, the Plaintiff on the issue of *subject matter jurisdiction*, rather than making the plaintiff speak to its own beliefs and argument(s);

    c.  For improperly trying to establish the *subject matter jurisdiction* of the court **off the record** in a "minute order" instead of by a proper and formal declaration of such on the record of the action in the court as required by both *Rule* and *due process;*

    d.  For prejudicially trying to hide, and keep secreted, the **absence** of a proper and fully granted *subject matter jurisdiction* of the court over the action, through the issuance of an informal "minute order" instead of through a formally issued *Order* of the court, properly issued on the record of the action in the court.

    e.  For violating the doctrine of *collateral estoppel* by attempting to *declare* and *ordering* that *subject matter jurisdiction* exists over this action under Article I, and **not** under the 16th Amendment, - as previously argued by the DOJ in a previous action with this same defendant on this same issue.

  f.  For Violating the doctrine of *judicial estoppel* by *ordering* that *subject matter jurisdiction* exists over this action under Article I, and **not** under the 16th Amendment as previously determined by the U.S. 10th Circuit Court of Appeals in a previous action with this same defendant on this same issue.

  g.  For Violating the doctrine of *estoppel by judgment* by *ordering* that *subject matter jurisdiction* exists over this action is taken under Article I authorities, and **not under** the 16th Amendment as previously determined by judgement entered in the U.S. 10th Circuit Court of Appeals in a previous action with this same defendant on this same issue.

I, defendant-in-error Ken Cromar, now affix my signature to these sworn affirmations and respectfully seek the *recusal* of Judge Howard C. Nielson, Jr., from further participation in this criminal prosecution for the above specified legal causes.

by: _____[signature]_____ TM
  {Full Name}    Seal

The foregoing was subscribed and sworn to before me, a Notary Public, of the State of __Utah__, County of __Davis__, this __12__ day of __March__, 20__24__.

_____[signature]_____
Notary Public

My Commission Expires On: __3/6/27__

JAMES BRIERLEY
Notary Public - State of Utah
Comm. No. 729802
My Commission Expires on
Mar 6, 2027

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **DEFENDANT'S MOTION TO RECUSE**

    TRINA A. HIGGINS
    PATRICK BURNS
    MEREDITH M. HAVEKOST
    Attorneys of the United States of America
    111 South Main Street, Suite 1800
    Salt Lake City, Utah 84111

_/s/ Raland Brunson_
Raland Brunson