Paul-Kenneth: Cromar, ID #567164
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

FILED US District Court-UT
APR 09 '24 PM 12:58

[Pro Se] *sui juris*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff *in error*,<br><br>vs.<br><br>PAUL KENNETH CROMAR,<br><br>Defendant *in error* | Case No. 2:23-cr-00159-HCN-DBP<br><br>DEFENDANT'S MOTION TO DISMISS INDICTMENT<br><br>(Indictment, Dkt 1)<br><br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Comes now, Paul-Kenneth: Cromar[1], "Ken Cromar", Defendant *in error*, *sui juris* [*pro se*], who brings to this court his **Defendant's Motion to Dismiss Indictment.** (*See* Exhibit "A" Dkt. 1)

INTRODUCTION

April 19, 2024, a Federal Grand Jury indictment was filed against Cromar.

In order for Cromar to effectively prepare for trial, the Rules of Criminal Procedure has required that "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" (*See* Fed.R.Crim.Proc 7(C)(1).)

---

[1] *See* MOTION TO DISMISS Dkt. 70, Footnotes #1-4,7,8; and the as of yet unrebutted AFFIDAVIT Dkt. 71, Footnotes #1-14. (An unrebutted affidavit stands as fact.)

1

Cromar will show that the Indictment fails to meet these requirements, along with the revelation that some of the charges are unrelated to the United States Code that it references, making the Indictment insufficient[2], and therefore must be dismissed with prejudice.

ARGUMENT

<u><b>COUNT ONE:</b></u><br>
26 U.S.C. § 7201

1. "The District of Utah and elsewhere, Paul Kenneth Cromar, willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 1999 through 2005, by committing the following affirmative acts…,

   …**among others.**" (Emphasis added) (See Paragraph 27 Line 4)

2. This charge "among others" is the first charge against Cromar and introduces the next 2 charges within Count 1 of the Indictment.

3. In consideration of the seriousness of this charge it is important for this Court to know that Cromar must prepare his defense against this charge "*among others*." But there is one problem. It is impossible to prepare a defense for "*among others*" because it puts Cromar in a blind defenseless position for possible additional surprises at trial. All because this undefined charge "*among others*" reserves the room and space for possible new surprises. Now, in criminal courts there may be legal authority to support the introduction of new charges **before** trial, but this does not replace the rules concerning the indictment itself. The rules of the indictment are separate and must be followed. The charges in the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[3]" and this first charge "*among others*" fails to comply with this rule.

---

[2] Courts will not normally find an indictment insufficient unless it fails to state a material element of the offense. See United States v. Lopez, 2 F.3d 1342, 1368 (5th Cir. 1993), aff'd, 115 S.Ct. 1624 (1995)

[3] "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" (See 7(C)(1) Fed.R.Crim.Proc.)

4. In addition to this particular surprise *"among others,"* it is also outside the scope of the legal authority that supports the rules of all Grand Jury federal indictments. Rules must be obeyed or the indictment must be dismissed.

   > "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" (*see* Fed.R.Crim.Proc 7(C)(1).)

5. The charge *"among others"* is NOT plain, concise, and definite. Prosecutor Mark Woolf, who signed the indictment and intentionally included the charge *"among others"* showed a clear indication that the Prosecutors want to reserve the right to conduct a witch hunt for possible future evidence that were never presented to the Grand Jury and doing so with the intent to bring them up at a later date in a strategic attempt to surprise Cromar with a blindsided move to wrongfully convict him.

   > "[The] indictment must furnish the defendant with a sufficient description of the charges against him to <u>enable him to prepare his defense</u>, to ensure that the defendant is prosecuted on the basis of **facts presented to the grand jury**, to enable him to plead jeopardy against a later prosecution, and to inform the court of the **facts alleged** so that it can determine the sufficiency of the charge." Russell v. United States, 369 U.S. at 763, 768 n. 15, 771, 82 S.Ct. 1038; United States v. Keith, 605 F.2d at 464; United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976), Cert. denied, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). (Emphasis added)

6. The Prosecutors Motion in Limine Dkt. 123 "GOVERNMENT'S NOTICE OF INEXTRICABLY INTERTWINED EVIDENCE, OR, IN THE ALTERNATIVE, NOTICE OF INTENT TO PRESENT RULE 404(B) EVIDENCE," is a perfect example of a witch hunt in trying to throw a large vat of proverbial spaghetti at the judicial wall hoping something sticks. This spaghetti of the proposed 20 or so years of Utah State tax court records has nothing to do with Federal Income Tax, nor the specific 1999 to 2005 years which is the basis of this case while confusing the court and jury with irrelevant and immaterial information that is extremely prejudicial as per rule 403.

7. THEREFORE, Cromar moves this court to dismiss the Indictment for violating Fed.R.Crim.Proc 7(C)(1)

\* \* \* \*

**"(a) submitting false documents with the IRS."** (Emphasis added) (See paragraph 27 line 4).

8. This is the next charge in Count 1.
9. If in fact there were false documents that Cromar filed with the IRS then these alleged "false documents" were used to convince the Grand Jury to vote in favor of this charge. If the Government Prosecutors did not have these alleged "false documents" at the time of the Grand Jury vote, but were able to obtain these alleged "false documents" AFTER the vote of the Grand Jury, then this Indictment was created and signed with the intention of charging Cromar with a crime that was first fabricated along with the lack of evidence or facts that could be presented to the Grand Jury, making the Indictment in itself insufficient.
10. This court has the authority to order the Government Prosecutors to provide Cromar with the evidence that was shown to the Grand Jury if there is a valid concern that the Indictment is insufficient.
11. THEREFORE, Cromar moves the court to order the Government Prosecutors to file a copy of these alleged "false documents" with the court under the title that references this Motion. For example, the title could say something like "Evidentiary response to Defendant's Motion to Dismiss Indictment," then have this response be referenced as an exhibit. Otherwise, Cromar will accept these specific documents to be filed with the court however the court deems appropriate and satisfactory to defendant Cromar. These documents must **not** be part of a separate large stack of discovery or thrown in with other documents, but separate and by themselves and specifically titled "the false documents of Cromar that was presented to the Grand Jury in reference to Count 1 of the Indictment." This way Cromar will have the opportunity to view the evidence that was introduced to the Grand Jury so he can properly and effectively prepare for his defense.
12. OTHERWISE, Cromar moves this court to dismiss the indictment.

//

//

//

## COUNT TWO:
26 U.S.C. § 7212(a)

13. "From in or about November 2017 through in or about September 2020, in the District of Utah and elsewhere, knowing of and reasonably foreseeing IRS collection and enforcement actions, did corruptly obstruct and impede, and corruptly endeavored to obstruct and impede, the due administration of the internal revenue laws, that is, the IRS collection and enforcement actions, by committing and causing to be committed various acts, each such act having a nexus to IRS collection and enforcement,…,

    …**including but not limited to…**" (Emphasis added) (See paragraph 29 line 7)

14. The charge "including but not limited to" is the first charge in Count 2 of the indictment. Once again, Prosecutor Mark Woolf is attempting to reserve the right for the Government Prosecutors to fill in this undefined space of the indictment with possible future charges while appearing to be in alignment within the scope of the rules of the indictment which do not allow future amendments:

    "If the indictment could be changed by the court or by the prosecutor, then it would no longer be the indictment returned by the grand jury."
    (See Criminal Resource Manual, Rule 236. Amendment of Indictments, www.justice.gov)

15. By using the words in Count 1 "*among others*" and the words in Count 2 "*including but not limited to*" Government Prosecutor Mark Woolf is attempting to show that he is not violating rule 236 of the Criminal Resource Manual because he might be able to argue that his future additional charges in the indictment is not an attempt to alter or amend the indictment.

16. In Russell v. United States, 369 U.S. 749, 769 (1962), the Court pointed out that a consequence of amending the indictment is that the defendant "could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." "Thus, the Fifth Amendment forbids amendment of an indictment by the Court, whether actual or constructive." United States v. Wacker, 72 F.3d 1453, 1474 (10th Cir. 1995), petition for cert. filed, (Jun. 10, 1996)(No. 95-9284).

17. The charge in Count 1 *"among others"* and the Charge in Count 2 *"including but not limited to"* is not only another violation of Rule 7 but it invokes the jeopardy clause in the Fifth Amendment of the U.S. Constitution because under these two undefined charges the same charges are listed in two different counts, referencing two different U.S. Code cites, causing Cromar to be punished twice for the same alleged offense.

18. In the case of Cochran v. United States, the defendant must be apprised of the charge he must be prepared to meet. The true test of an indictment is not whether it might possibly be made more certain but whether it contains:

> "[E]very element of the offense intended to be charged, and sufficiently apprises the defendant of what he **must** be prepared to meet, and, in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." (*See* Cochran v. United States, 157 U.S. 286, 290 (1895)). (Emphasis added)

> "Courts will not normally find an indictment insufficient unless it fails to state a material element of the offense." See United States v. Lopez, 2 F.3d 1342, 1368 (5th Cir. 1993), aff'd, 115 S.Ct. 1624 (1995)

19. The charge "including but not limited to" fails to apprise Cromar of what he must be prepared to meet.

20. THEREFORE, Cromar moves this court to dismiss the Indictment for violating Fed.R.Crim.Proc 7(C)(1) for being vague and ambiguous as well as that it invokes Cromar's Fifth Amendment Right against double jeopardy.

* * * *

**" (a) providing false documents to the IRS"** (Emphasis added) (See paragraph 29 line 7)

21. This is the same as Count 1(a) **"submitting false documents to the IRS"**.

22. This charge is not in reference to another charge, but a separate charge in itself. The charge in Count 1(a) **"submitting false documents to the IRS"** and the charge in Count 2(a) **"providing false documents to the IRS"** is identical to the meaning but construed in order to add an additional code violation charge against Cromar. This invokes the jeopardy clause in the Fifth Amendment of the U.S. Constitution wherein it doubles the penalty for Cromar. This is an attempt by the Government Prosecutors to create the

6

appearance that there are additional separate charges in order to introduce a new Count, bringing in a new U.S. Code, adding the possibility of more prison time and hefty fines:

> 'The Double Jeopardy Clause in the Fifth Amendment to the US Constitution prohibits anyone from being prosecuted twice for substantially the same crime. The relevant part of the Fifth Amendment states, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."' (*See* Wex Law "Double Jeopardy")

23. Government Prosecutors may argue that a crime can be referenced from one Count to another, but this is not a reference. This is a whole separate and new charge tethered to a separate U.S.C. Rule with separate penalties.

24. THEREFORE, Cromar moves this court to dismiss the indictment for attempting to charge Cromar with the same crime twice, violating his Fifth Amendment rightful protection of double jeopardy.

\* \* \*

## "(b) attempting to obstruct the seizure and sale of the Cedar Hills home" (Emphasis added) (See paragraph 29 line 8)

25. This is the same as Count 1(b) **"attempting to stop the IRS's seizure and sale of the Cedar Hills home"**.

26. The difference between these two separate charges is the word **obstruct** versus the word **stop**. Two different words with the same meaning.

27. Once again, Count Two is NOT referencing another count, but using the same elements of Count One in order to introduce a separate code violation so they can attempt to justify adding extra prison time and add hefty fines for Cromar. This also invokes the jeopardy clause in the Fifth Amendment of the U.S. Constitution wherein it doubles the penalty for Cromar. This is an attempt to create the appearance that there are additional charges in order to cross over to a new U.S.C. Rule, adding the possibility of more prison time and hefty fines.

28. THEREFORE, Cromar moves this court to dismiss the indictment for its attempt to put Cromar into double jeopardy, an often used tactic designed by unethical and dishonorable Government Prosecutors to ensure that Cromar faces extra prison time and hefty fines.

* * * *

**"(c) making baseless claims"** (Emphasis added)

29. Government Prosecutors are accusing Cromar that he committed a crime by "*making baseless claims*" and that because he made "*baseless claims*" he should be sentenced to prison time and hefty fines.

30. Government Prosecutors are accusing Cromar that "making baseless claims" violated 26 U.S. Code § 7212 – "Attempts to interfere with administration of internal revenue laws":

    <u>(a) Corrupt or forcible interference.</u> "Whoever corruptly or by **force or threats** of force (including any **threatening** letter or communication) endeavors to **intimidate** or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way **corruptly or by force or threats of force** (including any **threatening** letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by **threats of force**, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term **"threats of force"**, as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family." (26 U.S. Code § 7212(a).)(Emphasis added)

31. The criminal charge "making baseless claims" is not clear. This charge is vague and ambiguous. Defendant Cromar cannot prepare a defense for this criminal charge of "making baseless claims" because neither he nor his legal associates have any clue as to what this means within the world of criminal law. This plaintiff error is fatal to the understanding of this charge.

32. This charge in Count 2 ("making baseless claims") will not render the Indictment valid if it fails to allege an essential element of the offense or the minimum facts required to fulfill the purposes of indictment.

33. This brings up the question. How could the Grand Jury vote to make "baseless claims" a criminal charge when the statement in itself is broad, undefined, confusing and without meaning or reference to any part of an applicable Code violation?

8

34. The criminal charge "making baseless claims" cannot be tied to Code violation 7212(a) because it is so broad, so incredibly vague that it is confusing to the average intelligent mind.
35. THEREFORE, Cromar moves this court to dismiss the indictment for charging him for vague and ambiguous prosecutorial "gibberish." Fed.R.Crim.Proc 7(C)(1)

* * * *

### "(c) filing frivolous lawsuits against IRS employees" (Emphasis added)

36. If Cromar's lawsuits against IRS employees were illegal, then this would be a civil offense NOT a criminal offense. If Cromar is found guilty by this court that he illegally filed frivolous lawsuits against an IRS employee, his punishment must be civil because there is no reference anywhere that filing frivolous lawsuits is a crime, and therefore does not rise to the level of an indictable offense.
37. If the Government Prosecutors were to use this "filing frivolous lawsuits" as a leverage to support their claim that Cromar used this to intimidate or harass IRS employees, then they must be reminded that the civil court alone has the jurisdiction to address harassment issues of frivolous lawsuits, thus voiding their claim because the indictment is insufficient.
38. Government Prosecutors could argue by using an example that in the event that a physical crime could be committed against an individual, that the defendant could be charged for violating a criminal law, and then be sued for the damages. However, this is not the case with this fatally insufficient indictment.
39. In this charge of "filing frivolous lawsuits" the Government Prosecutors must first show that Cromar violated a **Federal criminal law**. Attempting to tie together "filing frivolous lawsuits" with Count 2 "U.S. Code 7212(a)" does not relate **at all** with anything having to do with "threats of force" as specific to this code. And if the Plaintiff attempts to throw the words "intimidate or impede" found in U.S. Code 7212(a) they cannot do so because the words "intimidate or impede" found in this code is in direct relationship to "threats of force." Government Prosecutors cannot make "intimidate or impede" to mean anything different.

40. Federal Indictments are for criminal offenses. A true bill from a Grand Jury cannot mix civil charges with criminal charges, yet the Government Prosecutors are claiming that Cromar's "filing frivolous lawsuits" charge is a crime worthy of prison time and hefty fines when this alleged violation is not criminal, but civil.

> "An indictment formally charges a person with a **crime**. During an indictment proceeding, a grand jury determines if there is adequate basis for bringing **criminal charges** [NOT CIVIL] against a suspected **criminal** actor." (Cornell Law School, Legal Information Institute, WEX "Indictment") (Emphasis added.)
>
> "The prosecutor must recognize that the grand jury is an independent body, whose functions include not only the investigation of **crime** and the initiation of **criminal** [NOT CIVIL] prosecution but also the protection of the citizenry from **unfounded criminal** [NOT CIVIL] charges. The prosecutor's responsibility is to **advise the grand jury on the law** [WHICH THEY FAILED TO DO] and to present evidence [CRIMINAL, NOT CIVIL] for its consideration. In discharging these responsibilities, the prosecutor must be scrupulously fair to all witnesses and must do nothing to inflame or otherwise **improperly influence** the grand jurors [WHICH THEY FAILED TO DO]." (Justice.gov, Grand Jury 9-11.010[4]) (Emphasis added)

41. If the Government Prosecutors were to charge Cromar of "filing frivolous lawsuits" then they would have to amend the Indictment by removing this charge from the Indictment then create a new charge in a civil case showing damages, but this they cannot do. They are barred from amending the Indictment[5].

42. THEREFORE, Cromar moves this court to dismiss the Indictment because a Grand Jury Indictment cannot mix both civil and criminal charges.

//

---

[4] https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.010

[5] "If the indictment could be changed by the court or by the prosecutor, then it would no longer be the indictment returned by the grand jury. (See Criminal Resource Manual, Rule 236. Amendment of Indictments, www.justice.gov)

## SUMMARY

1st Charge: "Among Others." Cromar cannot prepare a defense. It also violates Fed.R.Crim.Proc 7(C)(1).

2nd Charge: "Submitting False Documents." Cromar cannot prepare a defense for this, he has no idea what these alleged "False Documents" are, and neither do the Government Prosecutors.

3rd Charge: "Attempting to stop the IRS seizure and sale of the Cedar Hills home." Same charge as charge 6 with a different U.S. Code violating the Amendment Five double jeopardy protection from the Bill of Rights.

4th Charge "Including but not limited to" same as the 1st Charge but tying it to another U.S. Code, which violates not only Fed.R.Crim.Proc. 7(C)(1), but again also violates the Fifth Amendment double jeopardy clause.

5th Charge "Providing false documents to the IRS" this is identical to 2nd Charge thus tying it to a different U.S. Code which is a violation of Cromar's Fifth Amendment double jeopardy protection right.

6th Charge "Attempting to obstruct the IRS's seizure and sale of the Cedar Hills home." This is identical to 3rd Charge thus tying it to a different U.S. Code which is a violation to Cromar's Fifth Amendment double jeopardy clause.

7th Charge "Making baseless claims." Cromar cannot prepare a defense for this vague and ambiguous charge. It also violates Fed.R.Crim.Proc.7(C)(1)) as well as violating Cromar's Fifth Amendment protection of double jeopardy because it is tied to an additional U.S. Code.

8th Charge "Filing frivolous lawsuits against IRS employees." A civil matter, not criminal. Grand Jury Indictments cannot mix the two.

## PRAYER FOR RELIEF

Therefore, because of the fact that Federal Rules of Criminal Procedure 7(C)(1) declare that if any one of the above 8 charges are insufficient, the Indictment would be declared insufficient and voidable. Therefore, in the interest of justice, Defendant Cromar respectfully moves this court to dismiss the Indictment for grounds that it is insufficient.

Presented in honor in the year of our Lord and in His name the 9th day of April, 2024.

by: *[signature]* ™
Paul-Kenneth: Cromar

11

As per docket #25 of September 27, 2023 "I elect to proceed under Constitutional Common Law."

.CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **DEFENDANT'S MOTION TO DISMISS INDICTMENT**

    TRINA A. HIGGINS
    PATRICK BURNS
    MEREDITH M. HAVEKOST
    Attorneys of the United States of America
    111 South Main Street, Suite 1800
    Salt Lake City, Utah 84111

/s/ Raland Brunson
Raland Brunson