IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Paul Kenneth Cromar,<br><br>    Defendant. | **ORDER DENYING MOTION TO RECUSE**<br><br><br>Case No. 2:23-cr-00159 HCN-DBP<br><br>Magistrate Judge Dustin B. Pead |

  The "Motion to Recuse the Magistrate for Prejudicial Conduct and Violations of Constitutional Law" (ECF No. 175) is DENIED. A judge has an obligation to recuse when the public can reasonably question his or her impartiality and, in the absence of such, a corresponding duty to remain on the case. *See* 28 U.S.C. § 455(a) (duty to recuse); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (duty to sit). The defendant claims that this court has (1) abrogated its responsibility to "prove jurisdiction" or otherwise apply legal principles to halt the proceedings, and (2) engaged in "prejudicial libel" by using terms like "sovereign citizen." (ECF No. 175 at 4, 12.) Regarding his first set of complaints, District Judge Nielson has denied the defendant's requests to either "cure" the proceeding or otherwise dismiss it. (*See* ECF No. 180, 183 (Transcript).) As his arguments lacked any substantive legal support, recusal of this court for declining to address them or otherwise rule in his favor is clearly not warranted.

  There is likewise no reasonable basis for recusal for this court's identification and classification of many of his arguments or tactics as being part of the "sovereign citizen" playbook. In its opposition, the United States cites a litany of cases in which similar motions

were brought and denied. (ECF No. 182 at 5-7.) And the defendant has not filed any reply or response to that opposition, let alone provide any persuasive legal authority that runs contrary to such rulings, despite being afforded an opportunity to do so. (*See* ECF No. 179 (entered on March 26, 2024, ordering any reply to be filed by April 8, 2024).) In fact, many of the defendant's claims fall squarely in the frivolous camp. Some examples are found in the language the defendant used during a status conference held on September 5, 2023, including (1) his desire to make his defense as a "living man and not a corporate citizen," (2) his placing significance on his name being in capital letters, (3) claims that because he hasn't lived in certain areas he is not subject to tax laws, and (4) assertions of being "kidnapped" (ECF No 85 at 7-9). And, later at his arraignment/detention hearing held on September 13, 2023, he asserted that he (1) is not the defendant, (2) does not consent to "voluntary or involuntary servitude," (3) denies "consent to contract to joinder," (4) waives "all benefits this court may offer" and (5) wants to "settle the matter with regards to this account." (ECF No. 86 at 20). These are clearly frivolous positions or assertions, which the court classified as "sovereign citizen" in nature, whatever the defendant's personal preference for what they might be called. And because they are frivolous and without legal support, the court classifying and rejecting them is not a valid basis for recusal.

DATED this 11th day of April, 2024.

BY THE COURT

_____
Dustin B. Pead
United States Magistrate Judge