Paul-Kenneth: Cromar, ID #567164
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

*Sui Juris* [pro se]

FILED US District Court-UT
APR 12 '24 PM 03:24

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff *in error*,**<br><br>vs.<br><br>**Paul Kenneth Cromar,**<br><br>**Defendant *in error*.** | **CASE NO 2:23-cr-00159-HCN-DBP**<br><br>**Defendant's Objection for the 2nd Violation by the Court of the doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment* (Dkt 153); and**<br><br>**Defendants' 4th Motion to Dismiss for Lack of subject-matter Jurisdiction of the Court (Dkt 153, 176); and**<br><br>**Defendant's 2nd Motion to Recuse for *prejudicial* conduct (Dkt. 161)**<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

1.     Comes now, Paul-Kenneth: Cromar[1], "Ken Cromar", Defendant *in error, sui juris* [*pro se*], the living man, anointed son and heir of God, who under the Federal Rules of Criminal Procedure, Rule 12(b)(2), hereby **objects** to the court's invocation of *United States v. Balice*, 2018 Westlaw 2357750, from the district of New Jersey, in another *failed* attempt by the court

---

[1] *See* MOTION TO DISMISS Dkt. 70, Footnotes #1-4,7,8; and the as of yet an unrebutted AFFIDAVIT Dkt. 71, Footnotes #1-14. (An rebutted affidavit stands as fact.)

to *prejudicially* assist the plaintiff in prosecuting the criminal action by trying to help the plaintiff establish the *subject-matter jurisdiction* of the court, **again in blatant violation** of the legal doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment*.  This court **cannot** reach out to the district court of New Jersey and the *United States v. Balice* decision to allegedly establish the *subject-matter jurisdiction* of the plaintiff United States in this action, because **both** the plaintiff and the court are **barred** from such <u>*reach*</u> by the three *estoppel* doctrines invoked above and **still applicable** to this **new, 2nd violation** of those *doctrines* **by this court,** *i.e.*" the *doctrines* of *collateral estoppel, judicial estoppel,* and *estoppel by judgment*.  (See Docket #153)

2.     Therefore, a **fourth to dismiss for lack of subject matter jurisdiction** is also hereafter established. (See Docket #153 and #176)

3.     And, moreover, defendant Cromar respectfully presents **Second Motion to Recuse for Prejudicial contact** of Judge Howard C. Nielson Jr. to Recuse for prejudicial conduct. (See Docket #161.)

4.     The district court infers and insists that the *subject-matter jurisdiction* of the court exists and claims it cannot be questioned, yet it, and the plaintiff United States as well, **still both refuse,** again, to actually state, plainly and clearly on the record, just exactly what the foundational elements of the alleged *subject-matter jurisdiction* that has been *taken,* are.  Is this court enforcing an ***indirect*** *taxing power* in the form of an *Impost, Duty, or Excise* tax as authorized under Article I, Section 8, or something else?

5.     And, if it is something else, will the court, or the plaintiff United States, please identify on the record:

> 1) What that *taxing power* is?  *Direct* or *Indirect*?
> 2) Where in the Constitution or its Amendments that power is  granted?
> 3) What *enabling enforcement clause* applies to that identified *taxing power*?

**Without** these **required** constitutional elements being plainly and clearly identified on the record of the action in the court, the *subject-matter jurisdiction* of the court remains **unestablished, unidentified**, and **non-existent** in the action; - and defendant is entitled to a clear and complete statement or declaration of exactly how the *subject-matter jurisdiction* of the court has been taken as a constitutional requirement to disclose to a defendants both the

*nature* and the cause of the charges laid against him and **neither** the court nor the plaintiff have yet done that in this case on the record of the action in the court.

6.    The *subject-matter jurisdiction* of the court **cannot** be simply *inferred* or *assumed,* or claimed to exist without foundational explanation, **nor** may it be established or lawfully *taken* in this case under an *opinion* of any court in any other case, so invoking and citing *Collins* does **not** establish the *subject-matter jurisdiction* of the court in this instant criminal prosecution of defendant Cromar, and citing *U.S. v. Balice* is **another** clear violation by this court of the doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment.*

### Do Inferior Tribunals Have the Power to Overturn a SCOTUS Decision

7.    And, is the plaintiff United States going to be required by the court to argue its own case in this matter?   Or, is the court going to continue to *prejudicially* and **wrongfully** argue the prosecution's case for the plaintiff, - based on nothing but the ***erroneous*** opinions of inferior courts that have been ***vaguely*** referenced by the court at hearings, as the plaintiff has ***catastrophically failed*** to argue in reply on the matter?   All of the precedential authorities alleged invoked by the district court, in *prejudicially* arguing for the plaintiff at the hearing, are **inferior** tribunals to the Supreme Court of the United States, from which emanates nearly every single one of the applicable precedents that the defendant has faithfully cited and believes are controlling in the matter.

8.    Does this district court have any cites from a Supreme Court decision to support its position? Even just one?   Perhaps this question of how the Supreme Law of the land, the U.S. Constitution, controls the judges and the *subject-matter jurisdiction* of the courts as well as *We the People* and the U.S. government, should be a question that is decided by the jury after factual presentations are made to it regarding the ***irrefutable lack*** of the word "direct" in the 16th Amendment?   Regardless of the court's holding, Defendant intends to make this obvious lack of a properly and fully granted *subject-matter jurisdiction* of the court part of his legal defense in this case that he will present to, - and factually argue before, the jury.

9.    The plaintiff and this district court are **both barred** now by the three *estoppel* doctrines from invoking any basis for the *subject-matter jurisdiction* of the court in this criminal

prosecution, other than that basis invoked and adopted by the 10th Circuit Court of Appeals in the previous litigation with this same defendant on this same issue in Case No. 19-4035, 2019; - where the court held that the sole basis for the *subject-matter jurisdiction* of the court was the 16th Amendment, - as argued by the plaintiff United States in that previous action in the Circuit court without use or mention of any Article I, involvement; in fact – **denying** any such Article I authority existed or was necessary.

10.   Defendant also points out that in that previous civil litigation in the district court the plaintiff United States argued that the statutes **alone** were sufficient by themselves to establish the *subject-matter jurisdiction* of the court, and it refused to identify any *constitutional* foundations to the action at all in its pleadings made in that lower court.  And then, in the Circuit Court on appeal, they **changed** their argument for *subject-matter jurisdiction*, conceding and ***admitting*** that some constitutional basis was **required** to be identified**,** and then it argued that the 16th Amendment was the **sole** basis for the *subject-matter jurisdiction* of the court, - without the use of any Article I, Section 8 authorities.  Now, in this criminal action, they refuse to argue at all, as they have not argued in the case, in reply to any pleading, since December 2023.   Why is the court helping the plaintiff by arguing it for them?  The court is **not** acting *impartially* as it is supposed to do.

### The Record of the Court Still *Lacks* a Proper Declaration of the *subject-matter jurisdiction* of the Court that can be Lawfully Taken

11.   When the plaintiff United States improperly changed their argument for jurisdiction in the 10th Circuit Court of Appeals, from what it had argued in the lower district court, it newly argued that it was the 16th Amendment that created the *subject-matter jurisdiction* of the court, and **not** just the statutes alone, as previously argued in its district court pleadings, Case No: 2:17-cv-01223-RJS, district court of Utah, Central Division.  Technically, **just** the change of argument for the alleged *subject-matter jurisdiction* of the district court should have ***voided*** the judgement rendered there as an admission that what was argued as the jurisdiction in the district court by the plaintiff, was ***fatally*** deficient and ***defective.***

12.   In point of fact, the plaintiff United States **specifically** and **vehemently** argued in that previous case, that Article I, Section 8, was **not** involved in any legal way, and was **not**

needed because the *indirect Duty, Impost,* and *Excise* taxing *powers* of Article I were **not** at issue, **nor** were they utilized in any way, because the tax for which they were enforcing payment was a *direct* tax under the 16th Amendment alone, and was **not** an *indirect* tax under the Article I authorities.  Is that what the court believes it is enforcing in this instant criminal prosecution of the defendant: a *direct* tax under the 16th Amendment?  If so, why won't the court (or the plaintiff United States) openly declare that plainly on the record of the action in the court?  If it has all been done a thousand times before, **please just tell us how,** - by properly making a plain and clear declaration on the record of the action in the court, of the **required** constitutional foundations of the alleged *subject-matter jurisdiction* of the court that can be lawfully *taken* by the court over the criminal prosecution of the defendant in this matter?

13.    The use of any Article I, Section 8 *powers* was disavowed by the plaintiff United States in the previous litigation as being both ***irrelevant*** and ***frivolous,*** as plainly explained and demonstrated in the factual evidence of this case, in the IRS *Frivolous Positions* (#6) documents (below) .

### This district court Itself is Now Making Frivolous Arguments

14.    The argument position that this court has **again** *wrongfully* tried to assume, in order to improperly try to assist the plaintiff in establishing the alleged *subject-matter jurisdiction* of the court, *i.e.*: that Article I, Section 8 is utilized to establish the jurisdiction of the court under the *United States v. Balice* decision in a New Jersey district court, is **not only barred** by the *doctrines* of *collateral estoppel, judicial estoppel,* and *estoppel by judgment,* as a direct result of the previous litigation, it is also specifically listed as a "***frivolous position***" in the IRS' published list of *frivolous arguments*.  Here **again,** is the *frivolous* argument position detailed, **verbatim,** from the plaintiff's IRS' "*Frivolous Arguments*" documents (previously submitted as supporting Exhibit C – IRS *Frivolous Position #6*).

   **"6.  Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens.**

Some assert that the Sixteenth Amendment does not authorize a direct
non-apportioned income tax and thus, U.S. citizens and residents are not
subject to federal income tax laws.

**The Law:** The constitutionality of the Sixteenth Amendment has
invariably been upheld when challenged. And numerous courts have both
implicitly and explicitly recognized that the Sixteenth Amendment
authorizes a **non-apportioned direct income tax** on United States citizens
and that the federal tax laws as applied are valid. In *United States v.
Collins,* 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920
(1991), the court cited to *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 12-19
(1916), and noted that the U.S. Supreme Court has recognized that the
**"Sixteenth amendment authorizes a direct nonapportioned tax upon
United States citizens throughout the nation."**

15.     Nonsense. According to these *"frivolous"* document publications of the plaintiff
United States; **and** according to the plaintiff United States' IRS **and** DOJ, - in all of its
pleadings made in todays' federal courts, in all personal income tax cases; civil and criminal;
**and** according to the federal courts' **own holdings** and **rulings made for over 50 years** now;
**and** according to the 10th Circuit Court of Appeals in its *controlling* decision of record on this
issue with this same defendant in previous litigation; - it was clearly ***frivolous*** for this district
court to try to *hold,* **for a second time now,** that the enforcement of the federal personal
income tax at issue in this instant criminal prosecution of the defendant, is a 16th Amendment
tax that is authorized to be enforced under Article I enforcement authority, as held in *United
States v. Balice,* which district court decision was **not** invoked or cited by the 10th Circuit
Court in its previous decision on this same issue with this same defendant. Nor did any of the
cases invoked in that Circuit Court decision cite or invoke any authority under Article I as a
part of the actual *holding* that was made in the case's decision and *opinion.* **All** of those cases
claimed an alleged omnipotent and unlimited authority to tax "income" *directly* and **without**
**any** *limitation* being made applicable to the new power that was newly created under the 16th
Amendment.   But the *controlling* Supreme Court decisions **rejected** every single one of those
position tenets. According to the Supreme Court's *controlling* decisions on the issue: **no** new
power to tax was created, **no** new subjects (of federal taxation) were created, **no** *direct* tax
was authorized, and the *limitations* imposed on **all** *direct* taxes were **not** removed, repealed,
or amended by the adoption of the 16th Amendment.

**This Court Has Demonstrated Prejudicial Favoritism on Behalf of a Silent Prosecutor**

16.   This district court has *prejudicially **erred** again*, and *frivolously* so, **again**, by attempting to claim **again** that it is **not** an authority under the 16th Amendment which this criminal prosecution is based on, but Article I – which (Article I) basis was specifically **disavowed** by the plaintiff United States in its pleadings made in both the district court, and in the 10th Circuit Court of Appeals too, in the previous litigation with this same defendant on this same issue, *i.e.*: the *subject-matter jurisdiction* of the court to prosecute federal personal income tax claims and crimes.   Not only has it been **repeatedly held** by the federal courts for over 50 years now **that** the position assumed by the district court **is *frivolous*,** but that was **specifically held** in the decision taken in the previous litigation with this same defendant in the U.S. Circuit Court of Appeals for the 10th Circuit in Case Number 19-4035 in 2019.

17.   The record is clear.   Not one case invoked by the courts in that previous litigation**,** as **none** were actually properly cited, **neither** in the district court, **nor** in the 10th Circuit Court of Appeals, invoked any authority at all under Article I.   The plaintiff United States invoked, and **vehemently argued** that **no** authority **except** the **16th Amendment** was needed as the constitutional basis for the action in the court at that time.   And of course, it is only now, in this attempted ***criminal*** prosecution of the defendant, do they realize the **fatal error they made** in making that ***erroneous*** argument, and thus have been **unable** since to frame even a single cogent argument in opposition to the defendant's multiple *Motions to Dismiss* based on the **irrefutable** and ***uncurable, fatal lack*** of an *enabling enforcement clause* in the 16th Amendment that does **not** authorize the U.S. Congress to write criminal enforcement law under authority of the Amendment alone.   This ***lack*** of an *enabling enforcement clause* is a ***fatal,*** and **incurable error** in the jurisdictional claim made by the plaintiff United States, that now requires *dismissal* of the criminal action with *prejudice* by an *impartial* court acting **without** *prejudicial favoritism* for the plaintiff United States.

18.   The grant of a constitutional enforcement power, with respect to the enforcement of a specific *taxing power,* can **only** be made, and **is only** made, through the existence and

adoption of a specific "*enabling enforcement clause*" that is specifically included as part of an Amendment's adoption and ratification. An *enabling enforcement clause* is factually **included** in **all** of the other Amendments to the United States Constitution where enforcement powers were **intended** to be created and given to the U.S. Congress to write newly authorized law under authority of the new Amendments.

19.    The district court's **nonsensical** explanation at the most recent hearing for the *lack* of an *enabling enforcement clause* in the Amendment, is **unacceptable** and is obviously *erroneous* because the court cites reasoning from *Balice* which it is **barred** by the *estoppel* doctrines from using, that states: "*Those Amendments contain an enforcement provision for a particular reason: their substantive provisions do not themselves confer power upon Congress ...*", Status & Scheduling Conference Transcript, March 28th, 2024, pg., 9, Lines 10-12. This is **pure nonsense** as the 18th Amendment absolutely "*conferred power upon Congress*" by instituting the *Prohibition Era* where Congress was clearly *conferred* with new power, **but** it was **still deemed necessary** by the authors of that amendment **to include** an *enabling enforcement clause* in it to allow the Congress (and the States as well), to enforce the new *power* granted to Congress, as alleged is done in the 16th Amendment.    The *fatal error* is obvious.    Any *person* who **denies** it is a *seditionist*, and probably a communist too -- who is enforcing the 2nd Plank of the Communist Manifesto and **not** any *constitutionally* authorized tax as explained by the Supreme Court in both of its *controlling* decisions on the issue, *i.e.*: *Brushaber v. Union Pacific RR Co.*, 240 US 1 (1916) and *Stanton v. Baltic Mining Co.*, 240 US 103, (1916) cited extensively herein below by the defendant.

20.    The language used in the other Amendments where an *enforcement clause* is included, is quite plain and clear: "*The Congress shall have power to enforce this article by appropriate legislation*".    This language is used, with slight variations, in Amendments XIII (13), XIV (14), XV (15), XVIII (18), XIX (19), XXIII (23), XXIV (24) , and XXVI (26).    These Amendments were adopted both before and after the adoption of the 16th Amendment, so it is legally and *constitutionally* **impossible** for any party, litigant, or court, to credibly argue that the 16th Amendment established a new precedent under which it was no longer necessary for a granted *taxing power* to specifically be made *enforceable* at law by an applicable *enabling enforcement clause* in the Amendment creating the new *power* for Congress to write new law

to enforce the new *power* granted by the Amendment. Especially when you consider that the 18th Amendment confers new powers upon Congress and required its own *enabling enforcement clause.*

21.  The enforcement provisions contained in these Amendments extend the powers of Congress that are specifically enumerated in Article One, Section 8 of the U.S. Constitution; and have the effect of increasing the *enforcement* powers of Congress and diminishing the legal control of the individual states over certain subject matters. And there is **no other way** to legally extend those *limited* constitutional powers, which are all *limited.* There is no **unlimited** *power* to tax that is granted by any clause of the Constitution. This is a ***fatally erroneous*** claim.

22.  The *Necessary and Proper Clause* served as the model for the "*enforcement*" clauses of the Thirteenth, Fourteenth, and Fifteenth Amendments, and the latter have always been construed as analogous to the former. *See Civil Rights Cases* (1883); *Katzenbach v. Morgan* (1966) ("*the* <u>McCulloch v. Maryland</u> *standard is the measure for what constitutes 'appropriate legislation' under Section 5 of the Fourteenth Amendment*").

23.  Therefore, because there is **no** *enabling enforcement clause* in the 16th Amendment to trigger a connection to the Article I enforcement powers, then those enforcement powers that are granted under the Article I, Section 8, clause 18, *Necessary and Proper enabling enforcement clause* of the Constitution, may **not** be legitimately invoked or relied upon in this action by the plaintiff United States, or the district court itself, under both the 10th Circuit Court's previous decisions which did not include an Article I based invocation of authority for jurisdiction, and it is also **prohibited** under the cited *McCulloch v. State of Maryland* legal standard which prohibits the courts from using or enforcing any power that is *constitutionally* **prohibited,** like any *direct* tax without *limitation.*

> "...We admit, as all must admit, that the powers of the government **are limited**, and that its limits are **not to be transcended**. But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. Let the end be

legitimate, let it be **within** the **scope** of the constitution, and all means which are appropriate, which are plainly adapted to that end, **which are not prohibited**, but **consistent** with the **letter** and **spirit** of the constitution, are constitutional ..." *McCulloch v. State of Maryland*, 17 U.S. 316 (1819)

24.     Thus this court is **barred** from *erroneously* alleging that there is any enforcement authority at all under Article I to allow the enforcement of the income tax **as a** *direct tax without apportionment* under the 16th Amendment, because that would result in the **blatant** violation of the unrepealed and unamended clauses of Article I, Section 2, clause 3 and Article I, Section 9, clause 4, which *McCulloch* prohibits.  Thus, this district court is plainly and clearly **now without** an identifiable and fully granted *subject-matter jurisdiction* of the court that it may lawfully take to proceed in adjudicating the criminal prosecution of the defendant under authority of the 16th Amendment as previously held in the civil action with this same defendant on this same issue.

25.     An *enabling enforcement clause* irrefutably **does not exist** in the 16th Amendment and this *constitutional* **fact of law cannot be denied** or lawfully **ignored, and the** *fatal error* **cannot be cured.**  Therefore, **NO** new *enforceable taxing power* can be rationally argued to have been created, or made *enforceable* at law, thereunder.

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850).

26.     This court is **bound** by the three *estoppel* doctrines invoked herein above, under the 10th Circuit Court's previous **holding** with this **same** defendant, on this **same** issue, from claiming that the constitutional authority and *subject-matter jurisdiction* of the court relied upon in this criminal prosecution of the defendant arises under Article I, Section 8, and **NOT** the 16th Amendment.  The court is **barred** by the *estoppel doctrines* from adopting any Article I *enforcement* authority to proceed under in this wrongful criminal prosecution of the instant defendant Cromar, as **none** applies to an *unlimited* tax of **any** *nature, direct* or *indirect.*

27.     The court appears to **again** be trying to **improperly** help the plaintiff establish an alleged *subject-matter jurisdiction* of the court **off the record,** and the plaintiff therefore herein again respectfully *moves* this court to *dismiss* this action *with prejudice* for **lack** of **subject-matter jurisdiction** of the federal district court over this matter as detailed herein below and in the defendant's supporting *Memorandum at Law* submitted in support of his *2nd Motion to Dismiss*.

28.     The court again appears to be attempting to establish the *subject-matter jurisdiction* of the court **for** the plaintiff, through the use of nothing but a hearing transcript that formally declares **nothing**; - rather than properly declaring and establishing the fully-granted *subject-matter jurisdiction* of the court on the record of the action in the court, by issuing a formal *Order of the Court* that plainly and clearly establishes the *alleged subject-matter jurisdiction* of the court by enumerating **all three required elements** of it, *i.e.*:   1) the **specific** *taxing power* granted and exercised; 2) the applicable *enabling enforcement clause* that authorizes Congress to write criminal law to enforce said power against American citizens; and 3) the statute(s) alleged violated with factual specificity as to how the statute is made applicable to the defendant, and how it was specifically allegedly factually violated, which *defects* the court has ignored and also **refuses** to address as a jurisdictional challenge to each and every statute invoked was included in the defendant's previous *Motion to Dismiss,* and because it was not addressed before, they are all re-presented and re-argued again hereunder for the plaintiff to rebut and the court to address before proceeding any further in this action **without** properly establishing the *subject-matter jurisdiction* of the court on the record of the action.

29.     Plaintiff previously submitted a two-part challenge to the *subject matter jurisdiction* of the court, that challenged **both** the constitutional elements of the alleged *subject-matter jurisdiction* of the court, **and** the statutes invoked by the plaintiff as well, which were shown in the defendant's previous *Motion to Dismiss,* and again herein below, to be both *deficient* and *defective* as argued by the plaintiff.  And, while the court tried **unsuccessfully** to address in the most recent hearing of March 28th the issue of the *deficient* and *defective subject-matter jurisdictional* foundation of the action in the court, - by **again violating** the *estoppel doctrines*

by reaching outside of the 10th Circuit's previous decision to try and use the New Jersey district court decision in *United States v Balice* to establish the jurisdiction of the court, instead of using the 10th Circuit Court's *Order* and decision as it is **required to do** under the **controlling** *estoppel doctrines*, - the court completely **ignored** and **disregarded,** and **failed to address** even summarily the alleged *statutory defects* identified in the defendant's *Motion to Dismiss*. Therefore, they will be re-presented and re-argued again below.

30.     Why does this district court continue to *prejudicially* attempt to assist the plaintiff by reaching outside of the Circuit Court's decision to try and invoke an Article I enforcement authority, which was **not part** of the jurisdictional claim that was made in either the previous district court (civil) action, **nor** in the 10th Circuit Court's *Order* upholding the district court's *judgment* under the claimed jurisdiction of at first: statutes alone; and then later in the Circuit Court: under the 16th Amendment alone.

### Isn't Justice Supposed to Blind?

31.     This court's **erroneous** holding that *United States v Balice* can be applied to this action to create jurisdiction, **again violates** the legal doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment* because the court's declaration **improperly** and *erroneously* **contradicts** and **reverses** the 10th Circuit Court's previous holding on this issue with this defendant, *i.e.*: that the authority of the court to enforce the income tax laws is **derived from** and **arises** under the constitutional authority of the 16th Amendment alone, and **not** under, or out of, any authorities of Article I, as *wrongfully* held in the court's *erroneous* invocation of *United States v Balice.*  The Court cannot change the ruling of the Circuit Court in the previous litigation, which it is again wrongfully trying to do in order to improperly assist the plaintiff in the prosecution of its case.   The court is supposed to be *impartial,* and **not** *prejudiced* against a defendant.

32.     Since the court is obviously **unable** to **abstain** from the *prejudicial* conduct of *wrongfully* attempting to assist the plaintiff in the prosecution of its case and in establishing the alleged *subject-matter jurisdiction* of the court - contrary to arguments and rulings

previously made, this district court bench, plainly and clearly, should *recuse* itself from further involvement in this wrongfully attempted criminal prosecution of the defendant.

33.     Under the doctrine of "*judicial estoppel*" a party is bound by its judicial declarations and may not contradict them in a subsequent proceeding involving the same issues and parties. *Sailes v. Jones,* 17 Ariz.App. 593, 499 P.2d 721,726.   Under this doctrine, a party like the Plaintiff United States in this action, who by its pleadings, statements or contentions, under oath, or by order of a court under a previous ruling made between the same litigants, has assumed or taken a **particular position** in a judicial proceeding, is *estopped* to assume an **inconsistent or contrary position** in a subsequent action, or later in the same action. *Yarber v. Pennell*, Tex.Civ.App 443 S.W.2d 382, 384.   It is the doctrine of the conclusiveness of the judgments. *State v Ohio Oil Co.,* Tex.Civ.App, 173 S.W.2d, 470, 478, 479.

34.     Under this *doctrine*, the Plaintiff United States, and the district court itself, having assumed or argued, or by adopting and upholding in the court, a particular position on a specific legal issue in its pleadings or rulings, is *judicially **estopped*** to assume **an inconsistent position**, and is forbidden from **reversing** or **contradicting** its assumed and previously argued position or holding.   Therefore, this court's holding again **violates** the controlling *estoppel* doctrines because the U.S. Circuit Court of Appeals in the 10th Circuit has specifically **already held** that the authority to enforce the income tax laws against this defendant, in both the previous litigation and subsequently in this instant legal criminal prosecution of the defendant as well, arises **under the 16th Amendment** under a *taxing power* newly created by the Amendment to tax directly and without *limitation*, and does **not** arise under any Article I *taxing power* as **again** *wrongfully* and ***erroneously*** alleged by this court bench at the most recent hearing, - as clearly shown in the hearing *Transcript.*

35.     The doctrine of *collateral estoppel* also applies because it specifically means that prior judgment between same parties on different cause of action is an *estoppel* as to those matters in issue or points controverted, on determination of which finding, or verdict was rendered. *E. I. DuPont de Nemours & Co., v. Union Carbide Corp.,* D.C.Ill., 250 F.Supp. 816, 819. When an issue of ultimate fact has been determined by a valid judgment, that issue cannot be again litigated between the same parties in future litigation. *City of Saint Joseph v. Johnson,*

Mo.App., 539 S.W.2d 784, 785.  It serves as a bar to relitigating an issue which has already been tried between the same parties or the privies, it must be pleaded affirmatively.  Fed.R. Civil P. 8(c).  **It is applicable to criminal cases.**  *Ashe v. Swenson*, 397 U.S. 436, 443-444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469.

36.     This lower district court, within the 10th Circuit, is **specifically** *controlled* on this issue **now** by the *estoppel by judgment* doctrine under the 10th Circuit Court's previous **holding** (previous Exhibit A - *Order & Judgment* - Case No: 19-4035, 10th Circuit 2019) that the *foundational constitutional authority*, upon which the legal tax enforcement actions against this defendant are based, as argued by the plaintiff United States in that court of appeals (previous Exhibit B – *Appellee's Opposition*), and as held by that court in that action[2], is the **16th Amendment;** and that the authority utilized is **not based in the** Article I, Section 8 taxing *powers,* **nor** the original "*Necessary and Proper*" *enabling enforcement clause* of Article I, Section 8, clause 18.

### The Court Must Dismiss with *prejudice*

37.     The doctrine of *estoppel by judgment* means that when a fact has been agreed on or **decided** in a **court of record**, as the jurisdiction of the federal courts in this instant action has already been previously decided by the U.S. 10th Circuit Court of Appeals, then neither of the parties shall be allowed to call it in question, and have it tried over again at anytime thereafter, so long as judgment or decree stands unreversed *Humphrey v. Faison*, 247 N.C. 127, 100 S.E.2d 524, 529.  Final adjudication of material issue by a court of competent jurisdiction **binds parties** in any subsequent proceeding between or among them**, irrespective of difference in forms or causes of action** .  *Mansker v. Dealers Transport Co.*, 160 Ohio St. 255, 116 N.E.2d 3, 6.  This district court is **barred** by these *estoppel doctrines* from invoking any Article I, Section 8, clause 18 *enforcement powers* in this case*,* as **none** was invoked in the previous litigation with the same defendant, and as such this court is **without** the ability to establish, show, or *take* a fully granted *subject-matter jurisdiction* of the court that can lawfully be *taken* by it over the criminal charges made in this case.  The court must therefore *dismiss* the action with *prejudice*.

---

[2] Case Number 19-4035, in the U.S. 10th Circuit Court of Appeals, 2019.

38.     This district court seems to be completely *oblivious* to, and is *erroneously* overlooking, the **fact** that this issue, of the specific constitutional, jurisdictional foundation at law claimed over these tax enforcement actions in these federal courts against defendant Cromar, was **already settled** by the 10th Circuit Court, and its decision **cannot be** *lawfully changed, altered,* or *reversed* **now** by this lower district court, as it is *wrongfully* and *erroneously* attempting to do **a second time,** with its **erroneous** invocation of *United States v. Balice,* in another **failed** attempt to *prejudicially* assist the plaintiff in the criminal prosecution of the defendant.

39.     It was in fact, the **plaintiff United States** itself that previously **vehemently** argued in the 10th Circuit **against the position** now taken by this court, arguing in that **previously litigated** action that the *constitutional authority* **relied upon** in the federal courts to prosecute defendant Cromar for income tax, and now, for income tax crimes, arises under the 16th Amendment **alone,** and **not** under any authority of Article I, as plainly and clearly stated in the IRS *Frivolous Positions* documents *erroneously* relied on by the plaintiff United States in the previous civil action.

### Recusal from the Bench is Required

40.     Why is this court now asserting a *frivolous* argument in a *prejudicial, wrongful,* and *erroneous* attempt to help the plaintiff establish the necessary jurisdiction of the court to *criminally* prosecute the defendant in the court?  This court is supposed to be *impartial* and **without** *favoritism* for either litigant, the *prejudicial favoritism* and *assistance* being provided by the court to the plaintiff United States in making *frivolous* arguments for them, demonstrates factual cause that requires the *recusal* of the bench from further participation in the criminal prosecution of the defendant.

41.     Why the plaintiff United States did not **again** call this obvious **error** and **contradiction** of the 10th Circuit Court's *controlling* decision of record in this matter to the attention of this district court at the second hearing is **again** unknown, but defendant alleges that the silence of the plaintiff at both hearings serves as real evidence in this court now, that clearly exposes the level of **deceit, concealment,** and **fraud** that this plaintiff is willing to go

to, in order to intentionally **deceive** the courts (and the defendants in the court) about the true constitutional *nature* of the claims for tax made by the plaintiff in the court, in order to secure **un-**deserved rulings and judgments rendered by a court **without** a fully granted *subject-matter jurisdiction* to act, through the *intentional* **defrauding** of the court by an <u>improper</u> <u>***concealment***</u> of the **controlling** *jurisdictional* facts of the matter, **as it has again attempted to do in this district court** in this criminal prosecution of the defendant Cromar.


### The 10th Circuit Court's Decisions is Controlling, Other Authorities are *estopped*


42.     Again the filed pleading in the 10th Circuit Court case, that was filed as an "*Appellees Opposition...*" brief, made the argument on page 8 (of that previously submitted  Exhibit B) that it **is the 16th Amendment** that served as the <u>**legal basis**</u> and <u>*constitutional authority*</u> relied upon by the plaintiff United States for the previous tax enforcement action in the federal courts; - which argument position was **subsequently** then **adopted** and ***held*** by the 10th Circuit Court in that action *as* the ***controlling*** ruling that *settled* the issue, - and this court **cannot** now lawfully *alter* or ***change*** that previously declared authority and constitutional foundation and basis for the legal actions against this defendant, to an again, *erroneously* alleged Article I authority, as the court has wrongfully **again** attempted to do in this criminal prosecution through the alleged invocation of *United States v. Balice* as applicable precedent, because that attempted **change** to the jurisdictional claim **violates the** *doctrines* of *judicial estoppel, collateral estoppel*, and *estoppel by judgment,* as herein explained and argued.  The district courts of New Jersey do **not** write precedents that **overrule** the decisions of the 10th Circuit Court of Appeals, and this court is now further ***controlled*** by the three invoked *estoppel* doctrines, and it therefore **cannot** direct or *reason* a new or different conclusion or resolution to the matter.  The 10th Circuit ruling in the previous case, with this same defendant on this same issue, ***exclusively*** controls this court on this issue, now.


43.     This position and argument that this district court has *wrongfully* and *prejudicially again* tried to adopt, *i.e.*: that the *constitutional authority* for the criminal prosecution now undertaken against this same defendant is established and conferred under authority of the

*United States v. Balice* decision*, and* **not** under the 10th Circuit Court's holding that it is the 16th Amendment, is **both** *erroneous* and *frivolous*.   The argument position that was specifically taken and made by the plaintiff United States in that previous litigation in the 10th Circuit Court, which argument was specifically **accepted, adopted,** and **upheld** by the10th Circuit Court in that previous litigation (Case Number 19-4035) with this same defendant, **bars** this court under the invoked *estoppel doctrines,* from now **altering** or **changing** that ruling and position, and claiming in this instant action that it is **instead** undertaken under alleged authority of Article I, Section 8.   This is legally **impossible** because it **contradicts** the specific *controlling* holding of the U.S. 10th Circuit Court of Appeals made in the previous litigation with the same defendant, which held that jurisdiction was taken **only** under authority of the 16th Amendment, **without the use of any** Article I, Section 8 authority.

44.     This district court **cannot** now *enforce* an <u>unapportioned</u> *direct* tax on *income* **without** *limitation,* determined by the 10th Circuit to be authorized under the 16th Amendment, by using the ***inapplicable*** Article I enforcement *power* invoked by the New Jersey district court in *United States v. Balice,* because the 10th Circuit Court of Appeals did not invoke that authority as applicable within its controlling decision that stands as precedent.

45.     Therefore, the record of the action in this district court **still** *lacks* a proper identification, declaration, and establishment of a fully granted *subject-matter jurisdiction* of the court that can lawfully be taken by the court over the specific criminal charges made against the defendant Cromar.   And therefore that **required** declaration is still *wanting, -* and **must still** be **made** <u>on the record</u> by **some** party.

## Fatal Jurisdictional Defects Require Dismissal of the Action

46.     After two *erroneous* and *failed* attempts to assist the plaintiff United States in establishing an alleged *subject-matter jurisdiction* of the court over this action, **under** the **in**applicable **Article I** of the U.S. Constitution, and **not** under the 16th Amendment as **previously held** and **established as** *controlling* <u>by the 10th Circuit Court</u> over all subsequent litigation like the instant criminal action against defendant, this court should now ***dismiss*** this action **with** *prejudice* as the defendants' *Motions to Dismiss* still stand **unopposed** in the

court, and as such defendant is entitled to have them **granted** by an *impartial* court demonstrating that it is capable of acting **without** showing *favoritism* and *preferential* treatment to the plaintiff United States in its conduct and decisions.

47.     The U.S. 10th Circuit Court of Appeals **settled** this matter in its *controlling* decision, previously made in the 10th Circuit Court of Appeals, *taken* on the issue of the constitutional authority providing the *subject matter jurisdiction* of the court over its personal income tax enforcement actions, undertaken by the United States against this defendant, as in the instant subject criminal prosecution before this district court; - deciding in that case that the jurisdiction is established and taken under the 16th amendment alone, **without use** of any Article I authority, - including the *enabling enforcement authority* of Article I, Section 8, clause 18; - and this court must therefore *dismiss* this action entirely with *prejudice,* **now,** as the *fatal jurisdictional defect* exposed herein, **cannot** be corrected by the court, **nor** perfected by the plaintiff because there is no *enabling enforcement clause* in the 16th Amendment to properly and constitutionally authorize the U.S. Congress to write any law to enforce any new taxing power allegedly created by the adoption of the Amendment.   The Supreme Court has consistently ruled that there is **no** such *creation* of **any** <u>new</u> *taxing power*.

> "by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment **conferred no new power of taxation** but simply **prohibited** the previous complete and plenary power of income taxation possessed by Congress from the beginning **from being taken out of the category of indirect taxation to which it inherently belonged** ...." *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113 (1916)

> "Whether the tax is to be classified as an "*excise*" is in truth not of critical importance. If not that, it is an "*impost*" (*Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601, 158 U. S. 622, 158 U. S. 625; *Pacific Insurance Co. v. Soble,* 7 Wall. 433, 74 U. S. 445), or a "*duty*" (*Veazie Bank v. Fenno,* 8 Wall. 533, 75 U. S. 546, 75 U. S. 547; *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 157 U. S. 570; *Knowlton v. Moore,* 178 U. S. 41, 178 U. S. 46). A *capitation* or other "*direct*" tax <u>it certainly is not</u>." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581-2

"As **repeatedly** held, this did **not extend** the taxing power **to new subjects,** but merely removed the necessity which otherwise might exist for an apportionment among the states of taxes laid on income. *Brushaber v. Union Pacific R. R. Co.*, 240 U.S. 1 , 17-19, 36 Sup. Ct. 236, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414; *Stanton v. Baltic Mining Co.*, 240 U.S. 103 , 112 et seq., 36 Sup. Ct. 278; *Peck & Co. v. Lowe*, 247 U.S. 165, 172, 173 S., 38 Sup. Ct. 432." *Eisner vs. Macomber*, 252 U.S. 189 (1920), at pg. 205

48.   **Nor** is there any **extension** or **expansion** under the 16th Amendment of the *classes of persons* who are *subject* to federal taxation, beyond those *classes* of *persons* who were originally made subject to the *indirect* taxing powers authorizing the U.S. Congress to write law to tax *uniformly,* by *Duty, Impost,* and *Excise.*

"The Sixteenth Amendment, although referred to in argument, has no real bearing, and may be put out of view. As pointed out in recent decisions, it **does** not extend **the taxing power to new or excepted subjects**, but merely removes all occasion which otherwise might exist for an apportionment among the states of taxes laid on income, whether it be derived from one source or another. *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 17-19; *Stanton v. Baltic Mining Co.,* 240 U. S. 103, 240 U. S. 112-113."   *Peck & Co v. Lowe*, 247 U.S. 165 (1918), at 172-3

"But it clearly results that the proposition and the contentions under it, if acceded to, would cause one provision of the Constitution to **destroy** another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into **irreconcilable conflict** with the general requirement that all direct taxes be apportioned. Moreover, the tax authorized by the Amendment, being direct, would **not** come under the rule of *uniformity* applicable under the Constitution to other than direct taxes, and thus it would come to pass that the result of the Amendment would be to authorize a particular *direct* tax **not** subject **either** to *apportionment* **or** to the rule of *geographical uniformity,* thus giving power to impose a different tax in one state or states than was levied in another state or states. This result, **instead** of **simplifying** the situation and **making clear the limitations** on the taxing power, which **obviously** the Amendment must have been **intended to accomplish,** would create **radical** and **destructive changes** in our constitutional system and **multiply confusion**." *Brushaber, supra* at 12

49.   Therefore, failing *dismissal* with *prejudice* of all charges, this court must **again re-open** the issue of properly establishing, on the record of the action in the court, the fully-granted *subject-matter jurisdiction* of the court that can lawfully be taken by it over the

**specific** criminal *counts* alleged in the plaintiff's *Indictment* and *Complaint, i.e.*: for criminally allegedly interfering with the enforcement of a ***direct*** tax **without** *apportionment* under authority of the 16th Amendment **alone**, and the court must therefore re-examine *de novo* the issue of the **true** *subject-matter jurisdiction* of the court that may exist over this criminal prosecution to enforce the criminal tax enforcement statutes invoked by the plaintiff United States under authority of the statutes and the Amendment, - when that 16th Amendment **irrefutably** *lacks* the **essential** *enabling enforcement clause* that is absolutely necessary in order to show the court that the U.S. Congress was ***constitutionally authorized*** to write criminal law under authority of the Amendment, which is necessary to lawfully establish a fully-granted *subject-matter jurisdiction* of the court that can be lawfully invoked and taken by the court.   Of course, this **cannot** be legally accomplished under the 16th Amendment for *lack* of the **required** *enabling enforcement clause*, and that is ***a fatal*** and ***irreversible error*** that warrants immediate *dismissal **with** prejudice* by an *impartial* court.

50.    These constitutional *subject-matter jurisdiction* requirements have all been plainly and clearly taught at America's law schools for over 220 years, - in the first year at school as a freshman!   Were the officers of this court taught this IRREFUTABLE ABSOLUTE CONSTITUTIONAL LAW?   This court appears to now be engaging in an **open rebellion** against the Constitution, the Supreme Court and its *controlling* decisions, the Republic, the written law, *We the American People*, our Freedom, our Liberty, and our guaranteed *Rights*, while **blatantly violating** the central founding precept upon which the entire constitutionally founded government of America is predicated, *i.e.*: that of a *representative* government vested by the Supreme Law with **only** *limited* powers to exercise; - where **no** *power to tax* that is lawfully granted and constitutionally authorized, is ***unlimited***.

> "The subject matter of taxation open to the power of the Congress is as comprehensive as that open to the power of the states, though the method of apportionment may at times be different. "The Congress shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8.  **If the tax is a direct one, it shall be apportioned** according to the census or enumeration. **If it is a duty, impost, or excise, it shall be uniform** throughout the United States. **Together, these classes include every form of tax appropriate to sovereignty.** *Cf. Burnet v. Brooks,* 288 U. S. 378, 288 U. S. 403, 288 U. S.

405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581

51.     The district court seems *prejudicially* intent on **inventing** under the *Collins opinion* a new, **unlimited** *power* to tax, that does **not** exist under a **strict construction** of the provisions of the Constitution and its Amendments, including the 16th Amendment.  The *subject-matter jurisdiction* of this district court, that is to be allegedly *taken* over this criminal action, **cannot** be *lawfully taken* under an *opinion*. It must be properly, factually established, and neither the court nor the plaintiff United States have successfully done that, and they now do **not** appear capable of doing it.

52.     Defendant **therefore** again *moves* this court to dismiss this action *with prejudice* for **lack** of the *subject-matter jurisdiction* of the federal district court over this action that can properly be taken by it, under the statutes invoked and charged by the plaintiff, *i.e.*: IRC §§ 7212(a), 7212(b),  and 7201, because the plaintiff United States and this court are violating the doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment,* by attempting to *wrongfully* and **erroneously** apply the statutes in this action **outside** of the authorized enforcement context **already set and previously established** by the U.S. 10th Circuit Court of Appeals **in a previous ruling** that it made on this same issue, *i.e.*: establishing the *subject-matter jurisdiction* of the federal courts to enforce the federal personal income tax at issue in the instant action, between the same two litigants, under the 16th Amendment.  This court's invocation of *United States v. Balice* **violates** the **controlling** *estoppel doctrines* argued by the defendant, which now work **again** to control this district court in this criminal prosecution after this second hearing by **barring** the use by the court of the *Balice* holding in place of the *controlling* 10th Circuits' holding.

53.     And **again**, the statutes invoked in the plaintiff's *Indictment* and *Complaint* are also being misused by the Plaintiff United States in this criminal prosecution, **outside** of the lawful applicability at law that is provided for them to be utilized within under the published authority of the law in the Code of Federal Regulations (CFR), **and** in *violation* of the *controlling* previous *Order* of the Tenth U.S. Circuit Court of Appeal's, - that enforcement actions are authorized, and are being conducted in these tax enforcement actions in the court

21

between these two litigants, under authority of the 16th Amendment **alone**, and **not** under any authority of Article I, as *wrongfully* and ***erroneously asserted again*** by the *partial* district court bench at the most recent hearing.

54.     This district court is **not allowed** to reach **outside** of the 10th Circuit Court of Appeals' previous ruling to change or alter the previous *controlling* decision of the 10th Circuit, that the *subject-matter jurisdiction* of the court to enforce the federal personal income tax against this defendant was, and is, taken **only** under alleged authority of the 16th Amendment **alone**, and **not** under any invoked, or argued, or properly cited precedential authorities, of Article I, Section 8.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction <u>in a particular case only</u>, and <u>undertakes to exercise the jurisdiction conferred</u> **in a case to which the statute has no application**, the judgment rendered is void. The **lack of statutory authority** to make particular order or a judgment is **akin to lack of subject matter jurisdiction** and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

55.     Does this court **not** understand that it "***transcends the limits of its authority***" for the court to be trying to enforce an ***unlimited*** tax **of any *nature***, *direct* or *indirect*?  As there are **no *unlimited*** *taxing powers* that exist or that are actually granted by any clause of the Constitution or its Amendments, - according to the Supreme Court.  Again:

> "The subject matter of taxation open to the power of the Congress is as comprehensive as that open to the power of the states, though the method of apportionment may at times be different. "The Congress shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8. If the **tax is a direct** one, **it shall be *apportioned*** according to the census or enumeration. If it is a **duty, impost, or excise, it shall be *uniform*** throughout the United States. Together, these classes include every form of tax appropriate to sovereignty. *Cf. Burnet v. Brooks*, 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.*, 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581

"Whether the tax is to be classified as an "*excise*" is in truth not of critical importance. If not that, it is an "*impost*" (*Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601, 158 U. S. 622, 158 U. S. 625; *Pacific Insurance Co. v. Soble,* 7 Wall. 433, 74 U. S. 445), or a "*duty*" (*Veazie Bank v. Fenno,* 8 Wall. 533, 75 U. S. 546, 75 U. S. 547; *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 157 U. S. 570; *Knowlton v. Moore,* 178 U. S. 41, 178 U. S. 46). A <u>*capitation* or other "*direct*" tax it certainly is not.</u>" *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581-2

"The [income] tax **being an excise**, its imposition must conform to the canon of **uniformity**. There has been no departure from this requirement. According to the settled doctrine the *uniformity* exacted is geographical, not intrinsic. *Knowlton v. Moore, supra,* p. 178 U. S. 83; *Flint v. Stone Tracy Co., supra,* p. 220 U. S. 158; *Billings v. United States,* 232 U. S. 261, 232 U. S. 282; *Stellwagen v. Clum,* 245 U. S. 605, 245 U. S. 613; *LaBelle Iron Works v. United States,* 256 U. S. 377, 256 U. S. 392; *Poe v. Seaborn,* 282 U. S. 101, 282 U. S. 117; *Wright v. Vinton Branch Mountain Trust Bank,* 300 U. S. 440." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 583

56.     The *Complaint* filed by the Plaintiff United States in this matter, now wrongfully seeks criminal prosecution of the defendant under alleged authority of IRC §§ 7212(a), 7212(b), and 7201, for the alleged *interference* of the Defendant with the administrative enforcement of a tax of a *constitutional* nature that is, as-of-yet, **still unidentified** by the plaintiff United States in any of its pleadings made in this instant action; for alleged failures to file returns that are **not** applicable at law **to** the defendant; **nor** which can be shown to be required by law to be provided by the Defendant; and for an alleged failure to pay a tax for which the defendant is **not** the *person* made ***liable* by statute** for the payment of (the tax).

57.     In this criminal prosecution of the defendant Cromar, the plaintiff United States has argued on the record of the action in the court that the *subject-matter jurisdiction* of the district court is allegedly established over this criminal prosecution under **statutes alone,** *i.e.*: IRC §§ 7212(a), 7212(b), and 7201.   Their plaintiff's *Indictment, Complaint* and other pleadings in the court provide no further assertion of the constitutional foundational basis for the *subject-matter jurisdiction* of the court, other than the statutes cited.   In fact, the plaintiff United States ***fatally, erroneously, fails*** to argue **any** constitutional basis or authority at all for the criminal action in the court.   The ***fatal error* cannot be *cured*** or **"repaired".**

## Statutes Alone are Insufficient to Establish *subject matter jurisdiction*

58.   Statutes alone are **not** sufficient to properly identify and fully establish the *subject-matter jurisdiction* of the district court over the criminal action in the criminal forum, which is why the 10th Circuit Court's holding is so important to remember and faithfully apply in this subsequent action in the district court.

> "It remains rudimentary law that "[as] regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The **Constitution must have given to the court the capacity to take it,** *and an act of Congress must have supplied it. . . .* To the extent that such action is not taken, the power lies dormant." *The Mayor* v. *Cooper,* 6 Wall. 247, 252 (1868) (emphasis added); accord, *Christianson* v. *Colt Industries Operating Co.,* 486 U. S. 800, 818 (1988); *Firestone Tire & Rubber Co.* v. *Risjord,* 449 U S 368, 379-380 1981); *Kline* v. *Burke Construction Co.,* 260 U. S. 226, 233-234 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587 (1874); *Sheldon* v. *Sill,* 8 How. 441, 449 (1850); *Cary* v. *Curtis,* 3 How. 236, 245 (1845); *McIntire* v. *Wood,* 7 Cranch 504, 506 (1813)." *Finley v. United States, 490 U.S. 545* (1989).

> "It is well established that federal courts are courts of limited jurisdiction, possessing only that power **authorized <u>by the Constitution</u> <u>and statute</u>.**" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)
> "Jurisdiction can be challenged at any time." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910.

> "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

> "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven. ... Jurisdiction, once challenged, cannot be assumed and must be decided" *Maine v Thiboutot,* 100 S. Ct. 2502 (1980)

> "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

"... in a long and venerable line of our cases. "Without jurisdiction the court **cannot proceed at all in any cause**. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1869). ... The requirement that jurisdiction **be established** <u>as a threshold matter</u> "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U.S. 379, 382 (1884). ... The statutory **and (especially) constitutional elements of jurisdiction are an essential** ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. See *United States* v. *Richardson*, 418 U.S. 166, 179 (1974); *Schlesinger* v. *Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act **ultra vires**. *Steel Co., aka Chicago Steel & Pickling Co. v. Citizens for a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

59.     Statutes alone are not sufficient to properly identify and fully establish the *subject-matter jurisdiction* of the district court over **any** action in the federal district court.  Which again, is why the 10th Circuit Court's holding is so important to remember, and faithfully apply in this subsequent action in the district court

### *subject-matter jurisdiction* Requires that a Specific Power to Tax be Identified

60.     Therefore, the first challenge to the plaintiff's ***deficient*** and ***defective*** attempt to establish the alleged *subject-matter jurisdiction* of the court over the criminal action, is based on the glaring **absence** in the plaintiff's *Indictment, Complaint, Notice,* and pleadings, of any alleged *constitutional authority* **under which** a specific and fully-granted *subject-matter jurisdiction* of the court can be established, that can lawfully be *taken* by the court over the action in the court.

61.     The alleged, specific, constitutionally granted *taxing power,* allegedly being enforced through the filing of the criminal action against defendant Cromar, **must be disclosed** to the defendant, and the plaintiff also needs to have identified by the plaintiff the **specific** *enabling enforcement clause* of the Constitution that constitutionally authorizes the U.S. Congress to

write the statutes invoked by the plaintiff in this matter as being *applicable* to the matter before it; - **and** to ensure that the court can verify that it is authorized by statute to entertain jurisdiction over the *facts* of this particular case; **and** to ensure that the plaintiff United States is **not** trying to claim a jurisdictional authority that is **not** actually conferred **in this case because** the statutes **have no application** to the *taxing power* allegedly being enforced, *i.e.*: an alleged *power* to tax *directly* without constitutional *limitation* as **erroneously** declared in the IRS *Frivolous Positions* document, which is **obviously itself** the truly *frivolous position* as it is **_constitutionally_ impossible** for the government to *enforce* **anything** at law through the courts, **without** the U.S. Congress being **specifically *constitutionally*** **authorized to write law** to enforce the claims made, and or the *taxing power* claimed invoked and exercised in *operational practice* to create the claim for tax alleged owed (in this case).

62.      Thus allowing the defendant to verify that both the plaintiff and the federal court are *constitutionally* authorized to use and apply the statutes in the manner attempted, *i.e.*: for the enforcement of **only** the specific *taxing powers* that the statute was properly enacted by Congress to enforce, under a constitutionally granted *enforcement power* that was both factually identifiable and applicable to the *taxing power* alleged exercised in operation by the United States in imposing and enforcing the tax alleged owed, evaded, defeated, or otherwise failed in some way by the defendant Cromar.

63.      Of course, defendant is aware that the original *Impost, Duty,* and *Excise taxing powers* of the U.S. Constitution that are granted by Article I, Section 8, clause 1, are all made enforceable at law by the original *"Necessary and Proper" enabling enforcement clause* of clause 18 of that same Article and Section. That original enforcement clause of course, *constitutionally* **authorizes** the U.S. Congress **to write law** to enforce **those three** granted **_indirect_ *taxing powers*,** together with the power to tax *directly* under Article I , **but only** when the ***direct*** tax is *apportioned to* the states for payment (Art. I, §2, cl. 3), and *laid in proportion to the census* (Art. I, §9, cl. 4). Under the U.S. Constitution and its Amendments, the U.S. Congress is **not** *constitutionally* authorized to write law to enforce **any other *taxing power*,** and this court is barred by the three *estoppel doctrines* from going outside of the 16th

Amendment and the Circuit Court's holding, to try to take jurisdiction over this case under Article I instead of the 16th Amendment alone, as previously held in that Circuit Court.

## What *taxing power*, Besides *Impost, Duty,* and *Excise,* is at Issue in this Case

64.     Therefore, defendant, *pro se* **again** asks the plaintiff and the court: "Is there any other *taxing power*, **besides** *Impost, Duty,* and *Excise,* which is granted under the U.S. Constitution, which is also **made** *constitutionally* **enforceable** through written law that the U.S. Congress was *constitutionally **authorized*** to write under an associated and applicable *enabling enforcement clause*?   If so what is the **specific** *taxing power* alleged applicable and relied upon, that is made *enforceable* at law, if **not** the *Duty, Impost,* and *Excise taxing powers* of Article I?   What new *power* is allegedly created by the 16th Amendment in direct **contradiction** to the Supreme Court's ***controlling*** decisions on the matter?

> "by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment **conferred no new power of taxation** but simply **prohibited** the previous complete and plenary power of income taxation possessed by Congress from the beginning **from being taken out of the category of indirect taxation to which it inherently belonged** ...." *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113 (1916)

> "As **repeatedly** held, this did **not extend** the taxing power **to new subjects**, but merely removed the necessity which otherwise might exist for an apportionment among the states of taxes laid on income. *Brushaber v. Union Pacific R. R. Co.*, 240 U.S. 1 , 17-19, 36 Sup. Ct. 236, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414; *Stanton v. Baltic Mining Co.*, 240 U.S. 103 , 112 et seq., 36 Sup. Ct. 278; *Peck & Co. v. Lowe*, 247 U.S. 165, 172, 173 S., 38 Sup. Ct. 432." *Eisner vs. Macomber*, 252 U.S. 189 (1920), at pg. 205

65.     Why does this court feel that it can violate and reverse these ***controlling*** decisions of the Supreme Court?   How is it possible for the district court to ignore all of these ***controlling*** Supreme Court decisions being cited by the defendant, while the plaintiff and the court itself ***catastrophically* fail** to *cite* **anything at all**, including any actual or specific lines of text from any decision of the Supreme Court, or of any other inferior court as well, - including the

actual circuit decisions they claim to be relying upon to overcome and reverse the Supreme Courts actual holding on the matter?   Show us where the *Brushaber* decision supports the holding made in *Collins*.   The *Collins* decision is quite obviously **entirely** made-up of the fabled "*whole cloth*".   It is an obvious attempt to *reverse* the Supreme Court's true holdings in the matter, and this defendant intends to teach the jury about that judicial sedition as part of his defense at trial before the jury in this shame prosecution of a non-existent and unenforceable **fake** *taxing power* that routes the moneys allegedly taken *as tax,* **illegally** to the private corporation known as the Federal Reserve Bank, and **not** to the U.S. Treasury as required by law under Title 26 Section 7809.   This too will be proved to the jury at trial as part of the defendant's defense against the fraudulent tax crime charges.

66.     Defendant must therefore now ask: **"HOW IS THIS ANY OF THIS POSSIBLE IN A SUPPOSEDLY IMPARTIAL COURT OF LAW?"**

67.     Because of course under the doctrines of *collateral estoppel, judicial estoppel, and estoppel by judgment,* these **fatal** *defects* exposed in the alleged jurisdiction of the court claimed by   the plaintiff, and now **twice** by the court itself - as it has *erroneously* and **improperly** tried to *prejudicially* assist the plaintiff in the action by reaching outside of the 10th Circuit's decision to try and invoked an Article I authority, - first by *erroneously* claiming direct authority under Article I, Section 8, and then **again** by trying to *inject* an Article I authority claimed in a district court decision from New Jersey (in the 3rd Circuit, and **not** the 10th), *i.e.*: in *United States v. Balice,* which **again** the court is **barred** from doing, and using, by the controlling *estoppel* doctrines because that decisions was not a part of the 10th Circuit Court of Appeals' decisions.   The *Balice* decision was of course **also** argued by the district court, to *prejudicially* assist the plaintiff United States in the prosecution of that case too, who had argued itself **only** for the enforcement of a *direct* tax under the 16th Amendment **without** the invocation or use of any Article I authority made, in its own pleadings. The *Balice* court took it upon itself to *invent*  out of thin air  and "*whole cloth*" a *hybrid* power to tax, together with an **un**granted power to *enforce* that *hybrid* power based on **nothing real,** and in direct **violation** of the supreme Court's controlling decisions, which are effectively *reversed*  by the lower courts' decisions.   This judicial **rebellion** of the lower courts, in the

lower courts, **must be exposed** and **terminated**, and the defendant in this action intends to argue these **facts** before the jury as well at trial as part of his legal defense.

68.    The *fatal subject-matter jurisdiction defect* **cannot** be **ignored** any longer by this court, and it **cannot** be *perfected* or eliminated by the Plaintiff.  Dismissal with *prejudice* is now **again** demanded by both fact and law, and the previously issued *controlling* holdings of the U.S. 10th Circuit Court of Appeals which *control* this matter under the doctrines of *estoppel* herein above presented and argued.

> "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F.2d 416

> "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

> "There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.*, 474 F.2d 215 (1973).

### The Plaintiff Must Establish the *subject-matter jurisdiction of the Court*

69.    Is the plaintiff United States attempting to enforce an Article I, *Impost, Duty,* or *Excise* tax against the defendant through the filing of this criminal *Complaint*?  What *constitutionally* enforceable *taxing power* is allegedly at work in this criminal prosecution of the defendant, as the constitutional foundation to the entire criminal action in the district court?  No one will say.  Why is that?  And how is that even possible in an *impartial* court of law?

70.    The plaintiff is strangely **silent** on this **very** important jurisdictional detail, which **must be disclosed** to the defendant, and the court itself, or a proper identification, declaration, and establishment of the **specific** *subject matter jurisdiction* of the court is *fatally* **missing** from the record of the action in the court.  Thus, the court **cannot** proceed for *lack* of any showing of a fully granted *subject-matter jurisdiction* of the court that can be taken by it, over

this criminal prosecution of the defendant Cromar.  It is **absolutely necessary** for the court to **declare** the alleged *subject-matter jurisdiction* of the court **on the record** of the action in the court, for appeals purposes.

71.     The *subject matter jurisdiction* of the court **must** be properly shown and declared as a formal part of the record of the action in the court, and this court needs to address that **requirement** and **stop** trying to *prejudicially* assist the plaintiff by **wrongfully** and **erroneously** **merely** *asserting* that jurisdiction exists in a hearing, out of which no *Order of the Court* emanates to properly and lawfully, plainly and clearly, totally disclose and establish the jurisdiction of the court, and its foundational elements, on the record of the action.

72.     In the *State of Rhode Island v. The State of Massachusetts*, 37 U.S. 709 (1838), the Supreme Court plainly and clearly stated that once the question of jurisdiction is raised, "*it must be considered and decided, before any court can move one step further*".

> "However late this objection has been made or may be made in any cause in an inferior or appellate court of the United States, it must be considered and decided before any court can move one further step in the cause, as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them;" *State of Rhode Island v. The State of Massachusetts*, 37 U.S. 709, 718 (1838)

> "So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is **not** in and of itself **sufficient to vest jurisdiction in the Federal courts**." *Shoshone Mining Co. v. Rutter, 177 U.S. 505, 513* (1900).

### Count Number "1" has No Statutory Authority Reaching Defendant

**Count 1:** *26 USC § 7201,*
*Attempt to Evade and Defeat the Assessment or Payment of Tax*

73.    Next, since both the plaintiff and the court have <u>improperly **refused**</u> to properly address the alleged *statutory defects* in the plaintiff's claim to a *subject-matter jurisdiction* of the court under the statutes alone, we must examine the specific *charging* statutes that have been invoked by the plaintiff in its *Indictment* and *Complaint* as the alleged legal basis for the criminal charges that have been laid against the defendant in this action.

74.    The first statute invoked is Title 26 USC (IRC) Section 7201, charging the defendant with an alleged *"Attempt to Evade and Defeat the Assessment or Payment of Tax"*.    The statute states:

> **§ 7201 - Attempt to evade or defeat tax**
>
> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution

75.    This statute makes it a criminal act to attempt to evade or defeat *"**any tax**."*  But the term *"**any tax**"* is far too vague and *arbitrary* as a claim, for a criminally accused defendant to be able to answer or defend against it, because the defendant is never told what the **specific type of** tax at issue is; - or more to the point, what **specific** *taxing power* he or she is charged with allegedly attempting to evade or defeat, *i.e.:* – Was it an *Impost,* a *Duty,* or an *Excise* that the defendant is accused of attempting to evade or defeat?  Or something else? - And if so, what? This needs to be stated **plainly and clearly** on the record of the action in the court before the court can proceed any further with this criminal prosecution of the defendant Cromar.

76.    And further, **where is** the associated *enabling enforcement clause* that is made applicable, to properly *constitutionally* **authorize** the U.S. Congress **to write law** to enforce that specific *taxing power* [not yet] identified by the plaintiff in this action, and claimed to be the granted *taxing power* exercised as the lawful foundation to this criminal prosecution of the defendant? Because the **only** taxing *powers* that are *constitutionally* **made** ***enforceable***

with law that has been written by a _constitutionally_ authorized U.S. Congress, are the _Impost,_ the _Duty_, and the _Excise_ taxes and _taxing powers_ of Article I, Section 8, clause 1 – made enforceable by the original _"Necessary and Proper" enabling enforcement clause_ of Article I, Section 8, clause 18, **which** has **no** application **within this action** under the 10th Circuit Court's _controlling_ decision on the _subject-matter jurisdiction_ of the court that may lawfully be taken by it under the 16th Amendment **alone.** The **FATAL ERROR is OBVIOUS and irrefutable. CANNOT** the plaintiffs' attorneys, and this district court itself, **READ** and **cite** the _Brushaber_ decision themselves if it supports the position they have assumed? Why is it that there is **no** explicit cite of any text of any Supreme Court decision being referenced in this matter by any party except the defendant? What _perverted_ version of the law are these courts enforcing today at the behest of the United States as a plaintiff? How is any of this possible in America? The defendant feels that the **jury must be told** about these **unlawful** and **unconstitutional** transgressions being perpetrated against the defendant in this case, and about this _rebellion_ being perpetrated by the judges in the lower federal courts and he intends to present these facts to the jury as part of his defense at trial.

77.      So if this action is **not** dismissed, then the defendant, Ken Cromar demands that the plaintiff United States **specifically** identify on the record of the action in the court, before proceeding any further in this criminal prosecution, just **exactly which tax it is**, of the many possible _"any taxes"_ that exist, that the defendant is accused of attempting to evade or defeat; - so that the defendant may actually know the _nature_ of the charges against him and understand exactly what he is accused of violating? ONLY then is the required _due process_ at law that is required in the court provided to the defendant so that he can answer the _Complaint_ and defend himself from the _erroneous_ criminal charges wrongfully laid at his doorstep, outside of the 10th Circuit Court's decision in previous litigation on the identical issue with the same defendant.

78.      In order for any defendant to be able to defend him or herself against this kind of _vague_ and _arbitrary_ **"_any tax_"** charge (or charging statute), it is necessary for the court to require the plaintiff to specifically identify **which** of the _"any taxes"_ possibly at issue, is the one **specific** "tax", and **certain** specific _taxing power,_ that the criminal charges are based on. Is the defendant accused of attempting to evade or defeat an _Impost, Duty,_ or _Excise,_ **or**

something **else**?  **And if so, WHAT?**  Why does the court refuse to make the plaintiff address this critical issue in responsive pleadings?  Why is the court still *prejudicially* and *wrongfully* trying to **assist** the plaintiff in the prosecution of this case?

79.     Therefore, if this action is not dismissed, Defendant Cromar **again** *moves* this court to compel the plaintiff to explain, with the **required specificity necessary** to make clear for both the defendant and the court itself, what the constitutional foundations for this criminal prosecution are, - to include the **complete disclosure** on the record of the action in the court, of what the true underlying nature of the 7201 charges are, by **disclosing** what fully-granted *taxing power(s)* are allegedly exercised, and at issue in this criminal prosecution of the defendant.

80.     Defendant Cromar **positively asserts** that he does **not** currently understand how Section 7201 can be made applicable to the enforcement of a *taxing power* ruled by the 10th Circuit to have been created under authority of the 16th Amendment, when there is **no** *enabling enforcement clause* in the Amendment to *constitutionally* authorize Congress to write **any** enforcement law under that Amendment, - to enforce the newly created *taxing power* alleged created by the Amendment, - but **never** made enforceable at law by a constitutionally authorized Congress that was authorized to write those laws with applicability to the new *taxing power* alleged created, for *lack* of the required *enabling enforcement clause* in that Amendment?

81.     The *due process* at law that is required in the court in this matter now requires dismissal with *prejudice* under the *controlling estoppel* doctrines argued herein above.

82.     The due process clause is among the substantive rights the Supreme Court was referring to in *Miranda v. United States*.  In *Fuentes v. Shevin, Attorney General of Florida, et al,* (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed. 2d 556, Supreme Court justices addressed essentials of the *due process* clause as it appears in the Fifth and Fourteenth Amendments:

> "Those who wrote our Constitution well knew the danger inherent in special legislative acts which take away the life, liberty, or property of particular named persons because the legislature thinks them guilty of conduct which

deserves punishment. They intended to safeguard the people of this country from punishment without trial by duly constituted courts. See *Duncan v. Kahanamoku, 327 U.S. 304.* And even the courts to which this important function was entrusted were commanded to stay their hands until and unless certain tested safeguards were observed. An accused in court must be tried by an impartial jury, has a right to be represented by counsel, **he must be clearly informed of the charge against him,** the law which he is charged with violating must have been passed before he committed the act charged, he must be confronted by the witnesses against him, he must not be compelled to incriminate himself, he cannot twice be put in jeopardy for the same offense, and even after conviction no cruel and unusual punishment can be inflicted upon him. See *Chambers v. Florida,* 309 U.S. 227, 235-238. When our Constitution and Bill of Rights were written, our ancestors had ample reason to know that legislative trials and punishments were too dangerous to liberty to exist in the nation of free men they envisioned. And so they proscribed bills of attainder. Section 304 is one. Much as we regret to declare that an Act of Congress violates the Constitution, we have no alternative here." *United States v. Lovett* (1946), 328 U.S. 303; 66 S. Ct. 1073; 90 L. Ed. 125

83.    Defendant Cromar has now fully explained why he is **unable** at this time to **understand** the *vague* and *arbitrary* charges that have been laid against him by the plaintiff United States in this action, and this honorable court thus now has a ***duty*** to **intervene** in these matters under the **previous,** *controlling* decision taken by the 10th Circuit Court of Appeals in the previous litigation between these two same litigants, on these same issues and contentions, and **dismiss** this action with *prejudice.*

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S.,* 505 F.2d 1026 (1974)

## Count Number "2" has No Statutory Authority Reaching Defendant

### Count 2: *26 USC § 7212(a),*
*Corruptly Obstructing the Due Administration of the Internal Revenue Code*

84.   The next charging statute that was also *erroneously* invoked by the plaintiff United States in its *Indictment* and *Complaint* is Section 7212(a), charging the defendant with allegedly "*Corruptly Obstructing the Due Administration of the Internal Revenue Code*". The statute states:

### § 7212 - Attempts to interfere with administration of internal revenue laws

#### (a) CORRUPT OR FORCIBLE INTERFERENCE

Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States **acting in an official capacity** under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

85.   This statute says that it is a crime and a punishable offense for any *person* to attempt "*to intimidate or impede any officer or employee of the United States **acting in an official capacity** under this title*". So it will be necessary to examine what "*official capacity*", or *capacities*, the statutes of this Title 26 have conferred upon the "*officers and employees of the United States*" that have been involved in this legal dispute with the defendant, Ken Cromar, *i.e.*: we must examine the *official capacity* of the officers and employees of the United States' Internal Revenue Service (IRS) who dealt with defendant Cromar.

86.   So let us investigate and understand completely the "*official capacity*" of the Internal Revenue Service (IRS) Agents and Officers that are created under the grants of the *statutory authorities* that are made to them as "*officers and employees*" of the Internal Revenue service, **as there can be no** "*official capacity*" to act under, **outside of** the authority granted by the statutes themselves. There can be **no claim** of any grant of any alleged authority or "*official capacity*", that is **not *specifically* made by statute**, - or the courts **cannot** enforce the non-

statutorily supported claim; as the courts **need a *constitutionally* authorized statute** to enforce anything in the court.  It is **only** the grant of authorities **made under the statutes** that enable this court to exercise its jurisdiction, because it only possesses jurisdiction and authority to enforce that which is provided for within the written statutes, and **only** that.  The statutes themselves provide in law the **only** "*official capacity*" of the "*officer and employees*" of the IRS that exists.   In order to be an "*official capacity*", it **must be** a "*capacity*" that is specifically **granted** by the statutes themselves.

87.     So, to begin our investigation of the "*official capacity*" of IRS Revenue Agents and officers that exists for them to lawfully act under, we examine Section 7608(a), which provides the authority at law for internal revenue enforcement agents and officers in the form of "*investigators, agents, or other internal revenue officers by whatever term designated*", to lawfully act within their offices' granted "*official capacity*" to act as such IR enforcement agents of the United States.  The statute states:

**Sec. 7608 Authority of internal revenue enforcement officers**

**(a)** ENFORCEMENT OF SUBTITLE E AND OTHER LAWS
     PERTAINING TO LIQUOR, TOBACCO, AND FIREARMS

Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions **of subtitle E** or of any other law of the United States **pertaining to the commodities subject to tax under such subtitle** for the enforcement of which the Secretary is responsible, may—

**(1)** carry firearms;
**(2)** execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
**(3)** in respect to the performance of such duty, make arrests without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and
**(4)** in respect to the performance of such duty, make **seizures** of property **subject to forfeiture** to the United States.

88.    This statute plainly and clearly states that the IRS "*investigators, agents, or other internal revenue officers*", *i.e.*: the United States employees involved with defendant Cromar in this alleged criminal charge, are **only** authorized within the "*official capacity*" that is created and imparted to them under this authorizing statute, to "*enforce any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle* ".

89.    Plaintiff United States knows full well that in this case's record of facts, there is **no** "**subtitle E**" activity or tax *pertaining to the commodities subject to tax under such subtitle* **(E),** that the defendant Cromar is charged with failing, or that he is even *factually* involved with; - or for which "tax" (on commodities - ATF) it is alleged the defendant is *statutorily* made *liable* by law to pay.  Defendant Cromar is not involved in any Subtitle "E" or ATF controlled activities, **nor** any other activity *pertaining to the commodities subject to tax under such subtitle*, and further, defendant Cromar has  no *statutory liability* in law, for the payment of any such Subtitle "E" tax; - or any other tax for that matter.

90.    Plaintiff United States also knows full well that the alleged tax at issue in this wrongful criminal prosecution of the defendant, is all - 100% based on alleged violations of the **Subtitle "A"** tax laws and requirements, and **NOT** the required **Subtitle "E"** statutes and taxes specified in this statute as **necessary** to create the *limited* "*official capacity*" of the agents and officers to act under law, to investigate and enforce **SUBTITLE E** matters and law.

91.    Section 7608(a) confers **no** "*official capacity*" upon IRS officers and agents under Subtitle "A" to enforce any of that Subtitle's provisions, or tax, in this instant criminal prosecution.  It further confers **no** "*official capacity*" upon IRS officers and agents to act under, **outside** of Subtitle E investigations and matters, which is **not** a relevant subject-matter in the instant case.

92.    Therefore, under this authorizing statute (§ 7608(a)) the officers and employees of the United States, who have been involved with defendant Cromar in this action, are given **no** "*official capacity*" **what-so-ever** to act to enforce any provision or tax under the applicable

and controlling Subtitle "A" body of law, **nor** with respect to defendant Cromar under the Subtitle "A" taxes and laws alleged involved in this legal dispute.   The United States employees and officers were **only** authorized to enforce the **Subtitle "E"** tax laws and taxes, which **do not exist** in this case as a function of the **facts** controlling the dispute.   Therefore there is **no** "*official capacity*" to hinder or impede, to trigger the application of the criminal charges made under Section 7212(a) against defendant Cromar.

93.     Thus, it is ***factually established***  under this authorizing statute that the "officers and employees of the United States **were NOT** acting in any *statutorily* granted "***official capacity***" to act in this matter that is actually granted to them under the factual circumstances controlling the resolution of this dispute in the defendant's favor, because without the factual evidence of a lawful "*official capacity*" under an authorizing statute, like Section 7608(a), that was applicable to the subject Subtitle "A" tax dispute, rather than under the *authorized* Subtitle "E" enforcement authorities of § 7608(a), **it was impossible** for the defendant Cromar to have *interfered with* or *impeded* any officer or employee  of the United States who was acting under law, in the lawful pursuit of a *duty* defined within an "*official capacity*" of his employment position, because **no** "*official capacity*" exists for any Revenue agent or officer to exercise or enjoy **outside** of the authorized **Subtitle "E"** investigations and enforcement actions, and **not within any** Subtitle **"A"** enforcement action as **improperly** attempted in this prosecution.   Under Section 7608(a), the agents and officers of the IRS possessed **no** *statutorily* authorized "*official capacity*" to act under within this Subtitle "A" matter, which is the **only** tax,  law, and subtitle that is foundationally involved in the plaintiff's *Indictment* and *Complaint,* in this wrongful criminal prosecution of the defendant, Ken Cromar.

94.     Is the plaintiff United States aware of any other code section statute in any Subtitle of Title 26 that provides a greater or extended authority of the IRS agents, officers, and employees to act lawfully under, and thus would enlarge or expand the "*official capacity*" of the employees involved in this dispute to act beyond the limited Subtitle "E" enforcement authority provided to them under Section 7608(a), *supra,* and which would show and provide an additional "*official capacity*" for them to act under that applies within this criminal prosecution under the Subtitle "A" tax laws, and **not** Subtitle **"E"**?  If so, can the plaintiff

United States please cite that code section, with **specificity**, in their reply to this *Motion to Dismiss*?  And if they **cannot** cite any other code section that does that, then this honorable court should dismiss the wrongful charges brought under the ***deficient*** and ***defective*** charging statute that is *erroneously* being relied upon to bring the *obstruction* charges under Section 7212(a).

95.    The plaintiff's attorneys seem to have *wrongfully* and *erroneously* ***assumed*** that an "*official capacity*" to act is possessed by the employees of the United States involved in this dispute with defendant Cromar under Subtitle A law and requirements, but the court **cannot** enforce the plaintiff's **erroneous** *assumptions*.   The court must insist that the plaintiff demonstrate on the record of the action that an "*official capacity*" to act was granted **under the statutes,** and that it was in fact possessed at the time, and was **also** being properly utilized at the time by the United States' employees involved, **within an  authorized** Subtitle "**E**" matter that they were authorized to investigate and enforce under the **limited** "*official capacity*" that is *statutorily* granted to them to be enjoyed under Section 7608(a).

96.    Unless that demonstration can be made by the plaintiff United States, it is thereby **exposed** that there is **no** true *statutory* foundation within Section 7212(a) for the plaintiff United States to rely on in this action to lay any criminal charges against the defendant, under alleged authority of that statute, Section 7212(a), because there is no "*official capacity*" for any employee or officer of the United States (IRS) who is involved in this dispute to invoke as foundational, that is evidenced on the record of the action in the court, to provide to the court the *subject-matter jurisdiction* necessary to allow it to take a properly exercised grant of *subject-matter jurisdiction* under this statute over the **facts** of record in the case (***lacking*** a showing of any "*official capacity*" to enforce Subtitle "A" tax, or tax law, under § 7608); - and the court must therefore dismiss all of the charges laid against the defendant under that statute, § 7212(a), **for all of the tax-years** to which it has wrongfully been applied and misused to harass the defendant, Ken Cromar and his wife Barbara.

97.    The employees of the United States can **only** legally do what the statutes provide, and the federal courts can only enforce what the statutes **actually** authorize.  So, if there is no other statute (and there isn't), providing an enlarged or expanded "*official capacity*" for the

IRS employees to enjoy, to allow them to act outside of the Subtitle "E" authorities and the limited "*official capacity*" they enjoy to act under § 7608(a), to enforce the laws and taxes of said subtitle ("E"), and the other taxes and laws "***pertaining to the commodities subject to tax under such subtitle***".

98.     Without claim to any "*official capacity*" provided under Section 7608(a), then **all** of the "*employees of the United States*" that interacted with defendant Cromar in these matters, have exceeded the authority of the "*official capacity*" that they actually did possess at the time to act under, and they were therefore in fact **not acting** within any identifiable "*official capacity*" to act.  But it is absolutely essential for the plaintiff United States to demonstrate that there was an "*official capacity*" "at work" in order to able to lawfully, **both** charge the defendant under Section 7212(a), **and** to show the court that it has a legitimate claim to a granted *subject-matter jurisdiction* over the criminal charges made under the statute.  But the statute does **not** confer a *subject-matter jurisdiction* over the action to the court by itself, because the required "*official capacity*" has not been demonstrated and is not shown, and does **not *factually* exist,** on the record of the action in the court.

99.     And, if the Agents were **not** acting in their "*official capacity*", but instead had **<u>exceeded</u>** that legal "*official capacity*" to *lawfully* act, then the charges brought under the statute must be dismissed with *prejudice, lacking* a showing of the required "*official capacity*", which would constitute a ***fatal*** failure to establish the pre-requisite requirements of Section 7212(a), in order for the plaintiff to charge the defendant, Ken Cromar, with any criminal charges under this statute.   So the DOJ must either identify and produce for the court a statute conferring a further authority and "*official capacity*" to act upon Internal Revenue Agents and Officers beyond that conferred by 7608(a), or the charges under Section 7212(a)  must be dismissed with *prejudice*, as the *defect* and **fatal** *error* cannot be corrected because there is no other *statutory* authority that can be invoked or that can be found later to repair and cure the jurisdictional defect identified in the ***factual*** lack of an "*official capacity*" of any United States IRS employee involved in this action by way of interaction with the defendant, Ken Cromar.

## Count Number "3" has No Statutory Authority Reaching Defendant

### Count 3: *26 USC § 7212(b),*
*Forcible and Attempted Rescue of Seized Property*

100. The next charging statute that was invoked by the plaintiff United States in its *Indictment* and *Complaint* is Section 7212(b) charging the defendant Cromar with allegedly "*Corruptly Obstructing the Due Administration of the Internal Revenue Code*". The statute states:

> **§ 7212 - Attempts to interfere with administration of internal revenue laws**
> ...
> **(b) FORCIBLE RESCUE OF SEIZED PROPERTY**
>
> Any person who forcibly rescues or causes to be rescued any property <u>after it shall have been seized under this title,</u> or shall attempt or endeavor so to do, shall, excepting in cases otherwise provided for, for every such offense, be fined not more than $500, or not more than double the value of the property so rescued, whichever is the greater, or be imprisoned not more than 2 years.

101. This charging statute says that it is a crime for any person to "*rescue or cause to be rescued, any property <u>after it shall have **been seized under this title**</u>*". However, in order for property to have been lawfully "***seized under this title***", it would have to have been seized under authority of the statutes contained **in this Title** (26). So, clearly we now need to investigate the ***statutory* authorities** that are granted to IRS employees, to ***seize*** and ***make seizures*** of property **under the statutes of Title 26**.

102. And so, we return to Section 7608(a), with our focus this time on subsection (a)(4). To wit:

> **Sec. 7608 Authority of internal revenue enforcement officers**
> ...
> **(b) ENFORCEMENT OF SUBTITLE E AND OTHER LAWS**
> **PERTAINING TO LIQUOR, TOBACCO, AND FIREARMS**
>
> Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions **of subtitle E** or of any other law of the United States **pertaining**

> **to the commodities subject to tax under such subtitle** for the enforcement of which the Secretary is responsible, may—
>
> ...
> **(4)** in respect to the performance of such duty, make **seizures** of property **subject to forfeiture** to the United States.

103.  This statute says that the IRS "*investigators, agents, and other internal revenue officers by whatever term designated*",  are authorized in law "*with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E*" and may "*make seizures of property subject to forfeiture to the United States*".

104.  However, since the charging statute (§ 7212(b)) **only** applies to property that was *seized* under **this title**; and since "*this title*" (Title 26 USC) **only** authorizes *seizures* of property under this statute, and **only within** civil Subtitle E tax investigations and collection efforts under the statutes; and since **there is no Subtitle E tax** or law **at issue** in this dispute; - then it would *factually* appear on the record of the action that, in fact, there was **no lawful** *seizure* that was made **under this Title** (26).

105.  Therefore, **unless** the plaintiff United States can identify and cite another code section **in this Title** (26), besides the **in**applicable Section 7608(a), that allegedly **extends** or **expands** the *seizure* powers of Title 26 to authorize any other persons to make *seizures* under the Title, **or,** for a lawful *seizure* under the Title to be made under **any other circumstances, - other than those** proscribed under Sections 7608(a) and (a)(4), which sections **do not apply** in this dispute for *lack* of a Subtitle **"E"** tax at issue in the criminal dispute, and necessary under Section 7608 to authorize a lawful and proper *seizure* of defendant Cromar's property to be made, "*under this title*".

106.  In reading Section 7608(a)(4) we see that it states that the IRS employees are authorized thereunder to  make **seizures** of property "***subject to forfeiture to the United States***".   No other property is specified as being within the scope of the granted *seizure* authority to lawfully *seize* property that is "*subject to forfeiture*", and since the employees of the IRS that are involved in this dispute, are **only** authorized by this statute to "*make seizure of property*

*subject to forfeiture*" under § 7608(a)(4), we now need to investigate that term to accurately determine if property *subject to forfeiture* was lawfully *seized* under this Title (26), *factually* sufficient to trigger the criminal charges laid against the defendant under Section 7212(b) relating to the *rescue,* or *attempted* rescue, of property that was *seized **under this title***, as stated as being a *prerequisite* requirement to making the criminal charge under the charging statute (§ 7212(b)).

107.  Support for this understanding of the **limited** *seizure* power that is granted and authorized for lawful *seizures* to be made by IRS Revenue Agents and officers under authority of the statutes within Title 26, is plainly and clearly provided under IRC Section 7321.  The statute plainly states:

> **§7321. Authority to seize property <u>subject to forfeiture</u>.**
>
> Any property **subject to forfeiture** to the United States under any provision of this title may be **seized** by the Secretary.

108.   This statute **reasserts** again, in statute, that the property that is lawfully subject to the *seizure* powers that are granted within Title 26, is **limited** to property that is specifically made ***subject to forfeiture*** by the statutes of Title 26.   Is there more *statutory* **control** that can be found that is provided, is applicable, and may in fact be *controlling,* over this matter?  Why yes there is.

109.   So now we have seen that both IRC Sections 7321 and 7608(a)(4), *supra*, plainly state that the IRS Agent's authority to *seize* property is limited to property that is made "*subject to forfeiture*" under the provisions of the statutes of Title 26, and **also** stems from a Subtitle "E" investigation or tax enforcement action *pertaining to the commodities subject to tax.*

110.   However, **there is a** *statutory* definition of the term "*property subject to forfeiture*", which of course is **specifically** referenced in both IRC Sections 7608(a) and 7321, *supra.* That *statutory* definition of the term "*property subject to forfeiture*" is found in Internal Revenue Code, Title 26, Subtitle F, Chapter 75, Subchapter C, PART I entitled "***PROPERTY***

*SUBJECT TO FORFEITURE*", containing I.R. Code Sections 7301 through 7303, which read as follows:

**Title 26 - Internal Revenue Code**
  Subtitle F - Procedure and Administration
    Chapter 75 - Crimes, Other Offenses, Forfeitures
      Subchapter C - Forfeitures
        Part I - **Property Subject to Forfeiture**

**§ 7301. Property subject to tax:**

**(a) Taxable articles**--Any property on which, or for or in respect whereof, any tax is imposed by this title which shall be found in the possession or custody or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof, may be seized, and shall be forfeited to the United States.

**(b) Raw materials**--All property found in the possession of any person intending to manufacture the same into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax, may also be seized, and shall be forfeited to the United States.

**(c) Equipment**--All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a) may also be seized, and shall be forfeited to the United States.

**(d) Packages**--All property used as a container for, or which shall have contained, property described in subsection (a) or (b) may also be seized, and shall be forfeited to the United States.

**(e) Conveyances**--Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a), may also be seized, and shall be forfeited to the United States.

111.    This statute, plainly and clearly, does **not** list the home residence of any *person,* or even any *taxpayer,* as being property that is *statutorily* made *subject to forfeiture,* and thereby

44

subject to a *seizure* made within this Title (26), which is necessary in order to trigger the application of the criminal charging statute (§ 7212(b)), that the defendant is charged under.

112.    Next, IRC § 7302 plainly and clearly provides:

**§ 7302. Property used in violation of internal revenue laws**.

It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property. A search warrant may issue as provided in chapter 205 of title 18 of the United States Code and the Federal Rules of Criminal Procedure for the seizure of such property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal revenue laws, or of any other law. The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal revenue laws.

113.    This statute, plainly and clearly, also does **not** list the home residence of any *person,* or even any *taxpayer,* as being property that is *statutorily* made *subject to forfeiture,* and thereby subject to a *seizure* made within this Title (26), - in order to trigger the application of the criminal charging statute (§ 7212(b)) that the defendant is charged under.

114.    Next, IRC § 7303 provides:

**§ 7303. Other property subject to forfeiture.**

There may be seized and forfeited to the United States the following:

**(1) Counterfeit stamps**--Every stamp involved in the offense described in section 7208 (relating to counterfeit, reused, canceled, etc., stamps), and the vellum, parchment, document, paper, package, or article upon which such stamp was placed or impressed in connection with such offense.
**(2) False stamping of packages**--Any container involved in the offense described in section 7271 (relating to disposal of stamped packages), and of the contents of such container.

      **(3) Fraudulent bonds, permits, and entries**--All property to which any false or fraudulent instrument involved in the offense described in section 7207 relates.

115.    This statute again, plainly and clearly, also does **not** list the home residence of any *person,* or even any *taxpayer,* as being property that is *statutorily* made *subject to forfeiture,* and thereby subject to a *seizure* made within this Title (26), - in order to trigger the application of the criminal charging statute (§ 7212(b)) that the defendant is charged under.

116.    These statutes of Chapter 75 of Title 26, Subtitle "F", comprise the **complete** and **entire** list of ***"property subject to forfeiture"*** as positively **defined** in the statutes of the IR Code and Title 26. But **none** of these statutes include the home residence of any *person,* including defendant Cromar's home, as being property that is *statutorily* made *subject to forfeiture,* and thereby subject to the lawful *seizure* powers granted within this Title (26).

117.    Again, if any property does not fall within the above ***statutory*** descriptions, then it is **not** property that is lawfully "*subject to forfeiture*" by any *seizure* authority granted within and under the provisions of the statutes of Title 26, and these statutes cannot be relied upon to establish a lawful authority for seizing Cromar's home and property, or charging him in this criminal court.

118.    Without a lawful, authorized *seizure* that has been made within the Title by an authorized *person,* and without a showing that any employee of the United States was acting in an *"official capacity"* with respect to defendant Cromar, there is **no *factual cause*** demonstrated sufficient to trigger the application of the charging statutes invoked (§§ 7201, 7212(a), and 7212(b)) by plaintiff United States in its *Indictment* and *Complaint*; - and thus there exists **no** legal justification at all for any of the criminal charges that the defendant Cromar has been charged with, because there has been no authorized seizure of any property of Cromar's that was, by statute, *property* lawfully made *subject to forfeiture* under the provisions of these above-cited *controlling* statutes of Title 26, and no IRS employee involved in this matter can be shown to have been acting in any *"official capacity"*, and therefore could

**not** have been *hindered* or *impeded* in an "*official capacity*" sufficient to trigger the criminal charges proffered under the charging statute.

119.    Indeed, on point of fact upon examination of the facts of this case, we find that **no** *seizure* was ever conducted by any *person,* Agent or otherwise, under the Title 26 *seizure* statutes.  The *seizure* that was conducted was **not** undertaken under authority of the statutes of Title 26 as required, but as a function of the enforcement of the *judgment* that was rendered in the court at trial.  It was **not** a Title 26 *seizure* that was done under the Title 26 *seizure* statutes as shown.  Therefore, **all** of the criminal charges laid under the ***alleged*** authority of IR Section 7212(b), must now be *dismissed* with *prejudice* for *lack* of the necessary *subject-matter jurisdiction* under the statutes.

## Without Lawful Published Authority there is no Enforceability

120.    Finally the Code of Federal Regulations (26 CFR) (previous Exhibit D – CFR Authority) plainly shows that IRC Section 7212 was **never** enacted into law by Congress with applicability to enforcement actions initiated under **any part of Title 26**, as is *wrongfully* and ***erroneously*** alleged in this instant criminal action. This understanding is clearly supported in law by the "Subtitle E" requirement and *limitation* specified in Section 7608(a). Enforcement under Section 7212 is only authorized **as published** in the CFR **and as stated in Section 7608(a)**, *i.e.*: **under Title 27** Parts 40, 41, 44, 45, 46, for enforcement of Subtitle E taxes *"pertaining to commodities subject to tax"* just as it is stated in section 7608(a), and **NOT under** any Part of Title 26, or the 16th Amendment, - as Title 27 addresses and authorizes the enforcement of the Article I, *indirect* power to tax commodities and articles of commerce (ATF) by *Excise,* as clearly shown therein.  The statutes are consistent with each other.  The plaintiff's claims are **not consistent with the statutes,** and therefore they must be dismissed.

## Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR | 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|---|---|
| 7209 | 27 Part 70 | 9003 | 11 Parts 9003, 9033 |
| 7212 | 27 Parts 40, 41, 44, 45, 46 | 9004 | 11 Part 9004 |
| 7213 | 27 Part 17 | 9005 | 11 Part 9005 |
| 7214 | 5 Part 3101 | 9006 | 11 Part 9005 |
| | 15 Part 0 | 9007 | 11 Parts 201, 9007 |
| | 27 Part 70 | 9008 | 11 Parts 201, 9008 |
| 7216 | 26 Part 301 | 9009 | 11 Parts 201, 9001, 9002, 9003, 9004, 9005, |
| 7302 | 27 Part 24 | | 9006, 9007, 9008 |
| 7304 | 27 Part 70 | 9012 | 11 Part 9012 |
| 7322—7326 | 27 Part 72 | 9031 | 11 Part 9031 |
| 7325 | 27 Part 40 | 9032 | 11 Part 9032 |
| 7327 | 23 Part 773 | 9033 | 11 Part 9033 |
| 7342 | 27 Parts 24, 25, 40, 41, 44, 45, 46 | 9034 | 11 Part 9034 |
| 7401 | 27 Part 70 | 9035 | 11 Part 9035 |
| 7403 | 27 Part 70 | 9036 | 11 Part 9036 |
| 7406 | 27 Part 70 | 9037 | 11 Part 9037 |

121.  Because the specific statutes claimed by the Plaintiff United States in its pleadings as the sole basis and foundation to the claimed *subject-matter jurisdiction* of the court in the legal action, *i.e.*: IRC §§ 7212 and 7201, are **not** made applicable, **nor** authorized for use in this case outside of Title 27 *Excise* tax enforcement, as shown above, and because the facts of the case do not serve to support the use of these statutes by the court as the **sole** basis for its alleged *subject-matter jurisdiction*;  - the court is therefore quite obviously in this action, **without** *subject-matter jurisdiction,* as the record of the case facts (no Subtitle "E" involvement) contradicts the published use of the law *as* written, **and** as published in the Code of Federal Regulations (CFR).

### The Prosecution Improperly Claims Jurisdicion Outside of Subtitle "E"

122.  The Code of Federal Regulations, and the statutes themselves, **prove** that the *subject-matter jurisdiction* of the court **cannot** be lawfully *taken* over the *claims* for tax made in this action, under alleged authority of the Title 26 statutes that have been invoked, but rather can only be lawfully used within a Subtitle "**E**" enforcement action, or under a Title 27 enforcement action, **neither** of which applies to or within this instant Title 26 Subtitle "**A**" criminal prosecution of defendant, Ken Cromar.

123. Therefore, *dismissal* by this court, **with** *prejudice* is now required by the Federal Rules of Criminal Procedure, Rule 12(b)(2), as the court is **without** a factual showing of any proper *subject-matter jurisdiction* over the *facts* of the record, or under the criminal charging statutes *erroneously* alleged by the plaintiff United States in its *Indictment* and *Complaint* to provide the *subject-matter jurisdiction* of the court, and which are assumed to be applicable to the defendant Cromar through unstated assumptions and presumptions, which unstated beliefs the court is of course, **not** authorized to enforce.

124. As a factual result of the plaintiff's **erroneous** assumption that *subject-matter jurisdiction* of the court can be established and taken under **statutes** alone; and through the herein exposed faulty application of the criminal charging statutes advanced by the plaintiff United States; and by the faulty criminal charges actually *wrongfully* and *erroneously* made outside of the *factual* record *controlling* the resolution of the dispute under the applicable and *controlling* statutes; and  since the plaintiff United States only brings criminal charges under alleged authority of two **in**applicable code Sections addressed herein, §§ 7201 and 7212; the plaintiff's *Complaint* is *fatally deficient and defective,* and must therefore, now be dismissed with prejudice by this honorable court.

> The Supreme Court has repeatedly told the federal judiciary it **may not rely on a conclusive presumption** to find against a defendant on an essential element of a cause of action. *See Sandstrom v. Montana*, 442 U.S. 510, 521-523, 99 S.Ct.  2450, 2458-2459 (1979); *Stanley v. Illinois*, 405 U.S. 645, 654-657, 92 S.Ct. 1208,  1214-1216 (1972); *Heiner v. Donnan*, 285 U.S. 312, 325-29, 52 S.Ct. 358, 360-362 (1932); *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 46 S.Ct. 260 (1926); *Tot v. United States*, 319 U.S. 463, 468-69, 63 S.Ct. 1241, 1245-1246 (1943); *Vlandis v. Kline*, 412 U.S. 441, 446, 93 S.Ct. 2230, 2233 (1973); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19, 119 S.Ct. 1961, 1977 (1999), and *Jones v. Bolles*, 76 U.S. 364, 368 (1869).

125. The district court is plainly and clearly, wrongfully and erroneously, allowing the plaintiff United States to misuse the statutes of Title 26, that were cited by the Plaintiff as the sole foundation to the criminal prosecution of the defendant, *i.e.*: IRC §§ 7201 and 7212,  in a manner that is **not** in accord with the published law of the CFR, **nor** are they in accord with even the language of the statutes themselves, - which use of the statutes is in fact improper

because they are **not** authorized in law to be applicable, under the *controlling **facts*** and circumstances of this dispute, in the manner attempted by the plaintiff in its *Complaint*. **Nor** is their use in this instant action in the court in accord with the *controlling* decision taken by the U.S. 10th Circuit Court of Appeals in the previous litigation between these same two litigants on these same issues.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life Ins. Co. of America,* 511 US 375 (1994)

## SUMMARY

126. Defendant Cromar properly cites the controlling SCOTUS decisions on this issue. Plaintiff United States cites nothing and fails to make any reply at all. This district court has *prejudicially* come to the plaintiff's aid, erroneously invoking lower court opinions that the court is *estopped* from relying upon, while citing the text of **no** SCOTUS decisions at all in support of the court's position.

127. The facts and law in this case plainly and clearly combine to show that there simply can be **no** *subject-matter* jurisdiction for the district court to properly take or exercise in this criminal matter under either the 16th Amendment, or under the statutes invoked and relied upon by the plaintiff United States, to lay criminal charges against the defendant, Ken Cromar, or for the court to allow the plaintiff's *Complaint* to move forward in the federal courts even one step further, beyond this *Motion to Dismiss,* because the plaintiff United States is clearly **unable** to *cure* **any** of the ***fatal*** defects now plainly identified in the *Indictment* and *Complaint.*

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, **two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court**

**the capacity to take it,** *and an act of Congress must have supplied it* .... To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868); accord, *Christianson v. Colt Industries Operating Co., 486 U.S. 800,* 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368,* 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813). *Finley v. United States,* 490 U.S. 545 (1989).

## Without Jurisdiction a Court cannot Proceed at all and Must Dismiss

128. The violation by the plaintiff United States of **both -** the previous decision taken by the U.S. 10th Circuit Court of Appeals, **and** the jurisdictional limits of the authorities that are provided under the regulations implementing the authority of the statutes, plainly and clearly constitute a violation of the *due process* rights of the defendant in the court to have the standards of law and *due process* applied properly by the courts, under the statutes, as written. And the decision previously made in the 10th Circuit Court of Appeals is now binding under the *estoppel* doctrines argued herein above to be applicable and *controlling*.

> "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g., Capron v. Van Noorden,* 2 Cranch 126; *Arizonans for Official English v. Arizona,* 520 U.S. 43 (1997), 117 S. Ct. 1055, 137 L. Ed. 2d 170. *Bell v. Hood, supra; National Railroad Passenger Corp. v. National Assn. of Railroad Passengers,* 414 U.S. 453, 465, n. 13; *Norton v. Mathews,* 427 U.S. 524, 531; *Secretary of Navy v. Avrech,* 418 U.S. 676 , 678 (per curiam); *United States v. Augenblick,* 393 U.S. 348 ; *Philbrook v. Glodgett,* 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit,* 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act." Pp. 8-17." *Steel Co., Aka Chicago Steel & Pickling Co. v. Citizens for a Better Environment,* No. 96-643, 90 F.3d 1237 (1998)
> "It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon" *Boyd v. United States,* 116 U.S. 616, 635 (1886)

## The Limits of Federal Power under the U.S. Constitution must be Honored by the Federal Courts

129. In *McCulloch v. State of Maryland*, 17 U.S. 316 (1819) [(i)], *supra,* the Supreme Court held that the **limits of federal power** established under the U.S. Constitution must be **honored, obeyed, and enforced** by the federal courts. It also wrote that the enforcement powers of the original, Article I *"Necessary and Proper" enabling enforcement clause,* should **never be allowed** by the federal courts to be used by the United States as a plaintiff to effect the enforcement of a constitutionally **prohibited** power that is practiced in operation **outside** of any identifiable or demonstrable statutory and constitutional authorities that actually exist as fully-granted, enforceable authorities under the U.S. Constitution and the IR Code provisions.  The statutes plainly and clearly provide under IR Section 7608(a), *supra,* **only a** *limited* authority for the Revenue Agents and officers of the IRS to lawfully enjoy and act under within a granted *"official capacity".*

130. Without *"official capacity"*, and without a proper, fully granted *subject-matter jurisdiction* of the court to entertain the criminal action, being properly  identified, established, and shown on the record of the action in the court; - and without a plaintiff who has the ability, *factual* and *statutory,* to properly establish a fully-granted *subject-matter jurisdiction* of the court that does exist and that can be lawfully taken by the court over the criminal action **in strict** *accordance* with the **previous** holding of the U.S. 10th Circuit Court of Appeals; - the district court must **dismiss** this action with *prejudice*.  It has no other choice because a court *lacking subject-matter jurisdiction* cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S.*, 505 F.2d 1026 (1974)

## PRAYER FOR JUSTICE & RELIEF

131. Defendant now prays that this honorable court, under the Federal Rules of Criminal Procedure (F.R.Crim.P.), Rule 12(b)(2) - *Lack Of Subject-Matter Jurisdiction*; will now honestly and honorably address these obvious **fatal deficiencies** and *defects* in the *Indictment* and *Complaint* and **dismiss this action** in its entirety, **with prejudice**, for lack of *subject-matter jurisdiction* of the federal district court to entertain this action under the criminal charging statutes that the defendant, Ken Cromar, is *wrongfully* and **erroneously** charged with by the plaintiff United States, without constitutional authority to enforce such *power* being granted by the 16th Amendment, as herein above exposed in this *Motion to Dismiss* and the defendant's previously submitted supporting *Memorandum at law*. (*See* Docket 152.)


132. And finally, Defendant **again** *moves* this court to voluntarily **recuse** itself from further involvement in this criminal action for the *wrongful, erroneous,* prejudicial **favoritism** it has repeatedly shown the plaintiff in these proceedings through the repeated **improper** attempts of the court to **assist** the plaintiff in its **catastrophic failure** to properly establish a fully granted *subject-matter jurisdiction* of the court that can be lawfully taken over the action in the court, - by repeatedly attempting to step outside of the 10th Circuit Court's controlling decision on the matter (under the 16th Amendment) to attempt to **artificially** and **fraudulently** invoke the Article I *enabling enforcement power* to **erroneously** and *wrongfully* attempt to enforce an alleged new *power* to tax, that the Supreme Court said was **never** created or granted, alleged **erroneously** by the plaintiff in the previous litigation with this same defendant *in-error* Cromar, to have been created under the 16th Amendment without any constitutional *limitation* being made applicable to the alleged new *power* to tax.   This is **ALL *FATAL ERROR.***


Presented in honor in the year of our Lord and in His name the 11th day of April, 2024.


_Paul-Kenneth: C_____

Paul-Kenneth: Cromar
As per docket #25 of September 27, 2023 "I elect to proceed under Constitutional Common Law."

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **Defendant's Objection for the 2ⁿᵈ Violation by the Court of the doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment;* Defendants' 4ᵗʰ Motion to Dismiss For Lack of subject-matter Jurisdiction of the Court; and Defendant's 2ⁿᵈ Motion to Recuse for *prejudicial* conduct**

TRINA A. HIGGINS
PATRICK BURNS
MEREDITH M. HAVEKOST
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Raland Brunson

**END NOTES**
*McCulloch v. State of Maryland*, 17 U.S. 316 (1819)

[i] "The subject is the execution of those great powers on which the welfare of a nation essentially depends. It must have been the intention of those who gave these powers, to insure, so far as human prudence could insure, their beneficial execution. This could not be done, by confiding the choice of means to such narrow limits as not to leave it in the power of congress to adopt any which might be appropriate, and which were conducive to the end. This provision is made in a constitution, intended to endure for ages to come, and consequently, to be adapted to the various crises of human affairs. To have prescribed the means by which government should, in all future time, execute its powers, would have been to change, entirely, the character of the instrument, and give it the properties of a legal code. It would have been an unwise attempt to provide, by immutable rules, for exigencies which, if foreseen at all, must have been seen dimly, and which can be best provided for as they occur. To have declared, that the best means shall not be used, but those alone, without which the power given would be nugatory, would have been to deprive the legislature of the capacity to avail itself of experience, to exercise its reason, and to accommodate its legislation to circumstances. If we apply this principle of construction to any of the powers of the government, we shall find it so pernicious in its operation that we shall be compelled to discard it.....
The baneful influence of this narrow construction on all the operations of the government, and the absolute impracticability of maintaining it, without rendering the government incompetent to its great objects, might be illustrated by numerous examples drawn from the constitution, and from our laws. The good sense of the public has pronounced, without hesitation, that the power of punishment appertains to sovereignty, and may be exercised, whenever the sovereign has a right to act, as incidental to his *constitutional powers*. It is a means for carrying into execution all sovereign powers, and may be used, although not indispensably necessary. It is a right incidental to the power, and conducive to its beneficial exercise.... We think so for the following reasons: 1st. The clause is placed among the powers of congress, not among the limitations on those powers. 2nd. Its terms purport to enlarge, not to diminish the powers vested in the government. It purports to be an additional power, not a restriction on those already granted. No reason has been, or can be assigned, for thus concealing an intention to narrow the discretion of the national legislature, under words which purport to enlarge it. The framers of the constitution wished its adoption, and well knew that it would be endangered by its strength, not by its weakness....We admit, as all must admit, that the powers of the government **are limited**, and that its limits are **not to be transcended**. But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. **Let the end be legitimate**, let it be **within the scope** of the constitution, and all means which are appropriate, which are plainly adapted to that end, **which are not prohibited**, but consistent with the letter and spirit of the constitution, are constitutional ..." *McCulloch v. State of Maryland*, 17 U.S. 316 (1819)