Paul-Kenneth: Cromar
Defendant *in error*, Sui Juris [pro se],
c/o Davis County Correctional Facility – inmate #567164
800 W. State Street
Farmington, Utah 84025
801-451-4100

FILED US District Court-UT
APR 25 '24 AM 09:52

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| "PAUL KENNETH CROMAR" | / | **WRIT OF MANDATE** |
| Defendant *in-error* | / | Defendant's TECHNICAL ASSISTANTS |
| | / | MUST REPAIR GOVERNMENT'S |
| | / | LAPTOP PROGRAMS LICENSING |
| v. | / | (Note: Page 3 & 4) |
| | / | |
| UNITEDS STATES OF AMERICA | / | case # 2:23-cr-00159-HCN-DBP |
| Plaintiff *in-error* | / | Judge Howard C. Nielson Jr. |
| | / | |

Comes now, Paul-Kenneth: Cromar[1], defendant *in-error*, "Ken", *Sui Juris [pro se]*, a red-blooded American, a sovereign anointed son and heir to God, who hereby respectfully presents this **WRIT OF MANDATE Defendant's TECHNICAL ASSISTANTS MUST REPAIR GOVERNMENT'S LAPTOP PROGRAMS LICENSING**, related to a trial ambitiously scheduled for May 21, 2024, as provided hereunder:

---

[1] See footnotes 1-4, 7-8, from Defendants Motion to Dismiss (docket #70) and also as, of yet unrebutted Defendant's AFFIDAVIT (docket #71) for jurisdictional and definition of terms. Note: An unrebutted affidavit stands as fact. Also, Defendant elected to proceed only under Constitutional Common law (see docket #25).

1

INTRODUCTION

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all, and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law. He may prosecute with earnestness and vigor – indeed, he should do so. But, **while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a <u>wrongful conviction</u> as it is to use every legitimate means to bring about <u>a just one</u>.**

– Berger v. US. 295 U.S. 78 (1935) emphasis added,
(see also "Licensed to Lie", by Sydney Powell, at page 191)

1. The job of the Prosecutor is to *seek justice*, not to *win at all costs*. Author Sydney Powell, a former assistant US attorney of ten years, who served the Department of Justice and taught there frequently, opined, "Doing the job right required a strong sense of honor, integrity, objectivity, and fairness. A federal prosecutor has immense, unbridled power along a broad spectrum of discretion. In the hands of the wrong people, the damage that power can cause is beyond measure. A prosecutor does play God." ("Licensed to Lie", by Sydney Powell, page 38)

<u>Questions for the Prosecution:</u>

2. With the potential hundreds of thousands, if not millions of dollars that may be spent by the time this case plays out, can the prosecutors who are "playing god", honestly justify denying a simple "investment" of a few dollars in simple licensing fees for software programs, which could probably be paid for from just one-hour worth of their pay (billable hours)?

3. Or, is it that the Government is embarrassed that, with their vast expertise, they didn't have the foresight to insure that the "D.O.J. Laptop" they provided the Defendant be provided with the basic computer software (as requested by the Magistrate Pead) licensing for a period of time needed by the Defendant to get through a trial process delayed in part by them?

4. Or, is the Prosecution simply trying to "push back" and antagonize the Defendant's already compromised function ability within heavy restrictions of the jail setting?

5. Can't the Prosecution for the UNITED STATES OF AMERICA see how petty their opposition to the software licensing ALREADY provided <u>previously</u> seems, especially when considering that their moral, ethical and sworn oath requires they focus on the *pursuit of justice*?

6. Can't the Prosecution team see how just one hour of their own "legal cost" they've now wasted in objecting to this simple request, probably far outweighs the licensing cost? (exemplifies infamous *"government waste"*?)

7. Can't the Prosecution team see how their Objection to providing licensing updates wastes not only the court and their own time, but especially the time of the Defendant trying to work around this problem that should never have occurred had the Prosecution team properly prepared and anticipated the likelihood of continuances? And, isn't this true especially when considering the fact that all Discovery from Prosecution for the UNITED STATES OF AMERICA was originally due by September 19, 2023, but that "all" discovery was only finally provided by February 16, 2024 – one hundred fifty (150) days late?

<u>Government Continues to Fail to Provide Consistent Service of Process to Defendant</u>

8. Finally, it is important to also take the opportunity to highlight that the Prosecution has not been providing regular Process of Service including their RESPONSE (Docket #199), and their documents do not include Certificates of Service. This concern was noted by the Defendant in previous hearings, where the Prosecution's failure to provide service was highlighted, (or providing it at court though it had been filed a week earlier), even after having NEVER provided service of filings until the first time December 6, 2023 – a full 69 days from the Defendant being arrested. Counsel may want to check their filings to see how long this has happened?

9. In the "Defendant's Verified Emergency Motion for Revocation of Detention Order" – (Docket #142) The "Government fails to provide Service of Process to Mr. Cromar" highlighted with great specificity, and is well-documented which includes numerous cites from various Transcripts (see page 21-22, paragraphs 101 through 111), on how the Prosecution for the

3

UNITED STATES OF AMERICA has systematically and continually compromised their due process obligations regarding Service of Process . Paragraph 111 reads: "Mr. Cromar to the Court [November 15, 2023]: "I just wanted to make the court aware that no service has ever been given by the prosecution to date." Response by Judge Pead: "I do not find sinister motivations for any of this." While it may be true there was no "sinister motivations" back on November 15th regarding service and the confusion, challenges and burdens on the Defendant lack of *due process* would create, what excuse can be used now on Day #238 of the Defendant's incarceration, 160 days later? Is this intentional? Calculated? "Sinister"? In pursuit of justice?

10. Does the Prosecution not understand that their duty is NOT that they shall win a case, but rather that *justice shall be done.*

11. Does the Prosecution not see how their attempt to block the updating of licensing only serves to highlight their lack of concern over their duty to protect the Defendant's rights AND to maintain at least an <u>*appearance*</u> *of justice*?

## FACTS SURROUNDING THE REASONABLE REQUEST FOR LICENSING UPDATE

12. The Defendant enjoys the help of trusted advisors of law from outside the jail who help draft his filings. However, the Defendant's drafts he creates while working from the jail are challenging for many reasons including but not limited to the software license expiration discussed, BUT ALSO being DENIED use of file folders, post-it notes, paper clips and other items helpful to organizing voluminous research and court filings. Additionally, just days ago, the new replacement for Ty (who left Jan 4, 2024) named Stephanie Shumacher has changed the rules, which now make access to the "Law Library" (classroom) <u>more</u> difficult. (see Dkt #203) Her new rules now change how the access to Laptop and Classroom is obtained, and includes:

- Now only Monday thru Friday, with no weekend work allowed.

- Now only available 8 to 5 pm, when we were previously able to work into the evening.

- Now, reduced to being allowed to only bring in three (3) small manila envelopes into the "law Library" classroom, completely hampering the Defendant's ability to freely

look through and reference all the filings with the docket, and transcripts, etc. – thus complicating work process. (Note: It is doubtful the prosecutors could start and end their work day with access to only three manila envelopes worth of materials to work from?)

13. When setting a trial date, the court acknowledged that the May 21, 2024, may be optimistic, and are now proven correct. The Defendant has also said multiple times that the then proposed trial date was indeed optimistic even IF a pretrial release were secured to access personal "papers and effects", computer files, audio & video and email files, etc., but even more challenging if preparation for trial was attempted by the Defendant from within the jail.

PRAYER FOR RELIEF

14. Therefore, for the above cited reasons, for good cause showing, the Defendant *in error* respectfully moves the court to provide an order requiring the Prosecution to remedy the licensing issues as described herein, using the solutions described by the Prosecution to solve the problems (they could've anticipated originally), by having their tech support access wi-fi in the presence of the Defendant (at the jail front office?) and simply covering any licensing codes from Defendant's view, and thus update the software license, so the Defendant can continue to prepare for trial without further compromise – in the **interest of Justice.**

Respectfully and *In Honor,* presented to this court on the 24th day of the 4th month in the year of our Lord Jesus Christ, anno domini 2024,

by: Paul-Kenneth: C_____ ™

Paul-Kenneth: Cromar / Defendant *in error*
I elected to proceed only under Constitutional Common law (see docket #25).