Paul-Kenneth: Cromar
Defendant *in error*, Sui Juris [pro se]
c/o  Davis County Correctional Facility – inmate #567164
800 W. State Street
Farmington, Utah  84025
801-451-4100

FILED US District Court-UT
MAY 02 '24 PM02:40

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| "PAUL KENNETH CROMAR" | / | **MOTION TO POSTPONE MAY 21, 2024** |
| Defendant *in-error* | / | **TRIAL FOR LACK OF DISCOVERY, *BRADY*, AND** |
| | / | **ACCESS TO DEFENDANT'S EVIDENCE, AND** |
| v. | / | **DECISIONS ON TWO MOTIONS TO DISMISS** |
| UNITEDS STATES OF AMERICA | / | case # 2:23-cr-00159-HCN-DBP |
| Plaintiff *in-error* | / | Judge Howard C. Nielson Jr. |

INTRODUCTION

Comes now, Paul-Kenneth: Cromar[1], defendant *in-error,* "Ken", *Sui Juris [pro se]*, who does hereby respectfully present on the record of this court this **MOTION TO POSTPONE MAY 21, 2024 TRIAL FOR LACK OF DISCOVERY, *BRADY*, AND ACCESS TO DEFENDANT'S EVIDENCE, AND**

---

[1] "Ken", a red-blooded American, a sovereign anointed son and heir to God.  See also footnotes 1-4, 7-8, from Defendants Motion to Dismiss (docket #70) and also as, of yet unrebutted Defendant's AFFIDAVIT (docket #71) for jurisdictional and definition of terms.  Note: An unrebutted affidavit stands as fact.  Also, Defendant elected to proceed only under Constitutional Common law (see docket #25).

1

**DECISIONS ON TWO MOTIONS TO DISMISS**, related to a trial currently scheduled for May 21, 2024, -- for good cause showing, as provided hereunder:

FACTS SURROUNDING THE NEED TO POSTPONE MAY 21ST TRAIL DATE

1. This court has the discretion to grant a motion to postpone the trial date as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely manner – in the pursuit of justice.

2. Additionally, this request to postpone is not for delay, but rather to insure the Defendant can properly prepare an adequate defense, so that justice may be done.

3. At the March 28, 2024 Status Hearing the Defendant explained:

> DEFENDANT CROMAR: When we discussed the trial, we were really pushing hard for the 21st of May, but we… I reserved the right and concern that there would not be enough time, and… but I'm trying to work as quickly as possible to accommodate that desired schedule.
>
> COURT: OK. Understood.
>
> (March 28, 2024 Status Hearing Transcript, page 10, line 16-20)

4. In the Defendant's "MOTION to Continue Trial Date from March 6th Conditionally to May 7, 2024" (see Docket #141), the Defendant explained that the proposed May date change was "conditional" on Pre-Trial release to have the time necessary to be able to access, gather and organize his own "papers and effects", computer files, email records, audio and video files, and to be able to provide the reciprocal evidence as requested by the Prosecution for the UNITED STATES OF AMERICA. However, most importantly, the missing records are needed in order for the Defendant to organize and prepare a proper defense against this Grand Jury Indictment -- in the pursuit of justice.

5. The Defendant's EMERGENCY MOTION for Revocation of Detention Order (see Docket #142) was DENIED, thus further complicating the already optimistic May 21st trial date.

6. Additionally, recently the new replacement for Ty (who resigned Jan 4, 2024) named Stephanie Shumacher has changed the rules, which now make access to the "Law Library" (classroom) <u>more</u> difficult. (see Docket #203) Her new rules now change how the access to Laptop and Classroom is obtained, are more prohibitive and include:

- Now only Monday thru Friday, with no weekend work allowed.

- Now only available 8 to 5 pm, when we were previously able to work into the evening.

- Now, reduced to being allowed to only bring in three (3) small manila envelopes into the "Law Library" classroom, completely hampering the Defendant's ability to freely look through and reference all the filings with the docket, and transcripts, etc. — thus complicating work process. (Question: Could the Prosecutors for the United States of America could start and end their work day with access to only whatever they could fit in three manila envelopes to work from?)

7. Additional points which also significantly impact the need to postpone the May 21, 2024 Trial date include but are not limited to:

- Two Motions to Dismiss have not yet been GRANTED or DENIED by court.

- Legal Service by the Prosecution doesn't currently exist. (See separate Motion to Dismiss for Insufficient Service of Process.) Despite numerous exchanges in hearings and documentation within various filings (including Docket #142, paragraphs 101 through 103 with footnotes), the Government continues to refuse to provide consistent Service of Process to the Defendant, thus contributing to the delay of *due process of law,* timeliness of his filings, and preparation for the scheduled May 21, 2024 trial. The Government's most recent RESPONSE (Docket #199) highlights the most recent failure. These documents do not include Certificates of Service. The court may recall that this is an old well known subject, which months ago the record

- shows that the Defendant had "NEVER [been] provided service of filings until the first time December 4, 2023 – a full 97 days after the Defendant being arrested". This continued shameless failure of Service continues to challenge an already compromised Defendant working *sui juris [pro se]* from within a jail, and begs the question, "Is this lack of *due process of law* intentional and done with malice and contempt?" Should the Defendant seek Dismissal of the case along with sanctions against the Prosecutors for the UNITED STATES OF AMERICA?

- Also, some USPS mail delivery appears delayed. For example, according to the postmark on the envelope, an Ex Parte communication from the court was mailed April 23, 2024, and not actually received by the Defendant at his cell until last night April 30th at 6:10 p.m., by Deputy Anguiano and Deputy Seifert – a full 7-days after mailing. (Addendum: This instant Motion was prepared and ready for filing with the clerk of the court on May 1, however, despite promises by jail personnel to print and notarize this document, they left without doing so. Apologies. But, this does serve to highlight the ongoing, regular daily challenges that do impact the court schedule, that are outside of the Defendant's control.)

- Documentation requested in Defendant's "Motion for Full Disclosure of Exculpatory Evidence Through Discovery" (see Docket #194), are unaddressed. This will be highlighted in a forthcoming *REPLY*, as the Defendant still needs the **original** SFR documents indicated in the formal IRS Account Transcripts for every single tax year which has not yet been produced, because the dates on neither the 6020(b) certification Certificates nor the Form 4549-A ("Income Tax Discrepancy Adjustments") match the date on DD-150 SFR transaction line entry shown on every Account Transcript, shown as the first transaction in that tax year on every Account Transcript. (Ibid, and see also #213 Government's Response thereto.) The ruling on this has not yet been GRANTED or DENIED by court.

- Lack of accessible and/or discoverable Grand Jury records, transcripts, audio, etc.

- A decision on Motion for Leave to File beyond April 12 deadline for Motions in Limine, Jury instructions, etc., has not yet been GRANTED or DENIED by court. (see Docket #203 – Motion for Extension of Time to File Documents Required by 4/12/24)

## SUMMARY

8. When originally setting a trial date, the court itself acknowledged that the May 21, 2024, may be optimistic, and is now proven correct. This request for postponement will not unduly inconvenience the Court because the Court's schedule, which is under its own control and can be arranged to eliminate or minimize the inconvenience – in its constant *pursuit of justice.*

## PRAYER FOR RELIEF

9. Therefore, for the above cited reasons, for good cause showing, the Defendant *in error* respectfully moves the court to postpone the May 21st trial date, to some future date after the outstanding items, including but not limited to those detailed above, are resolved – in the **interest of Justice.**

Respectfully and *In Honor,* presented to this court on the 2nd day of the 5th month

in the year of our Lord Jesus Christ, anno domini 2024,

*[signature]* TM

Paul-Kenneth: Cromar / Defendant *in error*

STATE OF UTAH – DAVIS COUNTY – NOTARY JURAT

The foregoing instrument was acknowledged before me this __2__ day of ~~April~~ MAY, in the year of our Lord Jesus Christ, *ano domini* 2024, presented by __Paul Cromar__.

Notary name: __Amy E. Hutchinson__ My commission expires __15 MAR 2027__.

Notary signature: __[signature]__.



AMY E HUTCHINSON
Notary Public - State of Utah
Comm. No. 730003
My Commission Expires on
Mar 15, 2027

5