Paul-Kenneth: Cromar, ID #567164

c/o Sheriff
Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100

FILED US District Court-UT
MAY 17 '24 PM 03:46

[Pro Se] *sui juris*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

### Judge: HOWARD C. NIELSON, JR.

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff *in error*, vs. **PAUL KENNETH CROMAR,** Defendant *in error* . | CASE 2:23-cr-00159 **Defendant's** **Motion to Dismiss Count 3** **for Lack of Jurisdiction** **of the Court for Lack** **of a Title 26 Seizure** |

## Defendant's Motion to Dismiss Count 3
## for Lack of Jurisdiction of the Court
## for Lack of a Title 26 Seizure

1.   Comes now, Ken Cromar, Defendant, *pro se,* who hereby moves this court under the Federal Rules of Criminal Procedure, Rule 12(b)(2), to dismiss with *prejudice* Count 3 of the *Indictment* and *Complaint,* charging the defendant under authority of Title *26* USC § 7212(b) - *Forcible and Attempted Rescue of Seized Property,* because, by the language of the charging statute itself, § 7212(b), the statute is **misapplied** to the factual circumstances of this case.

2.   The statute plainly and clearly states:

**§ 7212 - Attempts to interfere with administration of internal revenue laws**

1

...
### (b) FORCIBLE AND ATTEMPTED RESCUE OF SEIZED PROPERTY

Any person who forcibly rescues or causes to be rescued any property after it shall have been **seized under this title,** or shall attempt or endeavor so to do, shall, excepting in cases otherwise provided for, for every such offense, be fined not more than $500, or not more than double the value of the property so rescued, whichever is the greater, or be imprisoned not more than 2 years.

3. This charging statute says that it is a crime for any person to *"rescue or cause to be rescued, any property after it shall have **been seized under this title**"*. However, in order for property to have been *"seized under this title"*, it would have to have been seized under authority of the statutes contained in **this** Title, which is the Title that the statute **is in, which is Title 26**.

4. However, there has **never** been a *seizure* of any property that has been made under **Title 26** that would make this criminal statute applicable within this criminal prosecution of the defendant. A *"seizure"* of property under Title 26 is made by IRS levy under Section 6331 using a *Notice of Levy*, but there was no IRS levy, nor **any other** *seizure* process or action that was taken under Title 26, that is, or ever was, involved in this dispute with the defendant, for many years now, - going to well past the statute of limitations of 6 years. There is **no Title 26** *seizure* that was ever made in this case, which would make this charging statute applicable within it, with respect to the defendant's conduct.

5. In this case the *seizure* that was made of the defendant's home and property was **not** made under authority of any Title 26 statute, **nor** was any *seizure* made by the plaintiff United States acting in any *form* or *capacity* as any Agency or Department of the United States under authority of any Title 26 statute.

6. The *seizure* that was made of the home and property of the defendant, was made by the district court under authority of **Title 28**, **not** Title 26. The charging statute has **no** applicability to **Title 28** *seizures* that are *judicially ordered* under that Title of the Code, rather than those that are initiated under a Title 26 statute or authority, as plainly stated in the statute itself as necessary, in order to be charged criminally with a violation of this statute.

2

7.     The *seizure* that was made, was made under judicial *Orders* of the district court that were issued under authority of <u>the **Title 28** statutes</u> giving authority to the judges of the federal courts to adjudicate litigation brought to the court by a plaintiff, and it (the *seizure*) was <u>**not made under Title 26**</u>.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life Ins. Co. of America,* 511 US 375 (1994)

## CONCLUSION

8.     As the district court is without jurisdiction under Title 26 USC Section 7212(b) in this matter, for *lack* of any *seizure* of any property that occurred under authority of any Title 26 statute, as plainly required by the charging statute, and due to the fact that the *seizure* that was made, was made under authority of the **Title 28** statutes, and **not** Title 26, the court must now dismiss this charge, Count 3 of the *Indictment,* with *prejudice* for *lack* of jurisdiction of the district court.

## PRAYER FOR RELIEF

5.     Defendant prays this honorable court will now dismiss with *prejudice,* Count 3 of the *Indictment,* brought under authority of Section 7212(b), for *lack* of jurisdiction of the federal district court to entertain that Count under that statute for the *fatal lack* of any *seizure* that was made under Title 26.

Presented in honor in the year of our Lord and in His name the 15th day of May, 2024.

*[signature]*

Paul-Kenneth: Cromar

As per docket #25 of September 27, 2023 "I elect to proceed under Constitutional Common Law."

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2024, I personally placed in the United States Mail to the individuals named below a true and correct copy of **Defendant's Motion to Dismiss Count 3 for Lack of Jurisdiction of the Court for Lack of a Title 26 Seizure**

TRINA A. HIGGINS
PATRICK BURNS
MEREDITH M. HAVEKOST
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

_____
Raland Brunson