TRINA A. HIGGINS, United States Attorney (#7349)
MEREDITH M. HAVEKOST, Trial Attorney (IL #6332789)
PATRICK BURNS, Trial Attorney (NV #11779)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL KENNETH CROMAR,<br><br>Defendant. | Case No. 2:23-cr-00159-HCN-DBP<br><br>GOVERNMENT'S BENCH MEMORANDUM REGARDING TERMINATION OF A PRO SE DEFENDANT'S SELF-REPRESENTATION<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |
|---|---|

The United States, by and through undersigned counsel, hereby respectfully submits this bench memorandum presenting some of the law regarding the termination of a pro se defendant's self-representation as a sanction for violating court orders and decorum.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **Relevant Procedural History.**

At the May 15, 2024 pretrial conference in this case, the Court admonished Defendant regarding potential violations of the Court's order. The Court advised Defendant that he would receive a warning in the event of such a violation. It further advised that repeated violations would cause the Court to consider terminating Defendant's right to self-representation. The Court then ordered the government to provide the Defendant's

1

appointed standby counsel, the Federal Public Defender (FPD), copies of the government's trial exhibits and discovery. The government respectfully submits this bench memorandum in aid of the Court's decision if the need for sanctioning Defendant arises at trial.

## II. Legal Standard Regarding Termination of a Pro Se Defendant's Self-Representation

A Court may terminate a pro se defendant's self-representation where the defendant "deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."). *See also Illinois v. Allen*, 397 U.S. 337, 343 (1970) (holding "that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom"). "A defendant may forfeit the right to represent himself if he 'fail[s] to obey the rulings of the court[,]" but only if repeatedly violating clear prior orders. *See United States v. Engel*, 968 F.3d 1046, 1051 (9th Cir. 2020) (citations omitted). The degree of misbehavior warranting such a serious sanction is extreme, involving only the most extraordinary breaches of courtroom decorum and orders. *See Allen*, 397 U.S. at (1970);[1] *Engel*, 968 F.3d at 1050–51.[2]

---

[1] (upholding termination of self-representation where the defendant tore up papers and files and made abusive remarks, such as telling trial judge: "There is going to be no proceeding. I'm going to start talking and I'm going to keep on talking all through the trial[,]" and "When I go out for lunchtime, you're [the judge] going to be a corpse here.").

[2] ("…the right to self-representation can be terminated when a defendant engages in 'heated discussion[s]' with the judge, threatens a juror such that the juror must be dismissed, and tells the

A court however may not terminate a defendant's self-representation merely because it is inconvenient or annoying. Resort to revocation of a pro se defendant's self-representation too readily or easily will likely result in reversal of a conviction. For example, in a 2016 opinion, the Eighth Circuit vacated a defendant's tax convictions after the trial court denied the defendant the right to represent himself because of a concern that the defendant would advance improper arguments at trial. *United States v. Smith*, 830 F.3d 803 (8th Cir. 2016). The Eighth Circuit explained in reversing the conviction:

> Repeated, frivolous challenges to the court's jurisdiction, to the government's authority to prosecute, or to the validity of the federal laws defendant is charged with violating, are not disruptive or defiant in this sense – unless they threaten to forestall pretrial or trial proceedings. The proper judicial response is repeated denials and lesser sanctions if necessary. Ultimately, frivolous behavior at trial is likely to result in an adverse jury reaction, but defendants have "the right to represent themselves and go down in flames if they wish[ ], a right the district court [is] required to respect."

*Id.* at 810 (quoting *United States v. Reed*, 668 F.3d 978, 986 (8th Cir. 2012)). *See also United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989) (lack of preparation for trial is not a basis for termination of the right to self-representation). The Eighth Circuit also gave examples of conduct that would rise to the level of "serious and obstructive," and would therefore justify revoking a defendant's right to represent himself, such as using subpoenas to harass witnesses, interrupting the judge and prosecutor during trial, and physically threatening a defense attorney. *Smith*, 830 F.3d at 811.

---

jury something that the district court specifically ordered him not to disclose. *United States v. Mack*, 362 F.3d 597, 599 (9th Cir. 2004); *see also Badger v. Cardwell*, 587 F.2d 968, 971–73 (9th Cir. 1978) (affirming the removal of a pro se defendant from the courtroom after he engaged in 'an increasingly heated dialogue' with the judge, 'raised a clenched fist' at the judge, and 'taunted the court to expel him').").

In a decision issued last week, *United States v. Willis*, No. 23-1547, 2024 WL 2122502 (8th Cir. May 13, 2024), the Eighth Circuit had the opportunity to revisit this issue in the context of a sovereign citizen defendant who was denied self-representation because he "repeated sovereign-citizen-type arguments at the final pretrial conference, and the court believed [he] would raise these arguments in front of the jury, which would disrupt the trial." *Id.* at *5. The court reversed the defendant's conviction finding that his right to self-representation had been infringed. *Id.* The court revisited its holding in *Smith*, *supra*, and canvassed helpful examples of when self-representation has been validly or invalidly terminated in other cases. *Id.* at *5-6. It then found the trial court reversibly erred since the defendant's insistence on promoting sovereign citizen arguments at trial, although "likely to make the trial difficult to manage without helping [his] defense[,]" did not rise to the level of "defiant or physically disruptive" behavior that would have justified termination. *Id*.

III. **The Government Requests that the Court Only Consider Terminating Defendant's Self-Representation for the Most Egregious Breaches of Court Orders and Courtroom Decorum; Defendant's Anticipated Violations of the Court's Orders Are Best Addressed Through the Court's Contempt Power and Curative Instructions to the Jury.**

As the Court is aware, any error in terminating Defendant's self-representation will be deemed structural, thus warranting automatic reversal of a conviction. *Engel*, 968 F.3d at 1052 ("A violation of a defendant's Sixth Amendment right to self-representation is structural error."); *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) ("An impermissible denial of self-representation cannot be harmless." (citation omitted)); *Smith*, *supra*. Given the indeterminate, case-by-case nature of this inquiry, the Defendant's history of willful violation of court orders, and the appellate implications of an honest misstep, the

Court has a challenging task to oversee Defendant's compliance with its orders. The government requests that the Court always err on the side of preferring contempt findings outside the presence of the jury and liberally utilizing curative jury instructions if Defendant violates orders in limine or attempts to improperly testify without taking the witness stand.[3] The government also requests that the Court sustain its objections and motions to strike when Defendant engages in improper arguments, attempts to introduce the evidence promoting his sovereign citizen, tax defier beliefs, and attempts to testify while examining witnesses. Only in circumstances in which the Defendant's misconduct constitutes an extreme breach of courtroom decorum and interferes with the trial being conducted, should the Court consider revoking his self-representation.

DATED this 20th day of May, 2024.

TRINA A. HIGGINS
United States Attorney

*/s/ Meredith M. Havekost*
*/s/ Patrick Burns*

MEREDITH M. HAVEKOST
PATRICK BURNS
Trial Attorneys
U.S. Department of Justice Tax Division

---

[3] The Defendant should understand that the Federal Rules of Criminal Procedure contemplate the Court appointing the government attorneys to prosecute him for contempt. Fed. R. Crim. P. 42(a)(2).