FILED
United States Court of Appeals
Tenth Circuit

May 20, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL KENNETH CROMAR,

    Defendant - Appellant.

No. 24-4053
(D.C. No. 2:23-CR-00159-HCN-DBP-1)
(D. Utah)

_____

### ORDER
_____

This matter is before the court on its own initiative following the opening of this appeal. A review of the district court docket has revealed a potential defect in this court's appellate jurisdiction. Specifically, the order(s) appellant Paul Cromar seeks to appeal do(es) not appear to be a final decision. As a result, the court is considering this appeal for summary disposition. *See* 10th Cir. R. 27.3(B).

Generally, this court's jurisdiction is limited to review of final decisions. 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). This rule applies equally in criminal matters; a criminal case is not final until there has been a conviction and sentence has been imposed. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989); *see also United States v. Tucker*, 745 F.3d 1054, 1062 (10th Cir. 2014) (no final

decision exists in a criminal matter when the prosecution remains pending in the district court).

Here, a review of Mr. Cromar's notice of appeal [ECF No. 254] suggests that Mr. Cromar seeks to appeal one or more of the district court's orders denying his motion to dismiss the indictment for lack of subject matter jurisdiction. [ECF Nos. 134, 180, 218]. It does not appear that any of those orders is a final order or otherwise amenable to immediate appellate review.

The so-called collateral order doctrine is one of the few exceptions to the finality requirement in criminal cases. However, the collateral order doctrine generally does not provide this court jurisdiction to hear immediate appeals of the denial of a motion to dismiss an indictment. *United States v. Ritter*, 587 F.2d 41, 43 (10th Cir. 1978). This is because "an improperly denied motion to dismiss can be meaningfully vindicated after trial, because an appellate court can still undo an unlawful conviction." *Tucker*, 745 F.3d at 1066 (internal citation and quotation marks omitted).

It does not appear that the district court has entered any order that has ended this litigation on the merits. Rather, it appears that this action remains pending, and the district court case remains ongoing. It does not appear that there has been a final decision, and it does not appear that any exception to the finality requirement applies here. As such, it does not appear that appellate jurisdiction exists.

On or before June 10, 2024, Mr. Cromar may file a written response to this order setting forth any basis in law or fact for this court to exercise appellate jurisdiction over this appeal. Mr. Cromar may choose not to respond to this order by June 10, 2024, in

which case the court may dismiss this appeal without any additional notice. *See* 10th Cir. R. 42.1. However, the dismissal of this appeal will not preclude a timely appeal from a final judgment or otherwise appealable order at a later date.

Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

                                            Entered for the Court

                                            CHRISTOPHER M. WOLPERT, Clerk