FILED
2024 DEC 12 PM 1:32
CLERK
U.S. DISTRICT COURT

Paul-Kenneth: Cromar, ID #567164
c/o Sheriff / Davis County Jail
800 West State Street
P.O. Box 618
Farmington, Utah 84025-0618
Phone: 801-451-4100
*Sui Juris* [pro se]

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL KENNETH CROMAR<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent.<br>(DUNs #052714196), | Case No. 2:24-cv-00857-HCN<br><br>**Defendant's Motion for Summary Judgment On Writ of Habeas Corpus and Order for Immediate Release of the Prisoner**<br><br>District Judge Howard C. Nielson, Jr. |

**Defendant's Motion for Summary Judgment On Writ of Habeas Corpus and**

**Order for Immediate Release of the Prisoner**

Comes now, I, ©Paul Kenneth Cromar™,[1] "Ken Cromar", defendant *in-error*, *Sui Juris* [pro se], presents the following *Defendant's Motion for Summary Judgment On Writ of Habeas Corpus and Order for Immediate Release of the Prisoner* for good cause showing in reasons provided hereafter.

---

[1] Paul Kenneth Cromar, "Ken", is a red-blooded, living, breathing American Sovereign natural man (not a corporate person), as defined within eight (8) JUDICIAL NOTICES in the original (first of 18) court case 2:17-cv-01223-RJS, in addition to a number of motions and judicial notices in this instant case.

1. Throughout the entire history of the criminal case 2:23-cr-00159, not one written appealable order to numerous jurisdiction challenges on the record of the action, has been produced the court, thus denying *due process of law* – thus denying the pursuit of justice.
2. However, most importantly, the highest court in the land, the Supreme Court of the United States in *Moore et Ux v. United States*, 22-800, has recently found on June 20, 2024, just days after the verdict in this instant case, that the alleged authority to have charged the Defendant *in-error*, Ken Cromar, for alleged crimes born out of a "non-apportioned direct" federal income tax under the 16th Amendment, thus exonerating and vindicating from the conviction verdict on two counts, born out fatally flawed jury instructions that VOIDS the Verdict, which must now be vacated – in the interest of justice.
3. The error by the court is understandable as decades of judicial constitutional error as promoted by the IRS/DOJ, now proven frivolous by SCOTUS in the *Moore* case, which was released only AFTER the jury's errant verdict.
4. Please note that this Motion for Summary Judgment and Order for Release is based on the premise that to date no appealable written order by this court has been provided <u>before</u> trial, <u>during</u> trial, nor <u>since</u> trial that could have given validity to a verdict, let alone a sentence. This includes, but is not limited to, six outstanding Motions for Judicial Acquittal[2] (Docket #312, 313, 314, 315, 316, 347), a motion for a New Trial[3] (Docket #311), and most significantly Habeas Corpus (case # 2:24-cv-00857-HCN), which remains uncontested, and with all deadlines past, requires an immediate release of Paul Kenneth Cromar from the Davis County Correctional Facility.
5. When a Writ of Habeas Corpus is presented to the court, it must be addressed immediately. Title 28 Section 2243. Issuance of Writ; return; hearing; decision

---

[2] Docket #312 "MOTION to Renew Motion for a Directed Verdict".
Docket #313 "MOTION to Vacate Judgment, MOTION to Set Aside Verdict".
Docket #314 "MOTION for Judicial Acquittal (Rule 29)".
Docket #315 "MOTION for Judicial Acquittal for Lack of Personum Subject Matter Jurisdiction".
Docket #316 "DOCUMENTS LODGED consisting of Writ of Quo Warranto".
Docket 347 "MOTION to Renew Motion for a Directed Verdict or Judgment of Acquittal on Count 3".

[3] Docket #311 "MOTION for New Trial".

> ...the Writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned w9thin three days unless for good cause additional time, not exceeding twenty days, is allowed. (Second paragraph)

6. It is a "high prerogative writ" but the court has failed to respond to the required three days to address the Writ of Habeas Corpus, and while it could have asked for up to 20 days, it chose not to do so. Instead, the court apparently attempts to avoid the hearing of the Writ of Habeas Corpus requirement. The 20 day "not exceeding twenty days" Writ of Habeas deadline was December 4th (Title 28 U.S.C. § 2243). Also, no objections to the Petition were filed on the Docket, and therefore no objections exist. Also, with no lawful authorities to deny release of the prisoner invoked by any party. Including the court, no lawful authority to continue to hold Paul Kenneth Cromar in the Davis County correctional Facility and he must be released immediately. Therefore, Mr. Cromar moves this court to provide a summary order releasing him and to void and vacate the case with prejudice.

## The Court has no lawful discretion to disobey a writ
## and may be found in contempt of court

According to American Jurisprudence 39 Am Jur 2d

> **Disobedience to writ Section 176 generally**
> "It is the duty of all persons to respect and obey a writ of habeas corpus, and every person who unlawfully disobeys it commands or unlawfully resists or counsels resistance to its execution is **in contempt of court** and may be summarily punished therefore. Disobedience to the writ may take the form of neglecting or refusing to produce the person whose presence is sought, **of failing to make a return,** of making a false or evasive return, or of refusing to obey the final order or judgment entered in the proceeding period.
> There is no contempt in disobeying a writ of habeas corpus where the court or judge had no jurisdiction to grant it. **But not mere error or irregularity** in judicial order or in the proceedings leading thereto **excuses disobedience.** (See page 305).

## OVERVIEW of the case since trial May 21 – 31st, 2024

The court itself declared the tax to be a "**non-**apportioned *direct* tax under authority of the 16th Amendment".
The jury was told that **was the way** the *application* of the tax was **to be enforced**.
BUT June 20, 2024, *Moore et Ux v. United States*, 22-800 says *direct* taxes must **still** be apportioned to the states, despite the 16th Amend.
 - so there is **NO** "*non-apportioned direct* tax" to enforce. The court *erred.*
AND *Moore* says that income taxes are **indirect** - so there is **no** *direct* tax on *income*. The court *erred.*
AND *Moore* says that income taxes are under Article I, Sec. 8 - so there is **no** taxation **at all** that is *constitutionally* authorized under the 16th Amendment. The court *erred.*
The Court **erred** *erred, fatally,* on every single element (all three elements) of its alleged Subject Matter Jurisdiction.


Plaintiff Counsel:

Has refused to speak to argue in the court the alleged constitutional basis for the tax, which does not exist **as** the "*non-apportioned direct* tax" that the IRS assesses, and the DOJ argues for in court.
Has refused to speak to argue the alleged Subject Matter Jurisdiction of the court on the record. Subject Matter Jurisdiction does **not** exist.
Has refused to produce any "*prima facie*" evidence "*good and sufficient for all legal purposes*" under the statutes (IRC § 6020(b)(2)) or the Individual Master File (IMS) or Business Master File (BMF).
Has intentionally mislead the court and the jury about the lawful assessment process requiring a REAL tax-return under IRC § 6020(b)(2).
Has **defrauded** the court with respect to the lawful use of the *Touhy* process.
Has intentionally mislead the court and the jury about the *lack* of any *seizure* made under Title 26 statutes.

The Court:

Has **NEVER** ruled on any of the defendants many *Motions* and multiple *Objections* throughout the trial proceedings.
Has **not** remained impartial.
Has *prejudicially* assisted the plaintiff in arguing its case.
Has **refused** to make the plaintiff speak to argue the alleged constitutional basis for the tax
Has **refused** to make the plaintiff speak on the record to argue the alleged Subject Matter Jurisdiction of the court.
Has demonstrated actual **bias** by attempting to argue *jurisdiction* for the plaintiff.
*Erroneously*, - **twice**
**Refused** to accept the Circuit Court's previous ruling on Subject Matter Jurisdiction ("non-apportioned direct tax under 16th") and **invented** its own **non-existent** *hybrid* version of it; - that *Moore* says **doesn't EXIST.**

Originally claimed a **non**-applicable Article I, Section 8, authority (to tax by *Impost, Duty,* or *Excise*?)
Has twice violated the legal doctrines of *collateral estoppel, judicial estoppel,* and *estoppel by judgment.*
Has invented its own hybrid claim to jurisdiction under a NJ district court decision (it's a direct, *non-apportioned* tax under the 16th Amendment, enforced by Art I, §8, cl.1; - that *Moore* says is **wrong**).
Has Refused to rule on or address until December 23, 2024 the defendant's post-verdict *Motions* for a remarkable 6 months (See Docket #390).
Has refused to rule on or address the defendant's Motions to VOID judgment.
Has refused to apply *Moore,* and *Brushaber* under *Moore* - as an ***indirect*** tax.
**Refused** to address the court's ***fatal lack*** of a constitutionally granted Subject Matter Jurisdiction to enforce *direct* tax law.
Has **refused** to address or entertain the defendant's Habeas Corpus petition (response by Dec 4th, a three day statutorily or if requested twenty day deadline), (and instead declares in case 2:23-cr-00159 that no rulings will be considered until December 23, 2024.) and the continued *wrongful* & unlawful incarceration of the defendant/petitioner without true legal cause, *Right,* or *power* to continue to hold the defendant for sentencing after a **VOID** conviction, allegedly rendered under authority of the 16th Amendment to enforce a ***non-****apportioned **direct** tax on *sources* of *income.* According Section 76 quoted above, it appears **this court is "in contempt of court".**

**Authorities for Habeas Corpus – "The Great Writ"**

7. Therefore, without any lawful authority to continue to hold Paul Kenneth Cromar in case #2:24-cv-00857, the defendant invoked a Writ of Habeas Corpus with this instant case, which Title 28 Section 2243 Paragraph 2 requires an immediate prerogative return hearing a decision and must VOID and Vacate this instant case, cease to deny and obstruct justice, by immediately releasing this prisoner.

> "Since the basic purpose of the Writ of Habeas Corpus is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints **may not be denied or obstructed.**"
> *Johnson v. Avery*, 393 U.S. 483 (decided February 24, 1969)
> (Emphasis added)

> "There is no higher duty than to maintain the Writ of Habeas Corpus unimpaired" emphasizing the fundamental importance of the Writ of Habeas Corpus in our Constitutional scheme and the Congress has demonstrated its solicitude for the vigor of **the Great Writ**. The court has steadfastly insisted that **"there is no higher duty than to maintain it unimpaired."**
> *Bowen v. Johnston*, 306 U.S. 19,26 (1939)
> (Emphasis added)

And, from American jurisprudence -- 39 Am Jur 2d, we read:

### §1. Generally; Definition and purpose.

It is a… [The Writ of Habeas Corpus] high prerogative writ, the vital purposes of which are to obtain immediate relief from illegal confinement[4], to liberate those who may be imprisoned without sufficient cause, and to deliver them from unlawful custody.  In other words, the writ was designed for the purpose of effecting a speedy release of persons who are illegally deprived of their liberty or illegally detained from the control of those who are entitled to the custody of them.  It is essentially a writ of inquiry, and is granted to test the right under which a person is detained.
The office of the Writ is not to determine the guilt or innocence of a prisoner, but only to ascertain whether he is restrained of his liberty by due process of law.  In short, the primary, if not the only, object is to determined the legality of the restraint under which the person is held.

### §8. Generally.

Habeas Corpus is a high prerogative writ which furnishes a extraordinary remedy to secure the release, by judicial decree, of persons who are restrained of the liberty or kept from the control of persons entitled to their custody.

### §11. Scope of remedy.

The inquiry on a Writ of Habeas corpus in addressed, not to errors committed by a court within its jurisdiction, but to the question whether the proceedings or judgment under which the petitioner is restrained are void[5].

## PRAYER FOR RELIEF

### §4. General purpose and construction of statutes.

…Habeas Corpus laws should perceive a liberal construction, in this regard, if need to be, o0f their technical language used, and **should always be construed in favor of the liberty of the citizen**. (Emphasis added)

---

[4] Chamblee v. Chamblee (KY) 248 SW2d 422; People ex Rel. Sabatino v. Jennings, 246 NY 258, 158 NE 613, 63 ALR 1458; Re Lockhart, 157 Ohio St 192, 47 Ohio Ops 129, 105 NE2d 35.
The fundamental province of a Writ of Habeas Corpus is for the court to determine the soul question of whether the relator is illegally restrained of his liberty against his will. State ex rel. McClure v. Sullivan (Fla) 43 So 2d 438.

[5] Ex Parte Lamar (CJ2) 274 f 160, 24 ALR 864, affd 260 us 711, 67 L ed 476, 43 s Ct 251; Carpentier v. Lainson, 248 Iowa 1275, 84 NW2d 32, 71 ALR2d 1151; Hoskins v. Buchanan, 311 Ky 246, 223 SW2d 904; Douglas v. Hall, 229 SC 550, 93 SE2d 891; Smyth v. Bunch, 202 Va 126, 116 SE2d 33, cert den 364 us 935, 5 L ed 2d 366, 81 S Ct 382.

A discharge from a conviction on collateral attack by Habeas Corpus is a determination that conviction is a nullity. People v. Shook, 67 Ill App 2d 492, 214 NE2d 546, revd on other grounds 35 Ill 2d 597, 221 NE 2d 290.

In Conclusion, I, Paul Kenneth Cromar, the Defendant *in-error*, respectfully moves this court to order summary judgment on defendant's Writ of Habeas corpus and order immediate release of prisoner Paul Kenneth Cromar and do so in the interest of justice.

Presented in honor on this 11th day of December, in the year of our Lord Jesus Christ, anno domini, 2024.

_____
Paul-Kenneth: Cromar

Signed only in correct public capacity as the soul HEIR/Executor to Paul-Kenneth: House of Cromar Estate.

Paul Kenneth Cromar
Davis County Correctional Facility
800 West State Street
Farmington, Utah 84025

Clerk of the Court
U.S. District Court
351 S WEST TEMPLE
SALT LAKE CTY UT 84101-1908

$7.44   US POSTAGE
DEC 11 2024   Mailed from ZIP 84401
5 oz First-Class Mail Flats Rate Zone 1



062S0014949892

**USPS CERTIFIED MAIL**



9407 1112 0621 1396 9246 42

Documents to be filed